1  RICHARD C. EYMANN
   Eymann Allison Fennessy Hunter Jones, P.S.
2  2208 W. Second Avenue
   Spokane, WA 99204
3  (509) 747-0101

4  STEPHEN L. NORDSTROM
   Nordstrom & Nees, P.S.
5  323 S. Pines Road
   Spokane, WA 99206
6  (509) 924-9800

7  Attorneys for Plaintiff

8          **UNITED STATES DISTRICT COURT FOR THE
            EASTERN DISTRICT OF WASHINGTON**
9

10 THOMAS A. WAITE,                          | No.

11                         Plaintiff,        | **COMPLAINT FOR
                                             | DAMAGES FOR
   vs.                                       | PERSONAL INJURIES AND
12                                           | DEMAND FOR JURY
   THE CHURCH OF JESUS CHRIST OF             | TRIAL**
13 LATTER DAY SAINTS d/b/a CORPORATION
   OF THE PRESIDING BISHOP OF THE
14 CHURCH OF JESUS CHRIST OF LATTER
   DAY SAINTS, a Utah corporation, d/b/a
15 CORPORATION OF THE PRESIDENT OF
   THE CHURCH OF JESUS CHRIST OF
16 LATTER DAY SAINTS, a Utah corporation;
   DONALD C. FOSSUM; and STEVEN D.
17 BRODHEAD,

18                        Defendants.

19         COMES NOW the plaintiff, THOMAS A. WAITE, by and through his

20 undersigned attorneys, and alleges as follows:

21                              **I. PARTIES**

22         1.1   Plaintiff Thomas A. Waite was, at all times material hereto, a resident of

23 California, functioning as a full-time missionary on behalf of, and by request of, the

24 Church of Jesus Christ of Latter Day Saints (hereinafter "LDS Church") in Spokane

25 County in the state of Washington.

26

27                                      EYMANN ALLISON FENNESSY HUNTER JONES, P.S.
                                         2208 WEST SECOND AVENUE
   COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES    SPOKANE, WASHINGTON 99204
                                         (509) 747-0101
28 AND DEMAND FOR JURY TRIAL - 1          Fax: (509) 458-5977
   (p-complaint.wpd)

1      1.2    Defendant LDS Church is a corporation headquartered in Salt Lake City,

2    Utah, which operates and does business in Spokane County in the state of Washington.

3      1.3    Defendant Donald C. Fossum (hereinafter "Fossum") was, at all times

4    material hereto, a resident of Utah, functioning as a full-time missionary on behalf of,

5    and by request of, the LDS Church in Spokane County in the state of Washington.

6      1.4    Defendant Steven D. Brodhead (hereinafter "Brodhead") was, at all times

7    material hereto, a resident of the state of Washington.

## II. JURISDICTION AND VENUE

9      2.1    This Court has jurisdiction over the subject matter of this lawsuit pursuant

10    to 28 U.S.C. § 1332 as there is complete diversity between the plaintiff and defendants.

11    This Court has pendent jurisdiction over the state law claims. The amount in

12    controversy exceeds $75,000.00. As the motor vehicle collision which forms the basis

13    of this Complaint occurred in Spokane County in the State of Washington, venue is

14    proper in the Eastern District of Washington pursuant to 28 U.S.C. § 1391.

## III. NATURE OF OCCURRENCE

16      3.1    On or about August 21, 2003, plaintiff Thomas A. Waite was a passenger

17    riding in the bed of a 2003 Dodge canopied pickup truck owned by the LDS Church

18    and operated by defendant Fossum, an agent of defendant LDS Church. Mr. Fossum

19    was traveling northbound on Adams Road when he stopped at the intersection of

20    Adams and 8th Avenue in Spokane Valley, Washington for a stop sign. There were

21    no visual obstructions for observing traffic approaching from the left. As a fast-

22    moving vehicle approached from the left, Mr. Fossum drove the LDS pickup truck

23    into the intersection. The fast-moving vehicle, a 1988 Honda, was eastbound on 8th

24    Avenue and being driven by defendant Brodhead. The Honda plowed into the LDS

25    Church vehicle. Plaintiff was severely and permanently injured in that crash.

EYMANN ALLISON FENNESSY HUNTER JONES, P.S.
2208 West Second Avenue
Spokane, Washington 99204
(509) 747-0101
Fax: (509) 458-5977

## IV.  FIRST CAUSE OF ACTION
### NEGLIGENCE OF DEFENDANT FOSSUM

4.1     The injuries and damages as hereinafter alleged occurred as a proximate result of negligence on the part of defendant Fossum including, but not limited to, the following particulars:

(a)     In failing to exercise due care as required by RCW 46.61.445;

(b)     In failing to keep a proper lookout for traffic; and

(c)     In failing to yield the right of way as required by RCW 46.61.190.

## V.  SECOND CAUSE OF ACTION
### NEGLIGENCE OF DEFENDANT BRODHEAD

5.1     Plaintiff hereby realleges and incorporates each and every allegation as set forth in paragraphs 1.1 through 4.1 herein.

5.2     The injuries and damages as hereinafter alleged occurred as a proximate result of negligence on the part of defendant Brodhead including, but not limited to, the following particulars:

(a)     In failing to exercise due care as required by RCW 46.61.445;

(b)     In failing to keep a proper lookout for traffic;

(c)     In failing to yield the right of way as required by RCW 46.61.190; and

(d)     In traveling at an unreasonable and excessive rate of speed.

## VI.  THIRD CAUSE OF ACTION
### NEGLIGENCE OF DEFENDANT LDS CHURCH

6.1     Plaintiff hereby realleges and incorporates each and every allegation as set forth in paragraphs 1.1 through 5.2 herein.

6.2     The injuries and damages as hereinafter alleged occurred as a proximate result of negligence on the part of defendant LDS Church including, but not limited to, the following particulars:

EYMANN ALLISON FENNESSY HUNTER JONES, P.S.
2208 West Second Avenue
Spokane, Washington 99204
(509) 747-0101
Fax: (509) 458-5977

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES
AND DEMAND FOR JURY TRIAL - 3
(p-complaint.wpd)

    (a)    The LDS Church knew or should have known that allowing missionaries to ride unrestrained in the bed of the canopied pickup truck greatly increased the likelihood of injury in the event of any collision;

    (b)    In failing to exercise reasonable care to protect its missionaries, including plaintiff Thomas Waite, by providing adequate transportation;

    (c)    In failing to have a policy in place prohibiting missionaries from riding in beds of pickups or for having a policy which created the inference that such conduct was acceptable;

    (d)    For failure to exercise reasonable care in the training of its driver missionaries;

    (e)    In failing to exercise reasonable care in the entrustment of the pickup to defendant Fossum; and

    (f)    The LDS Church is vicariously liable under the doctrine of *respondeat superior* for all actions of defendant Fossum as alleged herein.

## VII.  FOURTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY

7.1    Plaintiff hereby realleges and incorporates each and every allegation as set forth in paragraphs 1.1 through 6.2 herein.

7.2    At the time of the motor vehicle collision, a "special relationship" existed between the missionaries riding in the canopied pickup truck and the LDS Church. Each of the missionaries had been asked by the LDS Church to leave his state of residence and move to the state of Washington for two years.

EYMANN ALLISON FENNESSY HUNTER JONES, P.S.
2208 West Second Avenue
Spokane, Washington 99204
(509) 747-0101
Fax: (509) 458-5977

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES
AND DEMAND FOR JURY TRIAL - 4
(p-complaint.wpd)

7.3     While in the state of Washington, the missionaries were required to devote all of their time to missionary work and were not allowed to seek employment, nor accept monetary compensation.  Each missionary was monetarily dependent on the LDS Church for all of his basic needs including, but not necessarily limited to, medical care, housing, food and transportation.  Because of this vulnerability, a "special relationship" existed between plaintiff Thomas Waite and the LDS Church, giving rise to several duties owed to Mr. Waite by the LDS Church.

7.4     Each missionary was expected to dutifully follow specific rules and accept direction from the LDS Church 24 hours a day.  As a result of these expectations, plaintiff Thomas Waite could not and did not question riding in the bed of the canopied pickup truck.

7.5     As a result of the negligent failure of defendant LDS Church to adequately supervise, train and otherwise protect plaintiff Thomas Waite, he suffered injuries and damages arising from this motor vehicle collision.  Thomas Waite has incurred medical expenses to the date of this Complaint in excess of $200,000.00.

7.6     The breach of duty complained of herein has caused and continues to cause additional difficulties for plaintiff Thomas Waite in his religious and personal life.

## VIII.  INJURIES AND DAMAGES

8.1     As a direct and proximate result of each defendant's negligence, plaintiff Thomas Waite sustained injury including, but not limited to, physical and emotional injury, past and future pain and suffering, loss of enjoyment of life, disfigurement, economic loss in the form of past and future medical bills and associated expenses, past and future wage loss, lost earning capacity and permanent partial disability, all in amounts to be proven at trial.

EYMANN ALLISON FENNESSY HUNTER JONES, P.S.
2208 WEST SECOND AVENUE
SPOKANE, WASHINGTON 99204
(509) 747-0101
FAX: (509) 458-5977

## IX.  LIMITED PHYSICIAN-PATIENT WAIVER

9.1    Plaintiff hereby waives the physician-patient privilege ONLY to the extent required by RCW 5.60.060, as limited by the plaintiff's constitutional rights of privacy, and the ethical obligation of physicians and attorneys not to engage in *ex parte* contact between a treating physician and the patient's legal adversaries.

## X.  JURY DEMAND

10.1    A jury trial is requested.

## PRAYER

WHEREFORE plaintiff prays for judgment against the defendants, and each of them, for both general and special damages, as follows:

1.    For plaintiff's special and general damages, all in amounts to be proven at trial;

2.    For plaintiff's loss of future wages and lost earning capacity, all in amounts to be proven at trial;

3.    For prejudgment interest;

4.    For plaintiff's costs and disbursements incurred herein;

5.    For reasonable attorneys' fees; and

9.    For such other and further relief as the Court may deem just and equitable.

DATED this ___9th___ day of December, 2005.

EYMANN ALLISON FENNESSY
HUNTER JONES, P.S.

BY_____
RICHARD C. EYMANN, WSBA #7470
Co-counsel for Plaintiff

NORDSTROM & NEES, P.S.

BY_____
STEPHEN L. NORDSTROM, WSBA #11267
Co-counsel for Plaintiff

EYMANN ALLISON FENNESSY HUNTER JONES, P.S.
2208 West Second Avenue
Spokane, Washington 99204
(509) 747-0101
Fax: (509) 458-5977