RICHARD C. EYMANN
Eymann Allison Fennessy Hunter Jones, P.S.
2208 W. Second Avenue
Spokane, WA 99204
(509) 747-0101

STEPHEN L. NORDSTROM
Nordstrom & Nees, P.S.
323 S. Pines Road
Spokane, WA 99206
(509) 924-9800

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS A. WAITE,<br><br>                                  Plaintiff,<br>vs.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS d/b/a CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation, d/b/a CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation; DONALD C. FOSSUM; and STEVEN D. BRODHEAD,<br><br>                                Defendants. | No. CV-05-399-EFS<br><br>**JOINT STATUS CERTIFICATE AND DISCOVERY PLAN** |

## I. JOINT STATUS CERTIFICATE

The parties make the following joint status certificate:

(a)     The parties agree that service of process is complete.

(b)     The parties agree that there do not appear to be any issues with regard to jurisdiction and venue within the Eastern District of Washington.

JOINT STATUS CERTIFICATE AND DISCOVERY PLAN-1
(joint status certificate.wpd)

EYMANN ALLISON FENNESSY HUNTER JONES, P.S.
2208 WEST SECOND AVENUE
SPOKANE, WASHINGTON 99204
(509) 747-0101
FAX: (509) 458-5977

Dockets.Justia.com

(c) The parties anticipate summary judgment motions on liability issues at some point in the future. A summary judgment motion regarding the alleged fiduciary duty of defendant LDS Church is anticipated before the end of 2006.

(d) See Rule 26(f) certificate herein.

(e) The discovery cut-off date should be thirty (30) days before trial. A trial date in September, 2007 is requested. The parties suggest a pre-trial conference thirty (30) days before trial. The anticipated length of trial is thirteen (13) days.

(f) At this time, no special procedures appear to be necessary.

(g) At this time, no modification of the standard pretrial procedures appears to be necessary.

(h) The parties do not anticipate, at this time, that bifurcation will be necessary.

(I) The parties have not consented to this matter being tried by a U.S. Magistrate.

(j) It is too early to determine settlement prospects, but the parties remain open to settlement.

(k) There are no other matters which need to be discussed at this time.

(l) Defendant LDS Church has filed its Non-Governmental Corporate Disclosure Statement Pursuant to Fed.R.Civ.P. 7.1. All parties recognize that there is an on-going responsibility to supplement this information.

## II. RULE 26(f) STATEMENT AND DISCOVERY PLAN

(a) The parties suggest that initial disclosures as required by Rule 26(a)(1) be made by all parties on or before August 1, 2006. With regard to pretrial disclosures as required by Rule 26(a)(3), the parties suggest that such disclosures be made in accordance and within the time required under the rule.

JOINT STATUS CERTIFICATE AND DISCOVERY PLAN-2
(joint status certificate.wpd)

EYMANN ALLISON FENNESSY HUNTER JONES, P.S.
2208 WEST SECOND AVENUE
SPOKANE, WASHINGTON 99204
(509) 747-0101
FAX: (509) 458-5977

(b)  The parties agree that discovery will be needed on both liability and damages issues. The parties suggest that a discovery deadline or cutoff of thirty (30) days before trial be set. There is no necessity that discovery be conducted in phases or be limited to or focused upon particular issues. It is anticipated that several fact witnesses will be deposed concerning both liability and damages issues as well as the depositions of plaintiff and defendants Donald Fossum and Steven Brodhead, plaintiff's treating physicians, the parties' lay and expert witnesses and representatives of defendant LDS Church. It is anticipated that, due to the complexity of the claims, the parties will stipulate to a reasonable increase in the number of depositions allowed under LR 30.1(a).

(c)  The parties agree that the expert disclosure requirements as set forth in Rule 26(a)(2) will be applicable in this case with the agreed stipulation that experts' opinions will include not only their Fed.R.Civ.P. 26(a) reports but also their deposition testimony and any supplemental reports submitted. The parties further agree that disclosure of experts should be accomplished by way of identifying name, address, area of expertise, and by providing copies of their Curriculum Vitae and expert reports on the dates set forth below. The parties believe that through the use of depositions, interrogatories and requests for production, discovery in this matter can be accomplished in an expeditious and efficient matter. The parties, at this time, do not anticipate the need for other limitations or changes regarding the applicable discovery rules.

(d)  The parties propose the following plan and schedule of discovery:

1.  Plaintiffs' disclosure of expert witnesses:     September 5, 2006
2.  Defendant's disclosure of expert witnesses:   November 6, 2006
3.  Disclosure of rebuttal experts:                        January 5, 2007

JOINT STATUS CERTIFICATE AND DISCOVERY PLAN-3
(joint status certificate.wpd)

|  |  |  |
|---|---|---|
| 4. | Final disclosure of lay witnesses: | June 1, 2007 |

5. All discovery shall be completed thirty (30) days before trial.

6. Pretrial conference: 30 days before trial.

7. Trial briefs due two (2) weeks before trial.

8. Proposed Jury Instructions and Voir Dire due two (2) weeks before trial.

9. Trial is requested for thirteen (13) days. The parties are all available for trial in September, 2007. The parties would like to discuss this further with the Court at the status conference.

(e) No other order on discovery is proposed at this time.

(f) Counsel for the parties have conferred in a reasonable effort to reach agreement on the above matters. It is anticipated there will be no difficulty at this time in exchanging tangible and/or documentary evidence that is not privileged or work product. The parties have agreed to identify all documents or other tangible evidence for which there is a claim that is protected by privilege and/or work product. Thereafter, counsel have agreed to confer on each item prior to any motion to produce.

### III. BRIEF DESCRIPTION OF CLAIMS AND DEFENSES

(a) Plaintiff's Claims:

This matter involves an automobile collision which plaintiff Thomas Waite alleges was caused by the negligence and/or breach of fiduciary duties of defendants. Plaintiff Thomas Waite sustained serious and permanent injuries when the pick-up truck driven by defendant Fossum that he was riding in was broadsided by defendant Brodhead. Plaintiff's claims against defendants include negligence, breach of fiduciary duty and breach of special relationship.

JOINT STATUS CERTIFICATE AND DISCOVERY PLAN-4
(joint status certificate.wpd)

EYMANN ALLISON FENNESSY HUNTER JONES, P.S.
2208 WEST SECOND AVENUE
SPOKANE, WASHINGTON 99204
(509) 747-0101
FAX: (509) 458-5977

(b) Defendant LDS Church's and Donald C. Fossum's Defenses:

Defendants LDS Church and Donald C. Fossum deny any negligence. Defendant Fossum came to a complete stop at the subject intersection and was legally proceeding through the intersection when struck broadside by defendant Brodhead. Defendants further claim Mr. Waite was comparatively negligent for choosing to ride in the back of the truck driven by defendant Fossum. Last, defendant LDS Church concedes a special relationship between itself and Mr. Waite, but denies that the relationship results in any fiduciary duties.

(c) Defendant Steven Brodhead's Defenses:

Defendant Steven C. Brodhead has denied negligence pending further discovery. Defendant Brodhead has admitted that plaintiff was seriously injured in the accident, but is not aware of the severity or permanence of the injuries. Defendant Brodhead has asserted that plaintiff was comparatively negligent by knowingly becoming an unrestrained passenger in the cargo portion of a pickup truck. Further, defendant Brodhead asserts that plaintiff's injuries and damages are the proximate result of actions of other persons or entities to be established during the course of discovery.

DATED this 1st day of June, 2006.

EYMANN ALLISON FENNESSY HUNTER JONES, PS

BY  s/Richard C. Eymann
RICHARD C. EYMANN, WSBA #7470
Co-Counsel for Plaintiff

JOINT STATUS CERTIFICATE AND DISCOVERY PLAN-5
(joint status certificate.wpd)

1 | NORDSTROM & NEES, P.S.

2

3 | BY  *Telephonically approved 6/01/06*
STEPHEN L. NORDSTROM, WSBA #11267
Co-counsel for Plaintiff

4

5 | WITHERSPOON KELLEY DAVENPORT & TOOLE

6

7 | BY  *Telephonically approved 6/01/06*
BRIAN T. REKOFKE, WSBA #13260
Attorney for Defendants LDS Church
and Donald C. Fossum

8

9

10 | PAINE HAMBLEN COFFIN BROOKE & MILLER

11 | BY  *Telephonically approved 6/01/06*
ANDREW C. SMYTHE, WSBA #7948
Attorney for Defendant Steven D. Brodhead

12

13–28

JOINT STATUS CERTIFICATE AND DISCOVERY PLAN-6
(joint status certificate.wpd)