UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS WAITE,<br><br>          Plaintiff,<br><br>  v.<br><br>CHURCH OF JESUS CHRIST,<br>LATTERDAY SAINTS, et al.,<br><br>          Defendants. | NO. CV-05-399-EFS<br><br>**SCHEDULING ORDER** |

A telephonic status conference was held in the above-entitled matter on August 22, 2006. Richard Eymann and Stephen Nordstrom appeared on behalf of Plaintiff. Brian Rekofke and Andrew Smythe appeared on behalf of Defendants. A Joint Status Certificate (Ct. Rec. 6) was filed by the parties. The Court having reviewed the documents in the file and discussed the adoption of a scheduling order with counsel, now enters the following Scheduling Order. The dates set forth in this Order may be amended **only** by Order of the Court and upon a showing of good cause.

**IT IS ORDERED:**

1. Parties shall exchange Federal Rule of Civil Procedure 26(a)(1) material no later than **September 22, 2006.**

2. Rule 26(a)(2) Expert Identification and Reports - Parties are warned that failure to timely identify experts and provide reports in

SCHEDULING ORDER ~ 1

accordance with Rule 26 and this scheduling order may result in exclusion of such testimony absent good reason. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005).

    a. Plaintiff shall identify his experts, serve those experts' Rule 26(a)(2) reports on Defendants, and file the Rule 26(a)(2) reports with the Court no later than **November 5, 2006**. Plaintiff shall also provide dates for which those experts can be available for deposition.

    b. Defendants shall identify their experts, serve those experts' Rule 26(a)(2) reports on Plaintiff, and file the Rule 26(a)(2) reports with the Court no later than **January 6, 2006**. Defendants shall also provide dates for which those experts can be available for deposition.

    c. Plaintiff shall identify his rebuttal experts, serve those experts' Rule 26(a)(2) reports on Defendants, and file the Rule 26(a)(2) reports with the Court no later than **February 27, 2006**. Plaintiff shall also provide dates for which those experts can be available for deposition.

3. All discovery, including depositions and perpetuation depositions, shall be completed by **May 11, 2007** ("Discovery Cutoff"). All interrogatories, requests for production, and requests for admission shall be served on the opposing party no later than 70 days prior to the Discovery Cutoff. All motions for protective orders must be filed and served no later than 40 days prior to the Discovery Cutoff. All motions to compel discovery must be filed and served no later than 30 days prior to the Discovery Cutoff.

1  4.  **THE PARTIES SHALL FILE NO DISCOVERY EXCEPT THOSE PORTIONS**
2  **NECESSARY TO SUPPORT MOTIONS OR OBJECTIONS.**
3  5. All dispositive and *Daubert* motions shall be **FILED AND SERVED** on
4  or before **May 25, 2007.** Responses to dispositive and *Daubert* motions
5  shall be filed and served within 21 days after service of the motion.
6  The reply of the moving party shall be filed and served 5 days, excluding
7  federal holidays and weekends, after service of the opposing party's
8  response.   The parties shall also file a Joint Statement of
9  Uncontroverted Facts no later than 3 days (excluding federal holidays and
10 weekends) after service of the reply, with a courtesy copy e-mailed to
11 "Sheaorders@waed.uscourts.gov" in WordPerfect or text-only format.
12  No supplemental responses or supplemental replies to any dispositive
13 or *Daubert* motion may be filed unless the Court grants a motion to file
14 such documents.  Contrary to the Local Rules, dispositive and *Daubert*
15 motions shall be noted for hearing at least **45 days** after the date of
16 filing.  The parties will receive only one hearing date per month for
17 dispositive motions of up to five issues per party.
18  6. When a party relies on deposition testimony to support a
19 position it takes in support or opposition to an issue, that party
20 shall provide the Court with only the pertinent excerpts of the
21 deposition testimony relied upon and shall cite to page and line
22 numbers of the deposition it believes supports its position.  See
23 generally LR 56.1(e).  Submission of the entire deposition and/or
24 failure to cite to specific portions of the deposition may result in
25 the submission being stricken from the record. See Orr v. Bank of
26 America, 285 F.3d 764, 774-75 (9th Cir. 2002).  In addition, when a

SCHEDULING ORDER ~ 3

party references a document previously filed with or by the Court, that party shall cite to the document by the record number given to the document by the Clerk of the Court, e.g. (Ct. Rec. 43). Furthermore, because the Court is able to easily review previously filed court records, no such documents shall be attached as exhibits to any filing.

7. Although Motions to Reconsider are disfavored, any Motion to Reconsider shall be filed no later than 10 days after the filing date of the Order which is the subject of the motion, and shall be noted for hearing **without oral argument**. No responses or replies to Motions to Reconsider shall be filed, unless the Court expressly requests responses or replies. Counsel shall follow CR 7(h) of the United States District Court **Western District of Washington** local rules. **Motions to Reconsider shall not exceed five pages**.

8. Parties are to comply with Local Rule 7.1(h) when noting motions for hearing, except as modified by this Court for dispositive and *Daubert* motions as set out above. If oral argument is necessary, counsel shall contact the Courtroom Deputy at 509-376-7262 to obtain a hearing date and time.

If there is need to have a motion heard on an expedited basis, the party must file a Motion for Expedited Hearing and an accompanying memorandum establishing need for an expedited hearing. The Motion for Expedited Hearing shall be noted for hearing, without oral argument, no sooner than two days after the filing date of the motion, absent good cause shown.

SCHEDULING ORDER ~ 4

1    9.  Witness/Exhibit lists shall be filed and served and exhibits
2 made available for inspection or copies provided to the parties on or
3 before **July 13, 2007.**  For each witness, the witness list shall
4 include a brief description of the witness, a brief summary of the
5 witness' anticipated testimony, whether the witness will be called as
6 an expert, and any known trial date/time conflicts that witness has.
7 For each exhibit, the exhibit list shall include a brief description
8 of the exhibit.  Additionally, all exhibits shall be pre-marked;
9 Plaintiffs' exhibits are to be numbered 1-499; Defendant's exhibits
10 shall be numbered 500-999.

11    Objections to witnesses/exhibits shall be filed and served on or
12 before **July 20, 2007,** AND SHALL BE HEARD AT THE PRETRIAL CONFERENCE.
13 All objections to witnesses shall set forth a legal basis and
14 explanation for the objection.  Objections to an exhibit or the
15 portion to which there are objections, shall be accompanied by a full
16 and complete copy of the exhibit in question and set forth a short
17 legal basis and explanation for the objection.  The party seeking the
18 admission of the witness or exhibit has five days, excluding federal
19 holidays and weekends, to file a response to the opposing party's
20 objection; no reply is to be filed.

21    10.  Designation of substantive, as opposed to impeachment,
22 deposition or prior testimony to be used at trial shall be highlighted
23 in yellow by Plaintiff or in blue by Defendant in a complete
24 transcript of the deposition or prior testimony and served on or
25 before **July 13, 2007.**  Cross-designations shall be highlighted in
26 yellow by Plaintiff or in blue by Defendant in the transcript

SCHEDULING ORDER ~ 5

containing the opposing party's initial designations and shall be served on or before **July 27, 2007.**

All objections to designated deposition or prior testimony and the legal bases for the objections, shall be filed and served on or before **August 3, 2007.** Any designated deposition or prior testimony objected to shall be underlined in black in a complete yellow/blue highlighted copy of the deposition/prior testimony transcript described above. A paper copy of the underlined document shall be filed and served with the objections. The party seeking admission of the testimony has 5 days, excluding federal holidays and weekends, to file a response; no reply is to be filed. If the deposition was videotaped, and the videotape is to be used at trial, the party seeking to use the videotaped deposition shall indicate the relevant portion on both the written transcript and the videotape. Similarly, objections shall be made on the written transcript as explained above along with the applicable time stamp on the video tape noted. All objections to deposition and prior testimony designations shall be heard and resolved at the pretrial conference.

11. All unresolved substantive or evidentiary issues that may forseeably arise during trial shall be addressed by MOTIONS IN LIMINE to be filed and served on or before **July 20, 2007.** Such motions will be addressed and resolved at the pretrial conference.

12. An **in person** pretrial conference will be held at **10:00 a.m. on August 28, 2007,** in Richland, Washington.

13. A JOINT PROPOSED PRETRIAL ORDER prepared in accordance with Local Rule 16.1(b) shall be filed on or before **August 20, 2007.**

Counsel is instructed to e-mail the Pretrial Order, in WordPerfect or text only format, to "Sheaorders@waed.uscourts.gov".

14. The list of exhibits contained in the Joint Proposed Pretrial Order shall reflect the exhibit marking scheme described above. In preparing the Joint Proposed Pretrial Order, the parties shall confer regarding duplicative exhibits and determine which party will submit such exhibits for trial. Counsel shall prepare and file a list of all exhibits which will be admitted without objection no later than **September 7, 2007.**

15. In accordance with Local Rule 83.1(g), each party shall bring to trial, the pretrial conference, and any other hearing on the merits, photocopies of their relevant pre-marked exhibits for the Court, opposing counsel, and testifying witness, unless it is not possible to do so because of the nature of an exhibit. Photocopies for these different individuals are to be organized into separate binders by exhibit number.

16. Trial briefs, requested voir dire, and joint proposed jury instructions shall be filed and served on or before **September 7, 2007.**

The parties' joint proposed jury instructions shall be presented in the following format: (1) "Table of Contents" shall list the proposed instructions by number, brief title/subject-matter, and authority, *i.e.* Ninth Circuit Model Instruction No. ___, statute citation, or case citation; (2) "Section I: Preliminary Instructions" shall include the language of all instructions the parties would like the Court to provide prior to opening statements, including a "statement of the case" and "undisputed facts" instructions. One

instruction per page if possible, with citation to the authority for the instruction; (3) "Section II: Final Instructions" shall include the language for all instructions the parties would like the Court to provide prior to closing arguments. One instruction per page if possible, with citation to the authority for the instruction; and (4) "Section III: Verdict Form" shall include a proposed verdict form.

The Final Instructions section shall, at a minimum, include instructions regarding the elements of each claim or defense, the relief sought, and otherwise comply with Local Rule 51.1(c). If the parties are unable to agree on certain instructions, they are to submit individually proposed jury instructions no later than the date the joint proposed instructions are due. All individually submitted proposed jury instructions must adhere to the format described above for joint proposed instructions and not include instructions the parties are in agreement on.

Counsel are instructed to e-mail courtesy copies of their joint and individually proposed jury instructions, in WordPerfect or text only format, to "Sheaorders@waed.uscourts.gov".

Any objections to the opposing party's individually submitted proposed instructions must be filed no later than 5 days, excluding federal holidays and weekends, after the individual proposed instructions were filed. All objections shall set forth the basis for the objection and briefly explain why the instruction in question should not be used or should be altered.

17. Any time-sensitive materials should be faxed to Chambers at 509-372-3051.

SCHEDULING ORDER ~ 8

1    18.  The estimated 2 week jury trial shall commence at **9:00 a.m.**
2 on **September 17, 2007,** in **Spokane,** Washington.  **Counsel shall meet**
3 **with the Court in Chambers at 8:30 a.m. on the day of trial.**
4    IT IS SO ORDERED.  The District Court Executive is hereby
5 directed to enter this Order and to furnish copies to counsel.
6    **DATED** this ___22nd___ day of **August, 2006.**

8                              S/ Edward F. Shea
                               EDWARD F. SHEA
9                       United States District Judge

12 Q:\Secty\CIVIL\2005\05cv399efs sched ord.wpd

SCHEDULING ORDER ~ 9