STEPHEN L. NORDSTROM
Nordstrom & Nees, P.S.
323 South Pines Road
Spokane, WA 99206
(509) 924-9800

RICHARD C. EYMANN
Eymann Allison Hunter & Jones, P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
(509) 747-0101

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS A. WAITE,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS d/b/a CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation, d/b/a CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation; DONALD C. FOSSUM; and STEVEN D. BRODHEAD,<br><br>Defendants. | No. CV-05-399-EFS<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE EXPERT DISCLOSURE DATES FOR NEUROPSYCHOLOGY OPINIONS** |

On Tuesday, January 16, 2007, defendants filed a motion requesting an expedited hearing on their Motion to Continue Expert Disclosure Dates for Neuropsychology Opinions, requesting that this Court enter an Order requiring plaintiff Thomas A. Waite to attend a neuropsychological examination in Seattle on February 7-8, 2007. Plaintiff objects to this untimely defense examination as good

MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO CONTINUE EXPERT DISCLOSURE
DATES FOR NEUROPSYCHOLOGY OPINIONS - 1
(mem in opp to def motion to continue expert disclosure dates.wpd)

**NORDSTROM & NEES, P.S.**

323 SOUTH PINES ROAD • SPOKANE, WA 99206
TELEPHONE: (509) 924-9800 • FAX: (509) 924-9923

cause does not exist for defendants' request for this examination by Frederick Wise, Ph.D. in Seattle, Washington, and requests this Court deny defendants' Motion to Continue Expert Disclosure Dates for Neuropsychology Opinions.

## I. STATEMENT OF FACTS

On January 8, 2003, plaintiff Thomas A. Waite began serving a full-time two year mission for the Church of Jesus Christ of Latter Day Saints (Mormon Church). Residing in Fullerton, California, he had been called to serve in the Washington Spokane Mission. On August 21, 2003, Mr. Waite and five other LDS missionaries were riding in a 2003 Dodge Dakota extended cab pickup, owned by the Mormon Church. The pickup had seatbelts and seats for four passengers within the cab. Two of the missionaries, including Mr. Waite, rode in the bed of the pickup where there were no seatbelts. Defendant Donald C. Fossum, an LDS Church missionary at the time, was the driver of the pickup. At the intersection of Adams Road and 8th Avenue in the Spokane Valley, Mr. Fossum slowed the pickup to a stop on the south side of the four-way stop. Mr. Fossum then proceeded into the intersection before looking and seeing a 1988 Honda Accord traveling at a high rate of speed East on 8th Avenue towards Adams Road. The Honda, which was being driven by defendant Stephen D. Brodhead, smashed into the side of the pickup, and Mr. Waite was ejected from the bed of the pickup, sustaining a severe traumatic brain injury.

## II. LAW AND ARGUMENT

Fed.R.Civ.P. 35 provides as follows:

> **Rule 35. Physical and Mental Examination of Persons.**
> **(a) Order for Examination.** When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending <u>may</u> order the party to submit to <u>a physical or mental examination</u> by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal

MOTION TO CONTINUE EXPERT DISCLOSURE
DATES FOR NEUROPSYCHOLOGY OPINIONS - 2
(mem in opp to def motion to continue expert disclosure dates.wpd)

**NORDSTROM & NEES, P.S.**

323 SOUTH PINES ROAD • SPOKANE, WA 99206
TELEPHONE: (509) 924-9800 • FAX: (509) 924-9923

control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. (Emphasis added)

Plaintiff agrees that discovery rules are to be given broad and liberal treatment so as to avoid trial by ambush. Nonetheless, it is not an abuse of discretion for the trial judge to refuse such a request for examination, either physical or mental. *Tietjen v. Department of Labor and Industries*, 13 Wn. App. 86, 584 P.2d 151 (1975). Further, "good cause" is not a mere formality but must be affirmatively satisfied by the movant in order to request the trial judge to exercise his or her discretion by ordering such an exam. *Matter of Welfare Green*, 14 Wn. App. 939, 546 P.2d 1230 (1976). As the court indicated in *Schlagenhauf v. Holder*, 39 U.S. 104, 118, 85 S. Ct. 234, 13 L.Ed.2d 152 (1964), the "good cause" requirement is unique to this discovery rule. In that case, the Supreme Court opined:

> They are not met by mere conclusory allegations of the pleadings – nor by mere relevance to the case – but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.

Defendants requested and obtained a neuropsychological evaluation of Thomas Waite prior to the commencement of this litigation. Indeed, Mr. Waite was asked by defendant LDS Church and agreed to be seen at St. Luke's Rehabilitation Institute for a neuropsychological evaluation on December 6, 2004. A Report of Neuropsychological Evaluation was prepared by Angelique G. Tindall, Ph.D., clinical psychologist. Declaration of Stephen L. Nordstrom, Exhibit "A". Good cause does not exist as required by Fed.R.Civ.P. 35 for a second such examination.

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE EXPERT DISCLOSURE DATES FOR NEUROPSYCHOLOGY OPINIONS - 3
(mem in opp to def motion to continue expert disclosure dates.wpd)

**NORDSTROM & NEES, P.S.**

323 SOUTH PINES ROAD • SPOKANE, WA 99206
TELEPHONE: (509) 924-9800 • FAX: (509) 924-9923

As the Court is well aware, there is a known element of improvement on neuropsychological scores with second and third exposures to neuropsychological test batteries. Mr. Waite has already undergone two such batteries. Absent some evidence that defendants' experts would be unable to reach an opinion and/or testify regarding plaintiff Mr. Waite's injuries without such exam, plaintiff resists the idea that Mr. Waite should be forced to travel from Fullerton, California to Seattle, Washington for a two-day defense evaluation. If, however, the Court is inclined to accommodate the defendants' request, plaintiff would ask that Dr. Wise arrange for testing in Fullerton due to plaintiff's schooling and his family's schedule.

Mr. Waite should not be forced to complete multiple neuropsychological evaluations, which the defense hopes to use against him without acknowledging his traumatic brain injury. The information sought by the defense expert is available in Mr. Waite's complete medical file, copies of which have been provided. Additionally, plaintiff will request that his expert, William Burkhart, Ph.D. provide a copy of his raw data and testing to Dr. Wise if the Court deems a "paper review" is warranted.

In addition, there has been no allegation that the defense's expert, Dr. Wise, lacks sufficient information to form opinions or that he believes that an examination of Mr. Waite will impact his current opinion in any way. For this reason as well, there has been no showing of good cause as required by the rule.

### III. CONCLUSION

For the reasons stated above, plaintiff respectfully requests this Court deny Defendants' Motion to Continue Expert Disclosure Dates for Neuropsychological Opinions. If an examination is to be permitted, plaintiff requests that any such exam take place in Fullerton, California due to Mr. Waite's schooling and his family's schedule.

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE EXPERT DISCLOSURE DATES FOR NEUROPSYCHOLOGY OPINIONS - 4
(mem in opp to def motion to continue expert disclosure dates.wpd)

NORDSTROM & NEES, P.S.

323 SOUTH PINES ROAD • SPOKANE, WA 99206
TELEPHONE: (509) 924-9800 • FAX: (509) 924-9923

RESPECTFULLY SUBMITTED this 18th day of January, 2007.

                          NORDSTROM & NEES, P.S.

                          By:     s/Stephen L. Nordstrom
                              STEPHEN L. NORDSTROM, WSBA #11267
                              Co-Counsel for Plaintiff

MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO CONTINUE EXPERT DISCLOSURE
DATES FOR NEUROPSYCHOLOGY OPINIONS - 5
(mem in opp to def motion to continue expert disclosure dates.wpd)

**NORDSTROM & NEES, P.S.**

323 SOUTH PINES ROAD • SPOKANE, WA 99206
TELEPHONE: (509) 924-9800 • FAX: (509) 924-9923

**CERTIFICATE OF SERVICE**

I, STEPHEN L. NORDSTROM, hereby certify that on the 18th day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following participants:

Brian T. Rekofke
Witherspoon Kelley Davenport & Toole
1100 U.S. Bank Building
422 W. Riverside Avenue
Spokane, WA 99201

Andrew C. Smythe
Paine Hamblen Coffin Brooke & Miller
717 W. Sprague Avenue, Suite 1200
Spokane, WA 99201

                          s/Stephen L. Nordstrom
                    **STEPHEN L. NORDSTROM**

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE EXPERT DISCLOSURE DATES FOR NEUROPSYCHOLOGY OPINIONS - 6
(mem in opp to def motion to continue expert disclosure dates.wpd)

**NORDSTROM & NEES, P.S.**
323 SOUTH PINES ROAD • SPOKANE, WA 99206
TELEPHONE: (509) 924-9800 • FAX: (509) 924-9923