RICHARD C. EYMANN
Eymann Allison Hunter & Jones, P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
(509) 747-0101

STEPHEN L. NORDSTROM
Nordstrom & Nees, P.S.
323 South Pines Road
Spokane, WA 99206
(509) 924-9800

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS A. WAITE,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS d/b/a CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation, d/b/a CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation; DONALD C. FOSSUM; and STEVEN D. BRODHEAD,<br><br>Defendants. | No. CV-05-399-EFS<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES** |

## I. NATURE OF THE CASE

This is an action for personal injury. Defendants contend that plaintiff assumed the risk of injury and that he failed to follow church policy and rules regarding riding in an unsecured vehicle. These contentions are without legal foundation and the Court should grant Plaintiff's Motion for Partial Summary Judgment re: Affirmative Defenses.

MEMORANDUM IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE:
AFFIRMATIVE DEFENSES - 1
(mem in sup of psj motion re affirmative defenses.wpd)

**EYMANN ALLISON HUNTER JONES P.S.**

2208 WEST SECOND AVENUE• SPOKANE, WA 99201-5417
TELEPHONE: (509) 747-0101 • FAX: (509) 458-5977

Dockets.Justia.com

## II. FACTS

On January 8, 2003, plaintiff Thomas A. Waite began serving a full-time two year mission for the Church of Jesus Christ of Latter Day Saints (Mormon Church). Residing in Fullerton, California, he had been called to serve in the Washington Spokane Mission. Upon arrival in Spokane, he, like other missionaries, was required to sign a "Driving Contract," which in part required that a missionary wear a seatbelt whenever riding in a moving vehicle. On August 21, 2003, Mr. Waite and five other LDS missionaries were riding in a 2003 Dodge Dakota extended cab pickup, owned by the Mormon Church. The pickup had seatbelts and seats for four passengers within the cab. Two of the missionaries, including Mr. Waite, rode in the bed of the pickup where there were no seatbelts. Defendant Donald C. Fossum, an LDS Church missionary at the time, was the driver of the pickup. At the intersection of Adams Road and 8th Avenue in the Spokane Valley, Mr. Fossum slowed the pickup to a stop on the south side of the four-way stop. Mr. Fossum then proceeded into the intersection before looking and seeing a 1988 Honda Accord traveling at a high rate of speed East on 8th Avenue towards Adams Road. The Honda, which was being driven by defendant Stephen D. Brodhead, smashed into the side of the pickup, and Mr. Waite was ejected from the bed of the pickup, sustaining a severe traumatic brain injury.

## III. ARGUMENT

**A.   The Fact That Thomas A. Waite Was Not Wearing a Seatbelt at the Time of the Collision Cannot Be a Defense.**

Although the Washington Legislature chose to encourage the use of safety belts by enacting the mandatory safety belt statute, it also chose to limit the ramifications of failure to comply with that statute. RCW 46.61.688 requires that every person

MEMORANDUM IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE:
AFFIRMATIVE DEFENSES - 2
(mem in sup of psj motion re affirmative defenses.wpd)

**EYMANN ALLISON HUNTER JONES P.S.**

2208 WEST SECOND AVENUE• SPOKANE, WA 99201-5417
TELEPHONE: (509) 747-0101 • FAX: (509) 458-5977

over the age of 16 who operates or rides in a motor vehicle wear a safety belt. However, failure to use a seatbelt may not be used as evidence of negligence in a civil action.

> (6) Failure to comply with the requirements of this section does not constitute negligence, nor may failure to wear a safety belt assembly be admissible as evidence of negligence in any civil action.

This limitation codified prior case law that refused to admit evidence of a party's failure to use a seatbelt as the basis for a claim of negligence. *Amend v. Bell,* 89 Wn.2d 124, 132-33, 570 P.2d 138 (1977); *Derheim v. N. Fiorito Co.,* 80 Wn.2d 161, 492 P.2d 1030 (1972). Moreover, the limitation has been held to preclude evidence that a party was contributorily negligence or that the party assumed the risk of injury. *Clark v. Payne,* 61 Wash. App. 189, 193, 810 P.2d 931 (1991), reviewed denied, 117 Wn.2d 1022 (1991).

In the present matter, Washington law precludes defendants from presenting any evidence that Mr. Waite was not wearing a seatbelt, as well as precluding any argument that failure to wear a seatbelt is evidence of negligence, contributory fault or assumption of risk. Hence, a defense based upon inadmissible evidence is without merit and should be stricken.

**B.     The Mormon Church's Private "Driving Contract" May Not Be Used to Circumvent Statutory Law.**

Defendants also contend as an affirmative defense, and in response to plaintiff's Interrogatories, that Mr. Waite is estopped to maintain his claim for injury because he failed to follow the Mormon Church's private mission policy and rules by riding unsecured in a vehicle. Declaration of Stephen L. Nordstrom (hereinafter "Nordstrom Declaration"), Exhibit "A" [Response to Interrogatory No. 11]. That policy or rule

MEMORANDUM IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE:
AFFIRMATIVE DEFENSES - 3
(mem in sup of psj motion re affirmative defenses.wpd)

**EYMANN ALLISON HUNTER JONES P.S.**

2208 WEST SECOND AVENUE• SPOKANE, WA 99201-5417
TELEPHONE: (509) 747-0101 • FAX: (509) 458-5977

1  is set out in a private agreement entitled "Driving Contract," which in relevant part
2  states:

3   In exchange for the privilege for being allowed to drive or ride in a mission-owned car while serving in the Washington Spokane Mission,
4

5   I, _____
6                    (PRINT NAME HERE)

7   agree to:

8       b.   Wear a seat belt at all times while the vehicle is moving.

9  Nordstrom Declaration, Exhibit "B," Deposition Exhibit 3 and Exhibit "C,"
10  Deposition Exhibit 1 [Driving Contract].

11      Although the private agreement is directed at Mormon missionaries, it
12  nevertheless mirrors the statutory requirement for seatbelt use in the State of
13  Washington, and therefore may not be used to avoid evidentiary limitations enacted
14  by the legislature.  A private contractual agreement which circumvents a statute is
15  void. *Murphy v. Campbell IMB Co.,* 79 Wn.2d 417, 429-430, 486 P.2d 1080 (1971);
16  *Grandview Inland Fruit Co. v. Hartford Fire Ins. Co.,* 198 Wash. 590, 66 P.2d 827
17  (1937); *Motor Contract Co. v. Vandervolgen,* 162 Wash. 449, 298 P. 705 (1931); 17
18  Am.Jur. 2d Contracts § 173 (1964).  As stated by the Washington Supreme Court,
19  "any other rule would render enforcement of legislation enacted for the benefit of the
20  general public subject to the whims of individuals." *Murphy,* 79 Wn.2d at 430.

21              **IV.  CONCLUSION**

22      It is undisputed that Mr. Waite was riding in the bed of the pickup without a
23  seatbelt.  However, evidence of Mr. Waite's failure to wear a seatbelt or evidence that
24  he entered into a private "Driving Contract" is inadmissible and may not be introduced
25  at the time of trial.

26

27  MEMORANDUM IN SUPPORT OF MOTION FOR
    PARTIAL SUMMARY JUDGMENT RE:
    AFFIRMATIVE DEFENSES - 4
28  (mem in sup of psj motion re affirmative defenses.wpd)

**EYMANN ALLISON HUNTER JONES P.S.**

2208 WEST SECOND AVENUE• SPOKANE, WA 99201-5417
TELEPHONE:  (509) 747-0101 • FAX: (509) 458-5977

RESPECTFULLY SUBMITTED this 30th day of January, 2007.

EYMANN ALLISON HUNTER JONES, P.S.

By: <u>    s/Richard C. Eymann    </u>
RICHARD C. EYMANN, WSBA #7470
Co-Counsel for Plaintiff

NORDSTROM & NEES, P.S.

By: <u>  *Telephonically Approved 1/30/07*  </u>
STEPHEN L. NORDSTROM, WSBA #11267
Co-Counsel for Plaintiff

MEMORANDUM IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT RE:
AFFIRMATIVE DEFENSES - 5
(mem in sup of psj motion re affirmative defenses.wpd)

**EYMANN ALLISON HUNTER JONES P.S.**
2208 WEST SECOND AVENUE• SPOKANE, WA 99201-5417
TELEPHONE: (509) 747-0101 • FAX: (509) 458-5977

**CERTIFICATE OF SERVICE**

    I, RICHARD C. EYMANN, hereby certify that on the 30th day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following participants:

Brian T. Rekofke
Witherspoon Kelley Davenport & Toole
1100 U.S. Bank Building
422 W. Riverside Avenue
Spokane, WA 99201

Andrew C. Smythe
Paine Hamblen Coffin Brooke & Miller
717 W. Sprague Avenue, Suite 1200
Spokane, WA 99201

                                    s/Richard C. Eymann
                               **RICHARD C. EYMANN**

MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 6
(mem in sup of psj motion re affirmative defenses.wpd)

**EYMANN ALLISON HUNTER JONES P.S.**
2208 WEST SECOND AVENUE• SPOKANE, WA 99201-5417
TELEPHONE: (509) 747-0101 • FAX: (509) 458-5977