1  Brian T. Rekofke
2  Ross P. White
   Witherspoon, Kelley, Davenport & Toole
3  1100 US Bank Building
   422 West Riverside
4  Spokane, WA 99201
   (509) 624-5265
5

6  Attorneys for LDS and Donald C. Fossum

7

8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF WASHINGTON

10 | THOMAS A. WAITE,
11 |
   |     Plaintiff,                              | Case No.: CV-05-399-EFS
12 |
13 | vs.
   |                                              | CHURCH DEFENDANTS AND
14 | THE CORPORATION OF THE PRESIDING             | FOSSUM'S MEMORANDUM IN
15 | BISHOP OF THE CHURCH OF JESUS                | RESPONSE TO PLAINTIFF'S
   | CHRIST OF LATTER DAY SAINTS, a Utah          | MOTION FOR PARTIAL
16 | corporation; THE CORPORATION OF THE          | SUMMARY JUDGMENT RE:
   | PRESIDENT OF THE CHURCH OF JESUS             | AFFIRMATIVE DEFENSES
17 | CHRIST OF LATTER DAY SAINTS, a Utah
18 | corporation; DONALD C. FOSSUM; and
   | STEVEN D. BRODHEAD,
19
20 |     Defendants.

21
                              **I. INTRODUCTION**
22

23     In January 2003, Thomas Waite, as a mandatory condition of his missionary work,

24 CHURCH DEFENDANTS AND FOSSUM'S MEMORANDUM IN
   RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL
   SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES − 1
   G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\MMO in Resp to Plt SJ
   re Affirm Def - BTR 020807.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

made a written promise to the LDS Church. In exchange for being allowed to drive or ride in a mission-owned car, he agreed to certain safety rules, including a promise to, "wear a seatbelt at all times while the vehicle is moving."

On August 21, 2003, Mr. Waite broke his promise and the rules. Not only did he fail to wear a seatbelt, he chose to ride in the back of a pickup, which is not designed for passengers, has no seatbelts, and which Mr. Waite knew, was, "obviously not the safest place to be."

As a direct consequence of his choice, when a speeding car blew through a 4-way stop and struck the pickup, Mr. Waite was violently ejected and sustained serious injuries that he could have avoided had he honored his pledge.

Mr. Waite now asks this Court to forbid the Church from pointing out his self-imposed risk, declare his promise void as against public policy and strike the Church's affirmative defenses of comparative negligence, assumption of risk and estoppel. He argues that RCW 46.61.688(6) relieves a passenger from any claim of contributory fault for riding in a truck cargo bed where there is no seatbelt and that these rules may not be abrogated by agreement.

Mr. Waite's motion must be denied for three reasons:

(1)   By its own terms the seatbelt statute, RCW 46.61.688(6), does not apply.

CHURCH DEFENDANTS AND FOSSUM'S MEMORANDUM IN
RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES – 2
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\MMO in Resp to Plt SJ re Affirm Def - BTR 020807.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

Mr. Waite rode in the back of the truck where there was no seatbelt for him.

(2) In addition to Mr. Waite being estopped from voiding the rules he agreed to, Washington courts uphold the legality of such rules and conclude that violation thereof goes to the jury on the issue of comparative negligence.

(3) If Mr. Waite is seeking to void his agreement and safety rules as part of the policies, procedures and training of missionaries by the Church, he is precluded from doing so by the First Amendment.

## II. UNDISPUTED FACTS

Other than the contention that defendant Fossum inappropriately proceeded through the intersection, defendants concur with the facts of the accident as set forth by plaintiff. Additionally, the following facts are also undisputed.

1. Prior to becoming a missionary, Mr. Waite knew the back of a pickup truck was "obviously not the safest place to be." Aff. of White, Exh. A. (Depo. of Thomas Waite 90:15-25, 91:1-20.)

2. After becoming a missionary, Mr. Waite agreed to abide by certain rules relative to vehicles while a missionary. Aff. of White, Exh. B. (Depo. of Waite, 100:15-101:14; 102:7-14.)

3. The vehicle rules were part of an overall safety program that included lectures,

CHURCH DEFENDANTS AND FOSSUM'S MEMORANDUM IN
RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES – 3
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\MMO in Resp to Plt SJ
re Affirm Def - BTR 020807.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

videos, written tests, and handbooks. Aff. of White, Exh. C. (Depo. of Kevin Ludlow, 30:2-31:2; 33:3-34:5; 56:4-58:23.)

4. Riding unrestrained in a vehicle is forbidden by the safety rules. Aff. of White, Exh. B. (Depo. of Waite, 101:7-14, Exh. 3.)

5. Steven Brodhead struck the truck in which Mr. Waite was riding. Aff. of White, Exh. D (Depo. Of Steven Brodhead, 40:4-16.)

6. Mr. Waite was ejected from the back of the truck. Aff. of White, Exh. E (Depo of Brodhead, 42:2-21).

## III. ARGUMENT

A. **PLAINTIFF'S MOTION SHOULD BE DENIED.**

**1. The Seatbelt Statute Does Not Apply.**

Citing RCW 46.61.688(6), Mr. Waite argues that defendants are precluded from offering evidence that plaintiff was not wearing a seatbelt at the time of the accident. Reliance on this section is misplaced, as on its face the statute does not apply: ". . . This section does not apply to a vehicle occupant for whom no safety belt is available when all designated seating positions . . . are occupied." RCW 46.61.688(2)

It is undisputed that Mr. Waite rode in the back of a pickup where no seatbelt was available. He had promised to use a seatbelt, but elected to ride in a vehicle where he knew

CHURCH DEFENDANTS AND FOSSUM'S MEMORANDUM IN
RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES – 4
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\MMO in Resp to Plt SJ
re Affirm Def - BTR 020807.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

none was available. His breach of duty was his decision to ride in a vehicle in which he knew he could not honor his promise.

**2.    It Is Undisputedly Risky to Ride in the Back of a Pickup.**

The increased risk of injury in riding in the back of a pickup has been objectively found by the Ninth Circuit and was well known to Mr. Waite prior to becoming a missionary.

Objectively, the Ninth Circuit has held:

> Anyone getting into the cargo area of a pickup could not fail to recognize that it is neither designed nor equipped to transport passengers. A cargo bed is for cargo, not people.

Maneely v. General Motors Corp., 108 F.3d 1176, 1180 (9th Cir. 1997). See, also, Josue v. Isuzu Motors of America, Inc., 958 P.2d 535, 540 (Hawaii 1988) ("As enunciated in Maneely, it should be readily apparent and patently obvious to a passenger who chooses to ride in the bed of a pickup truck that he or she is completely unrestrained and unprotected from being ejected from the bed in an accident.")

Prior to becoming a missionary Mr. Waite was admittedly aware of and agreed there the risk of riding in a cargo area of a pickup, because, "It's obviously not the safest place to be." (Depo. of Waite, 91:15-20.)

Consistent with his pre-missionary understanding and the Ninth Circuit holding, Mr.

CHURCH DEFENDANTS AND FOSSUM'S MEMORANDUM IN
RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES  −  5
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\MMO in Resp to Plt SJ
re Affirm Def - BTR 020807.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

Waite agreed, as a condition to his missionary work, to abide by rules promulgated by the Church. As discussed below, such agreements are valid and are consistent with Washington law to protect against known risks. Violation of such rules is a comparative negligence issue for the jury.

**3.     The Safety Rules Mr. Waite Agreed To Do Not Violate Public Policy.**

A motor vehicle passenger in Washington has a general duty to exercise due care for his own protection. See Geschwind v. Flanagan, 121 Wn.2d 833, 854 P.2d 1061 (1993). When a person voluntarily engages in behavior which increases the risk of injury, he may be liable for his own injuries. Id. at 839. In addition to the general duty to exercise due care, it is well established that specific duties may be agreed to between parties.

In Swartley v. Seattle School Dist., 70 Wn.2d 17, 421 P.2d 1009 (1966), a 12-year old boy was enrolled in a woodworking class at his school in Seattle. The youth had been instructed that no student was to enter the wood storage room alone or without the teacher's permission. In violation of this rule, the boy went into the storage room. He was later found dead under a pile of plywood and storage racks. The trial court submitted the comparative negligence of the child's violation of the store room safety rule to the jury. That decision was upheld on appeal.

In Mannisto v. Boeing Airplane Co., 60 Wn.2d 304, 373 P.2d 496 (1962), Boeing had

CHURCH DEFENDANTS AND FOSSUM'S MEMORANDUM IN
RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES – 6
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\MMO in Resp to Plt SJ
re Affirm Def - BTR 020807.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

a company policy requiring employees to leave their work stations via "transportation aisles" only. In violation of the rule, Ms. Mannisto left the plant by cutting through employee work stations. During her exit, Ms. Mannisto fell over the extended tongue of a dolley and broke her arm. The case went to trial on a safe workplace theory. On appeal from a plaintiff's verdict, the appellate court reversed, holding that the jury should have been instructed on the safety rules/comparative negligence issue. Mannisto, at 306-307.

Faced with the foregoing authority, Mr. Waite relies on three cases claiming the safety rules he promised to abide by circumvent the seatbelt statute and are therefore void. This argument is incorrect for two reasons. First, the seatbelt statute does not apply, so no policy argument is presented. Second, a cursory review of two of the cases, Grandview Inland Fruit Co. v. Hartford Fire Ins. Co., 189 Wash. 590, 66 P.2d 827 (1937), and Motor Contract Co. v. Van Der Volgen, 162 Wash. 449, 298 P. 705 (1931), reveal that the defendant in each case tried to contract around specific consumer protection statutes concerning insurance (Grandview) and usury laws (Motor Contract Co.). A similar situation does not exist here. Curiously, the quote from the third consumer case cited by plaintiff, Murphy v. Campbell Inv. Co., 79 Wn.2d 417, 486 P.2d 1080 (1971), is actually *dicta* from the dissenting opinion.

### 4. Mr. Waite is Estopped From Challenging the Safety Rules.

Mr. Waite makes multiple claims that the Church was negligent in its conduct toward

CHURCH DEFENDANTS AND FOSSUM'S MEMORANDUM IN
RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES  – 7
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\MMO in Resp to Plt SJ
re Affirm Def - BTR 020807.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

him as a missionary (e.g., failing to have policies regarding pickups; allowing missionaries to ride in pickups; failing to provide adequate transportation and failing to properly train missionaries). See Complaint, ¶ 6.2(a)-(e). It is disingenuous and subject to estoppel to claim insufficient or non-existent policies and then argue that the Church is forbidden to meet those allegations by pointing to the undisputed existence of such policies and Mr. Waite's failure to abide by them.

### 5. Mr. Waite Is Precluded by the First Amendment from Challenging the Safety Rules and Policies, Which Are Part of His Overall Missionary Training.

The First Amendment of the United States Constitution states that Congress will "make no law" respecting the establishment or the free exercise of religion. The Supreme Court has broadly interpreted the command to "make no law" as prohibiting all forms of government action, including both statutory law and court action through civil law suit. See, New York Times Co. v. Sullivan, 376 U.S. 254, 277, 84 S.Ct. 710 (1964), See also, E.E.O.C. v. Catholic University, 83 F.3d 455, 462 (D.C. Cir. 1996).

Mr. Waite makes numerous claims of deficient or non-existent Church policies (of which the safety rules are an integral part). He also alleges a "special relationship" with the Church by which he "could not and did not question riding in the bed of the canopied pick up". See Complaint, ¶ 7.2-7.4. Given these claims, Mr. Waite is seemingly challenging the

CHURCH DEFENDANTS AND FOSSUM'S MEMORANDUM IN
RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 8
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\MMO in Resp to Plt SJ
re Affirm Def - BTR 020807.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

Church's training of its missionaries and how it conducts its missionary programs. Such a challenge is forbidden by the First Amendment. <u>See</u>, <u>e.g.</u>, <u>Turner v. The Church of Jesus Christ of Latter-day Saints</u>, 18 S.W.3d 877 (Tex. Ct. App. 2000); <u>Dowd v. Society of St. Colombans</u>, 861 F.2d 761, 764 (1st Cir. 1988) (holding that First Amendment precludes courts from dictating the medical and financial obligations a religious organization owes to its missionaries).

In <u>Turner</u>, a former missionary sued the Church for injuries he suffered when he contracted a Malaria-like illness on his mission in Guatemala. As here, the missionary claimed the Church failed to adequately train him or to adopt policies to protect him from the disease. Nonetheless, the court sustained summary judgment for the Church based on the First Amendment.

Clearly, the court held, claims regarding training or policies for missionaries are not merely secular. "The entire Missionary Program, including the training program, is a religious activity." <u>Id.</u> at 891. The program's "raison d'etre" "is to spread the Church's religious message around the world." <u>Id.</u> And if courts were to address claims regarding missionary training, they would necessarily be forced to evaluate and then approve or compel changes to the Church's training curriculum. "Either way, the courts' reaching these

CHURCH DEFENDANTS AND FOSSUM'S MEMORANDUM IN
RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 9
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\MMO in Resp to Plt SJ
re Affirm Def - BTR 020807.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1   claims would constitute active government involvement in the religious activity of training

2   missionaries." Id. at 892.

3   After an extension discussion of the First Amendment, the court summarized:

> [The First Amendment] requires civil courts to accept the decisions of religious organizations regarding 'discipline, faith, internal organization, or ecclesiastical rule, custom, or law.' Serbian E. Orthodox Diocese, [426 U.S. 696, 713 (1976)]; see also [Bell v. Presbyterian Church, 126 F.3d, 328, 331 (4th Cir. 1997)] (quoting Serbian E. Orthodox Diocese). Just as the government through the courts may not examine the employment decisions of a religious organization regarding its clergy, so also the courts may not examine the training provided the clergy and the conditions in which the clergy are required to perform their religious tasks.

Id. at 894 [citations omitted]. The same conclusion applies here.

## IV. CONCLUSION

RCW 46.61.688(6) does not apply. Mr. Waite knew the risk of injury inherent in riding in the back of a truck and agreed to abide by rules which prevented that risk. No public policy issue is presented concerning the rules, which are relevant and necessary for the Church to defend itself against allegations of inadequate or non-existent policies. Alternatively, if the plaintiff contends the safety rules are part of a larger relationship between Mr. Waite and the Church, constitutional prohibitions preclude Mr. Waite from voiding the rules. Plaintiff's Motion for Summary Judgment should be denied.

///

CHURCH DEFENDANTS AND FOSSUM'S MEMORANDUM IN
RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 10
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\MMO in Resp to Plt SJ re Affirm Def - BTR 020807.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

RESPECTFULLY SUBMITTED this 12th day of February, 2007.

**WITHERSPOON, KELLEY, DAVENPORT & TOOLE**

By: /s/ Ross P. White
Brian T. Rekofke, WSBA No. 13260
Ross P. White, WSBA No. 12136
Attorneys for LDS and Donald Fossum

CHURCH DEFENDANTS AND FOSSUM'S MEMORANDUM IN
RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES – 11

G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\MMO in Resp to Plt SJ
re Affirm Def - BTR 020807.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February, 2007:

1. I electronically filed the foregoing **CHURCH DEFENDANTS AND FOSSUM'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

   (for Waite) Richard C. Eymann and Stephen L. Nordstrom;
   (for Brodhead) Andrew C. Smythe

2. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants at the address listed below: **None.**

3. I hereby certify that I have hand delivered the document to the following participants at the addresses listed below: **None.**

/s/ Ross P. White
Ross P. White
Witherspoon, Kelley, Davenport & Toole, P.S.
422 W. Riverside Ave., #1100
Spokane, WA 99201-0300
Phone: 509-624-5265
Fax: 509-478-2728
rpw@wkdtlaw.com

CHURCH DEFENDANTS AND FOSSUM'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 12
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\MMO in Resp to Plt SJ re Affirm Def - BTR 020807.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265