RICHARD C. EYMANN
Eymann Allison Hunter Jones, P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
(509) 747-0101

STEPHEN L. NORDSTROM
Nordstrom & Nees, P.S.
323 S. Pines Rd.
Spokane, WA 99206
(509) 924-9800

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

THOMAS A. WAITE,

    Plaintiff,

vs.

THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS d/b/a CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation, d/b/a CORPORAITON OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation; DONALD C. FOSSUM; and STEVEN D. BRODHEAD,

    Defendants.

Case No.: CV-05-399-EFS

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES**

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 1

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

Dockets.Justia.com

## I. THE SEATBELT STATUTE APPLIES

Defendants contend that Washington's seatbelt statute does not apply in the present case. Defendants are incorrect.

Initially, it should be noted that RCW 46.61 is the statute which governs the "rules of the road" in Washington state, and RCW 46.61.688 is the section within the statute that governs seatbelt use. (Appendix A). This section is entitled, "Safety Belts, Use Required - - Penalties - - Exemptions." As denoted, in addition to requiring the use of seatbelts within the state of Washington, and providing penalties for its violation, this statute contains exemptions to this requirement. These exemptions include RCW 46.61.688(2) and RCW 46.61.688(7). RCW 46.61.688(2) provides in relevant part:

> *This section does not apply to a vehicle occupant for whom no safety belt is available when all designated seating positions . . . are occupied.*

RCW 46.61.688(7) provides:

> *This section does not apply to an operator or passenger who possesses written verification from a licensed physician that the operator or passenger is unable to wear a safety belt for physical or medical reasons.*

Appendix A.

However, whether an occupant or passenger is in violation of the statute or falls within the exemptions, RCW 46.61.688(6) prohibits such evidence from being used in a civil action. RCW 46.61.688(6) provides:

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 2

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

*Failure to comply with the requirements of this section does not constitute negligence, nor may failure to wear a safety belt assembly be admissible as evidence of negligence in any civil action.*

Appendix A.

Defendants contend that RCW 46.61.688(2) should be interpreted to mean that RCW 46.61.688(6) does not bar evidence of the failure to wear a seatbelt in this case. However, such a reading would render the prohibition on the use of seatbelt evidence in large part superfluous.

It is a basic rule of statutory construction that whenever possible, statutes should be construed so that no portion is superfluous, and so that strained, unlikely or absurd consequences are avoided. *Clark v. Payne,* 61 Wn. App. 189, 195, 810 P.2d 931 (1991); *State v. Neher,* 112 Wn.2d 347, 351, 771 P.2d 330 (1989); and *Sim v. State Parks and Rec. Comm'n.,* 90 Wn.2d 378, 383, 583 P.2d 1193 (1978).

As argued by the defendants, RCW 46.61.688(6) would be superfluous in the context of RCW 46.61.688(2) (as well as RCW 46.61.688(7)). Only an occupant *in violation* of the law could prohibit evidence of that violation from being admitted into evidence, whereas, evidence would be admissible against those occupants who had *not violated* the law. This absurd consequence advocated by the defendants is contrary to the clear intent of the legislature and should be avoided by the Court.

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 3

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

## II. A PRIVATE CONTRACT MAY NOT BE USED TO CIRCUMVENT STATUTORY LAW

In addition to the legal authority previously provided by Plaintiff, this Court is also entitled to rely on common sense. *Doherty v. Municipality of Metropolitan Seattle*, 83 Wn. App. 464, 470, 921 P.2d 1098, citing *Taggart v. State*, 118 Wn.2d 195, 225-26, 822 P.2d 243 (1992).

Common sense dictates that if the Mormon church is allowed to circumvent the legislative limitation on admissibility of seatbelt evidence in a civil action, we could immediately expect to see every insurance company in the state of Washington require its insured to enter into a similar private agreement promising to wear a seatbelt at all times, and the evidentiary limitation intended by the legislature in RCW 46.61.688(6) would be worthless.

## III. FIRST AMENDMENT

Defendants argue that Mr. Waite "alleges a special relationship with the church," and that such claim would challenge the church's missionary program and training, and is therefore forbidden by the First Amendment. (Defendant's Memorandum, page 8, line 19). However, for the purpose of summary judgment, no such argument is necessary since the Defendants have already admitted that a "special relationship" existed between the church and Mr. Waite. (See Joint Status Certificate and Discovery Plan, page 5, line 6).

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 4

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

What is at issue in this motion for partial summary judgment is whether Mr. Waite's failure to wear a seatbelt, or whether his signing a private agreement to wear a seatbelt, will be admissible at trial. Such issues are entirely secular in nature and are not barred by the First Amendment. Whether claims against a church are barred by the First Amendment was the specific issue addressed in *S.H.C. v. Sheng-Yen Lu*, 113 Wn. App. 511, 520, 54 P.3d 174 (2002), rev. den. by *S.H.C. v. Lu*, 149 Wn.2d 1011, 69 P.3d 874 (2003).

> *Our (Washington state) supreme court then considered whether the claims against the church were barred by the First Amendment. The court stated that "[t]he First Amendment does not provide churches with absolute immunity to engage in tortious conduct. So long as liability is predicated on secular conduct and does not involve the interpretation of church doctrine or religious beliefs, it does not offend constitutional principles." The court held that because these principles were not offended by the case before it, there was no constitutional bar to the claim. (footnote citation omitted)*

Here, none of the evidence regarding the motor vehicle collision, seatbelts and the private driving contract involves the interpretation of a religious doctrine. Therefore, the issues before this Court are not barred by the First Amendment.

DATED this 28th day of February, 2007.

NORDSTROM & NEES, P.S.

By: __s/Stephen L. Nordstrom_____
STEPHEN L. NORDSTROM, WSBA #11267
Co-Counsel for Plaintiff

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 5

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

EYMANN ALLISON HUNTER JONES, P.S.

By: *Telephonically Approved 2/28/07*
RICHARD C. EYMANN, WSBA #7470
Co-Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I, Stephen L. Nordstrom, hereby certify that on the 28th day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following participants:

Brian T. Rekofke
Witherspoon Kelley Davenport & Toole
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201-0302

Andrew C. Smythe
Paine Hamblen Coffin Brooke & Miller
717 W. Sprague Avenue, Suite 1200
Spokane, WA  99201-3503

s/Stephen L. Nordstrom
STEPHEN L. NORDSTROM

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 6

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

# Appendix A

RCW 46.61.688: Safety belts, use required — Penalties — Exemptions. Page 1 of 1

Case 2:05-cv-00399-EFS   Document 70   Filed 02/28/2007

# RCW 46.61.688
## Safety belts, use required — Penalties — Exemptions.

(1) For the purposes of this section, the term "motor vehicle" includes:

(a) "Buses," meaning motor vehicles with motive power, except trailers, designed to carry more than ten passengers;

(b) "Multipurpose passenger vehicles," meaning motor vehicles with motive power, except trailers, designed to carry ten persons or less that are constructed either on a truck chassis or with special features for occasional off-road operation;

(c) "Neighborhood electric vehicle," meaning a self-propelled, electrically powered four-wheeled motor vehicle whose speed attainable in one mile is more than twenty miles per hour and not more than twenty-five miles per hour and conforms to federal regulations under Title 49 C.F.R. Part 571.500;

(d) "Passenger cars," meaning motor vehicles with motive power, except multipurpose passenger vehicles, motorcycles, or trailers, designed for carrying ten passengers or less; and

(e) "Trucks," meaning motor vehicles with motive power, except trailers, designed primarily for the transportation of property.

(2) This section only applies to motor vehicles that meet the manual seat belt safety standards as set forth in federal motor vehicle safety standard 208 and to neighborhood electric vehicles. This section does not apply to a vehicle occupant for whom no safety belt is available when all designated seating positions as required by federal motor vehicle safety standard 208 are occupied.

(3) Every person sixteen years of age or older operating or riding in a motor vehicle shall wear the safety belt assembly in a properly adjusted and securely fastened manner.

(4) No person may operate a motor vehicle unless all child passengers under the age of sixteen years are either: (a) Wearing a safety belt assembly or (b) are securely fastened into an approved child restraint device.

(5) A person violating this section shall be issued a notice of traffic infraction under chapter 46.63 RCW. A finding that a person has committed a traffic infraction under this section shall be contained in the driver's abstract but shall not be available to insurance companies or employers.

(6) Failure to comply with the requirements of this section does not constitute negligence, nor may failure to wear a safety belt assembly be admissible as evidence of negligence in any civil action.

(7) This section does not apply to an operator or passenger who possesses written verification from a licensed physician that the operator or passenger is unable to wear a safety belt for physical or medical reasons.

(8) The state patrol may adopt rules exempting operators or occupants of farm vehicles, construction equipment, and vehicles that are required to make frequent stops from the requirement of wearing safety belts.

[2003 c 353 § 4; 2002 c 328 § 2; (2002 c 328 § 1 expired July 1, 2002); 2000 c 190 § 3; 1990 c 250 § 58; 1986 c 152 § 1.]

**Notes:**
**Effective date -- 2003 c 353:** See note following RCW 46.04.320.

**Expiration date -- 2002 c 328 § 1:** "Section 1 of this act expires July 1, 2002." [2002 c 328 § 3.]

**Effective date -- 2002 c 328 § 2:** "Section 2 of this act takes effect July 1, 2002." [2002 c 328 § 4.]

**Intent -- Short title -- Effective date -- 2000 c 190:** See notes following RCW 46.61.687.

**Severability -- 1990 c 250:** See note following RCW 46.16.301.

**Study of effectiveness -- 1986 c 152:** "The traffic safety commission shall undertake a study of the effectiveness of section 1 of this act and shall report its finding to the legislative transportation committee by January 1, 1989." [1986 c 152 § 3.]

Physicians -- Immunity from liability regarding safety belts: RCW 4.24.235.

Seat belts and shoulder harnesses, required equipment: RCW 46.37.510.