UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THOMAS A. WAITE,

                    Plaintiff,                    NO. CV-05-0399-EFS

          v.
                                                  **ORDER GRANTING PLAINTIFF'S**
CHURCH OF JESUS CHRIST,                            **MOTION FOR PARTIAL SUMMARY**
LATTER-DAY SAINTS d/b/a                            **JUDGMENT**
Corporation of the Presiding
Bishop of the Church of Jesus
Christ of Latter Day Saints,
a Utah corporation, d/b/a
Corporation of the President
of the Church of Jesus Christ
of Latter Day Saints, a Utah
Corporation; DONALD C.
FOSSUM, and STEVEN D.
BRODHEAD,

                    Defendants.

     On March 20, 2007, the Court heard oral argument in the above-
captioned matter.  Stephen Nordstrom appeared on behalf of Plaintiff
Thomas A. Waite, Brian T. Rekofke appeared on behalf of Defendants Church
of Jesus Christ of Latter-Day Saints ("LDS Church") and Donald Fossum
(collectively, "LDS Defendants").  Andrew Smythe appeared on behalf of
Defendant Brodhead.  Before the Court was Plaintiff's Motion for Partial
Summary Judgment regarding Affirmative Defenses (Ct. Rec. 49).  After

1

1   hearing oral argument and considering the submitted materials and

2   relevant authority, the Court was fully informed.  This Order serves to

3   memorialize and supplement the Court's oral ruling.

4                      **I.  Factual Background**[1]

5       Plaintiff was a missionary for the Defendant LDS Church.  The

6   parties agree that Plaintiff was riding in the bed of a mission-owned

7   pickup truck, driven by Defendant Fossum when the truck was struck by a

8   vehicle driven by Defendant Brodhead.  At the time of the collision,

9   Plaintiff was not wearing a seatbelt, and no seatbelt was available in

10  that part of the truck.  Plaintiff was ejected from the pickup truck bed

11  and injured.  The LDS Church required its missionaries to sign a "Driving

12  Contract." Prior to the collision, Plaintiff had signed such a "Driving

13  Contract" for which he agreed to "[w]ear a seat belt at all times while

14  the vehicle is moving," "[i]n exchange for the privilege of being allowed

15  to drive or ride in a mission-owned car while serving in the Washington

16  Spokane mission."

17             **II. Motion for Partial Summary Judgment**

18      Plaintiff seeks a partial summary judgment on two aspects of the

19  Affirmative Defenses of the Defendants.  First, Plaintiff argues that his

20  failure to use a seatbelt while riding in the back of a mission-owned

21  pickup truck cannot be a defense to negligence as a matter of law.  RCW

22  _____

23      [1]This background is based on the Joint Statement of Uncontroverted

24  Facts (Ct. Rec. 78).  The facts detailed in this section are either not

25  in dispute or are construed in favor of Defendants, the non-moving

26  parties.

§ 46.61.688. Second, Plaintiff argues that the LDS Church's private "Driving Contract" between it and Mr. Waite cannot be used to circumvent Washington Statutes that prohibit use of such evidence.

The LDS Defendants oppose the Motion on five grounds. First, the seatbelt statute by its terms does not apply because the back of a pickup truck does not have restraints available for use by passengers. Second, riding in the back of a pickup truck is undisputedly risky conduct. Third, the safety rules agreed to by contract do not violate public policy. Fourth, Mr. Waite should be estopped from "voiding the rules he agreed to," and evidence of the Driving Contract between the LDS Church and Mr. Waite should be admissible evidence of comparative fault of the plaintiff. Fifth, if Mr. Waite is attempting to void application of the Driving Contract, he is precluded from doing so by the First Amendment, as the Driving Contract was part of the missionary training, policy and procedures. LDS Defendants argue that they should be permitted to try their affirmative defenses of Assumption of the risk, comparative fault, and estoppel.

Defendant Brodhead, the driver of the car that collided with the pickup truck, joins the LDS Defendants' opposition to the Motion for Summary Judgment. (Ct. Rec. 54).

### III. Summary Judgment Standard

Summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When considering a motion for

summary judgment, a court may not weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue for trial exists only if "the evidence is such that a reasonable jury could return a verdict" for the party opposing summary judgment. *Id*. at 248. In other words, issues of fact are not material and do not preclude summary judgment unless they "might affect the outcome of the suit under the governing law." *Id.* There is no genuine issue for trial if the evidence favoring the non-movant is "merely colorable" or "not significantly probative." *Id.* at 249.

If the party requesting summary judgment demonstrates the absence of a genuine material fact, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial" or judgment may be granted as a matter of law. *Anderson*, 477 U.S. at 248. This requires the party opposing summary judgment to present or identify in the record evidence sufficient to establish the existence of any challenged element that is essential to that party's case and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Failure to contradict the moving party's facts with counter affidavits or other responsive materials may result in the entry of summary judgment if the party requesting summary judgment is otherwise entitled to judgment as a matter of law. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

4

1

**IV. Analysis**

2

**1.    Plaintiff's failure to use a Seatbelt at time of Collision as a Defense to Liability and Defendants' "Inherent Risk" Argument**

3

RCW 46.61.688 requires every person who operates a vehicle to use

4

a safety belt, but precludes using the person's failure to wear a safety

5

belt as evidence of that person's negligence in a civil action:

6

7    (6) Failure to comply with the requirements of this section does not constitute negligence, nor may failure to wear a safety belt assembly be admissible as evidence of negligence

8    in any civil action.

9

RCW 46.61.688(6). This provision bars using the failure to wear a

10

seatbelt as a defense. *Clark v. Payne*, 61 Wash. App. 189, 193, rev. den.

11

117 Wash. 2d 1022 (1991) (extending to "failure to mitigate" damages

12

defense as implicit in statutory bar to use as evidence of negligence).

13

The statute essentially abrogates the common law principle that violation

14

of a safety statute is evidence of negligence. Under *Clark*, Plaintiff

15

is correct that his failure to use a safety belt assembly is not

16

admissible evidence of negligence.    To the extent that Defendants'

17

affirmative defenses intend to introduce plaintiff's failure to use a

18

seatbelt as evidence of plaintiff's fault, plaintiff's motion is granted.

19

This applies regardless of whether the affirmative defense is

20

characterized as "assumption of the risk," "estoppel" or some other

21

theory of fault.

22

Defendants have not expressly stated such a defense, but the

23

seatbelt statute is relevant to the following affirmative defenses: (3)

24

plaintiff was negligent in his disregard of church policy and rules;(5)

25

plaintiff's claims are barred by the free exercise clause and

26

1  establishment clause of the First Amendment; (6) Plaintiff "assumed the
2  risk" by riding in the back of the truck; and (7) estoppel applies to the
3  plaintiff for his failure to follow church policy and rules.

4        Defendants first argue that riding in the back of a pickup truck is
5  not governed by the seatbelt statute, because it does not apply "to a
6  vehicle occupant for whom no safety belt is available when all designated
7  seating positions . . . are occupied."  RCW 46.61.688(2). This argument
8  is unpersuasive as the statute by its terms applies to trucks. RCW
9  46.61.688(1)(e).  The statute mandates wearing seatbelts, but makes an
10 exemption for occupants of certain vehicles exempt from having such
11 seatbelts.  The statute separately contains a rule of evidence, which is
12 in no way limited to some occupant or another and contains no exception
13 for exempt vehicles.  The existence of a statutory exception to the
14 requirement to use seatbelts does not create one rule of evidence for
15 some people, and another rule of evidence for others.  Instead, the
16 statutory rule of evidence by its own language applies "in any civil
17 action."  RCW 46.61.688(6).

18       Defendants next argue that riding in the back of a pickup truck is
19 inherently risky.  In support of this argument, Defendants cite two
20 Hawaii cases, *Maneely v. General Motors Corp.*, 108 F.3d 1176, 1180 (9th
21 cir. 1997); and *Josue v. Isuzu Motors of America, Inc.*, 958 P.2d 535, 540
22 (Hawaii 1988).  Indeed, some state laws may distinguish riding in a cargo
23 bed from other law on failure to wear a seatbelt, based on the idea that
24 a cargo area is not designed to hold people.

25       Defendants cite no Washington authority in support of this point.
26 Reading *Clark v. Payne* and the statute as a whole, permitting this

6

evidence to be presented would thwart the purpose of the statute.    In *Clark*, the defendant argued that despite the statutory bar on using the failure to wear a seatbelt to show negligence, the failure could be admissible as evidence of a plaintiff's failure to mitigate damages. *Clark* rejected this approach as an end-run around the rule barring use of a plaintiff's failure to wear a seatbelt as evidence of comparative fault.  The *Clark* decision gave full effect to the public policy of the statute which favors holding those who cause an injury fully responsible for the damages without any reduction for an occupant's failure to use a seatbelt.

The effort to distinguish "cargo bed" as not "designed" to hold passengers is a similar attempt to change the law by picking new words to describe the plaintiff's failure to use a seatbelt.  The only aspect of a "cargo bed design" that renders the ride dangerous is the absence of a seatbelt, and plaintiff's failure to wear one.  However, Plaintiff and Defendants agreed at oral argument that the jury will necessarily learn of the facts surrounding the accident, including the location of the Plaintiff in the bed of the pickup truck.  The parties and the Court agree that such facts are admissible in evidence, and the Court will give a limiting instruction as appropriate.[2]

---

[2]  *See* 6 Wash. Prac., WPI 70.08, Use of Safety Belts, which "should be used when a party's failure to wear a safety belt is before the jury, explicitly or implicitly, or has been admitted as evidence for a purpose other than showing negligence or contributory negligence."  *Id.*, Note.

1  **2.   LDS Church Defendants' alleged breach of Driving Contract/Estoppel
          as Defense to Liability**
2

3      Defendants argue that Plaintiff's breach of the Driving Contract is
4  a violation of church policy, and that breach of the contract should be
5  a defense to liability.  Defendants likewise argue that enforcing a
6  safety rule, as a duty agreed to by the parties by contract, does not
7  violate public policy.  However, Defendants fail to cite any law of motor
8  vehicle collisions to support these arguments.

9      The Court assumes for purposes of this motion that Defendant LDS
10 Church and the Plaintiff had a valid, enforceable contract.  If Plaintiff
11 breached such a contract, the Defendant had a full panoply of remedies
12 for that breach.  For example, it could have disciplined the plaintiff,
13 removed him from missionary duties, or barred him from using mission-
14 owned vehicles.

15     The primary flaw in this argument from the Defendants is that it
16 ignores the seatbelt statute as creating a *substantive rule of evidence*.
17 Even assuming a breach of contract, nothing supports the notion that
18 Defendant's appropriate remedy for the breach is to change Washington law
19 applicable to this diversity action.  Assuming that the Driving Contract
20 was valid and enforceable, such a contract cannot change state law on
21 evidence in civil actions where a person in a vehicle is injured and was
22 not wearing a seat belt.

23 **3.   First Amendment as an argument that LDS Church Defendants not bound
          by Washington Law**
24

25     In response to Plaintiff's Motion for Partial Summary Judgment,
26 Defendant LDS Church inserts the argument that the First Amendment to the

8

United States' Constitution prohibits Plaintiff from prevailing on summary judgment. Plaintiff alleges a "special relationship," and that he did not question riding in the back of a canopied pickup truck as part of that special relationship. The LDS Church therefore argues that Plaintiff is challenging the Church's policies and procedures in conducting its mission activities, and that such a suit in this secular federal court would require the Court to inject itself into church policies and procedures, in violation of the First Amendment. LDS Defendants cite *Turner v. Church of Jesus Christ of Latter-Day Saints*, 18 S.W. 3d 877 (Tex. Ct. App. 2000) (holding First Amendment barred several substantive claims of church missionaries); and *Dowd v. Society of St. Colombans*, 861 F.2d. 761, 764 (1st Cir. 1988) (applying doctrine of res judicata to bar a missionary's claim) in support of their contention. *Dowd* does not apply, because res judicata is not at issue in this case. Defendant LDS Church did not file a cross-motion for summary judgment, but rather presents this affirmative defense in support of its other affirmative defenses for assumption of the risk, comparative fault and estoppel. Plaintiff counters that churches do not have tort immunity in Washington, and further

> '[t]he First Amendment does not provide churches with absolute immunity to engage in tortious conduct. So long as liability is predicated on secular conduct and does not involve the interpretation of church doctrine or religious beliefs, it does not offend constitutional principles.' The court held that because these principles were not offended by the case before it, there was no constitutional bar to the claim.

*S.H.C. v. Sheng-Yen Lu*, 113 Wash. App. 511, 520 (2002), *cert. denied*, 149 Wash. 2d 1011 (2003) (citing *CJC v. Catholic Bishop of Yakima*, 138 Wash.

2d 699, 727-28 (1999), *Saunders v. Casa View Baptist Church*, 134 F.3d 331, 336 (5th Cir. 1998)).

Here, the First Amendment does not exempt the LDS Church Defendants from the application of Washington law as stated in RCW 46.61.688. Whether the First Amendment otherwise should bar or serve as an affirmative defense to any of Plaintiffs' specific claims is not presently before the Court. The First Amendment does nothing to prevent Plaintiff from claiming the benefit of the RCW 46.61.688 and the evidentiary rule contained therein.

## V.  Conclusion

For the reasons discussed above, the Court grants Plaintiff's Motion for Partial Summary Judgment regarding Affirmative Defenses. The statute applies to this plaintiff, riding in a pickup bed with no seatbelt available. Neither the Driving Contract nor the First Amendment change secular Washington law, which precludes any defendant from presenting the Plaintiff's failure to use a seatbelt as evidence of comparative negligence, assumption of the risk, or some other theory designed to attribute the same as fault of the Plaintiff.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Partial Summary Judgment regarding Affirmative Defenses **(Ct. Rec. 49)** is **GRANTED.** The Court finds that the seatbelt statute applies to this case in all its particulars; and that no exception applies to the statute barring the Plaintiff's failure to use a seatbelt as evidence of fault and barring a finding of fault on this basis.

1    2.   At  trial,  the  parties  may  present  evidence  of  where  the

2  plaintiff was riding and how injury came about; but are barred from using

3  the  lack  of  a  seatbelt  as  evidence  or  argument  concerning  fault.   The

4  Court  will  give  the  Washington  Pattern  Jury  Instruction  70.08  on  the

5  seatbelt  statute,  and  will  consider  an  appropriate  limiting  instruction

6  as contemplated by the instruction.

7    **IT IS SO ORDERED.**  The District Court Executive is directed to enter

8  this Order and provide copies to counsel.

9    **DATED** this _27th_  day of March 2007.

10

11              S/ Edward F. Shea
                 EDWARD F. SHEA
12          United States District Judge

13

14

    Q:\Civil\2005\0399.MPSJ.wpd
15

16

17

18

19

20

21

22

23

24

25

26