1   Brian T. Rekofke
    Ross P. White
2   Witherspoon, Kelley, Davenport & Toole
    1100 US Bank Building
3   422 West Riverside
    Spokane, WA 99201
4   (509) 624-5265

5   Attorneys for LDS and Donald C. Fossum

6

7               UNITED STATES DISTRICT COURT
8           FOR THE EASTERN DISTRICT OF WASHINGTON

9   THOMAS A. WAITE,

10      Plaintiff,                          Case No.: CV-05-399-EFS

11  vs.

12  THE    CORPORATION   OF   THE          DEFENDANT CHURCH'S AND
    PRESIDING BISHOP OF THE CHURCH         DONALD   C.   FOSSUM'S
13  OF JESUS CHRIST OF LATTER DAY          MEMORANDUM OF POINTS
    SAINTS, a Utah corporation; THE        AND    AUTHORITIES   IN
14  CORPORATION OF THE PRESIDENT           SUPPORT OF MOTION TO
    OF THE CHURCH OF JESUS CHRIST          COMPEL DOCUMENTS AND
15  OF LATTER DAY SAINTS, a Utah           ANSWERS
    corporation; DONALD C. FOSSUM; and
16  STEVEN D. BRODHEAD,

17      Defendants.

18

19      Defendants, Church of Jesus Christ of Latter-day Saints and Donald C.

20  Fossum ("Church Defendants"), through their attorney Brian T. Rekofke, submit

21  the following memorandum in support of Church Defendants' Motion to Compel

22  Discovery Responses.

23                        **I. INTRODUCTION**

24      Church Defendants' motion for order compelling discovery under FRCP 37

25  and LR 37 should be granted because the interrogatories at issue seek

26  discoverable facts and Plaintiffs' failure to respond is in violation of Court Rules.

27

28  MEMORANDUM IN SUPPORT OF
    MOTION TO COMPEL DOCUMENTS - 1
    G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion to Compel Documents\Memo in Support of Motion to Compel Documents 040507.wpd

WITHERSPOON. KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 59201-0302
(509) 624-5265

## II. FACTS

1.    On February 26, 2007, the Church Defendants issued to Plaintiff five interrogatories concerning Plaintiff's attorney Nordstrom's contact with missionaries or former missionaries of the LDS Church. Affidavit of Brian T. Rekofke ¶ 2.

2.    These interrogatories were issued because there had been an agreement reached among counsel on or about November 8, 2006 that there would be no contact by Plaintiff's counsel ex-parte with individuals affiliated with the LDS Church, unless and until the contact issue was framed by the court. Affidavit of Brian T. Rekofke ¶ 3.

3.    Following the agreement referenced above, it became clear that Plaintiff's counsel had in fact contacted former missionaries and conducted interviews and/or obtained statements. Affidavit of Brian T. Rekofke ¶¶ 4 - 5.

4.    Church Defendants Interrogatory Nos. 1 through 5 and Request for Production No. 8 (attached as Exhibit A to Rekofke Affidavit) sought the names of each individual affiliated with the Church who had been contacted by Plaintiff's counsel as well as disclosure and production of the documents generated as a result of those contacts. The questions and answers read as follows:

> **INTERROGATORY NO. 1**:    Identify each individual
> affiliated with the Church of Jesus Christ of Latter-day
> Saints who has been contacted and interviewed, or who
> has attempted to be contacted by Stephen Nordstrom.
>
> By "affiliated" defendants seek the identity of
> each Mission President, each Assistant to the President,
> and each current or former Missionary.

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS - 2
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion to Compel Documents\Memo in Support of Motion to Compel Documents 040507.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

**ANSWER**:

OBJECTION. Attorney work product. Without waiving objection, Mr. Nordstrom's office has been in direct contact with Mark T. Ryan, James T. Ross, and Dillon Hansen. Information, statements or declarations from each have previously been provided to defendants.

STEPHEN L. NORDSTROM

**INTERROGATORY NO. 2**:   Identify the date and location for each contact.

**ANSWER:** See answer to Interrogatory No. 1.

**INTERROGATORY NO. 3**:   Identify the topic or topics of conversation for each contact.

**ANSWER**: See answer to Interrogatory No. 1.

**INTERROGATORY NO. 4** : Identify whether each contact was in person, by phone, by email, or in writing.

**ANSWER**: See answer to Interrogatory No. 1.

**INTERROGATORY NO. 5**: Identify by date each document, affidavit, declaration, file memo or email that was created memorializing each

**ANSWER**: See answer to Interrogatory No. 1.

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1    **REQUEST FOR PRODUCTION NO. 8** :   Produce

2    each document identified in Interrogatory No. 5.

3    **ANSWER**: See answer to Interrogatory No. 1.

4    5.    Interrogatory Nos. 2 through 5 and Request for Production No. 8

5    were all answered with an identical response: "See answer to Interrogatory No.

6    1". Affidavit of Brian T. Rekofke, Exh. A.

7    6.    Plaintiff has failed and refused and continues to fail and refuse to

8    answer Church Defendants' Interrogatories No. 2 through No. 5 and Request for

9    Production No. 8 by providing the facts surrounding Counsel Nordstrom's ex

10   parte contact with former missionaries.   Affidavit of Brian T. Rekofke ¶¶ 9-12.

11   ## III. ARGUMENT

12   **1.    Plaintiff's Counsel cannot refuse to provide relevant facts, even
     those concerning allegedly protected materials**.

13

14   FRCP 26(5)(a) states that "When a party withholds information ... by

15   claiming it is privileged or subject to protection as trial-preparation material, the

16   party shall make the claim expressly and shall describe the nature of the

17   documents, communications, or things not produced or disclosed in a manner

18   that, without revealing information itself privileged and protected, will enable

19   other parties to assess the applicability of the privilege or protection."

20   Contrary to the mandate of this FRCP, Plaintiff only objected to Church

21   Defendants interrogatories 1 - 5 by making the simple objection: "Attorney work

22   product." Aff. of Rekofke, Exh. A. Plaintiff wholly failed to describe the nature

23   of any documents, communications, or things which he claims are protected. This

24   violates the rules of Federal Civil Procedure and renders assessment of the

25   privilege claim by Church' counsel impossible.

26

27

28   MEMORANDUM IN SUPPORT OF
     MOTION TO COMPEL DOCUMENTS - 4
     G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion to Compel Documents\Memo in Support of Motion to Compel Documents 040507.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

**2.    Plaintiff's refusal to provide relevant information could lead to undue surprise and needless expense.**

The purpose of interrogatories is to enable the opposing party to sufficiently prepare for trial and also to avoid surprise. Lampard v. Roth, 38 Wn.App. 198, 200 (1984).    When information is not disclosed, the surprised party is placed at a serious disadvantage. Lampard, 38 Wn.App. at 200. Trial preparation under these terms is costly and creates a burden on the court. Id. at 201.

Compelling plaintiffs to answer defendants' interrogatories concerning the dates, locations and times of interviews conducted with witnesses will help to avoid surprise and prejudice. This in turn will prevent any burden on the Court's time as mutual knowledge of the relevant facts will assist the parties in preparing for litigation.

## IV.  CONCLUSION

Based upon the foregoing, Defendants' FRCP 37 motion for order compelling discovery should be granted.

DATED this __11th__ day of April, 2007.

WITHERSPOON, KELLEY, DAVENPORT & TOOLE

By:    /s/ Brian T. Rekofke
Brian T. Rekofke, WSBA No. 13260
Ross P. White, WSBA No. 12136
Attorneys for LDS and Donald Fossum

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS - 5
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion to Compel Documents\Memo in Support of Motion to Compel Documents 040507.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

# CERTIFICATE OF SERVICE

I hereby certify that on the __11th__ day of April, 2007:

1.  I electronically filed the foregoing **DEFENDANT CHURCH'S AND DONALD C. FOSSUM'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DOCUMENTS AND ANSWERS** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

    (for Waite) Richard C. Eymann and Stephen L. Nordstrom;
    (for Brodhead) Andrew C. Smythe

2.  I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants at the address listed below: **None.**

3.  I hereby certify that I have hand delivered the document to the following participants at the addresses listed below: **None**.


Kimberley L. Hunter, Legal Assistant
Witherspoon, Kelley, Davenport & Toole, P.S.
422 W. Riverside Ave., #1100
Spokane, WA 99201-0300
Phone: 509-624-5265
Fax: 509-478-2728
kimh@wkdtlaw.com

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS - 6
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion to Compel Documents\Memo in Support of Motion to Compel Documents 040507.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265