RICHARD C. EYMANN
Eymann Allison Hunter Jones, P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
(509) 747-0101

STEPHEN L. NORDSTROM
Nordstrom & Nees, P.S.
323 S. Pines Rd.
Spokane, WA 99206
(509) 924-9800

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS A. WAITE,<br><br>      Plaintiff,<br><br>vs.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS d/b/a CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation, d/b/a CORPORAITON OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation; DONALD C. FOSSUM; and STEVEN D. BRODHEAD,<br><br>      Defendants. | Case No.: CV-05-399-EFS<br><br>**DECLARATION OF STEPHEN L. NORDSTROM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL** |

DECLARATION OF STEPHEN L. NORDSTROM IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL - 1

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

Dockets.Justia.com

I, Stephen L. Nordstrom, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct:

1.     That I am one of the attorneys for the plaintiff in the above-entitled matter, and make this Declaration from my own personal knowledge.

2.     That the attached pertinent pages from the depositions of Mark Tyler Ryan and Donald C. Fossum are an accurate representation of the depositions of the witnesses.

3.     That some time in 2005, (Mr. Reese did not note the dates of the interviews), following their release from their missions, J.R. Reese, an intern with my law office, contacted Mark Ryan and Dillon Hanson by telephone. With my assistance, Mr. Reese had prepared questions which he telephonically posed separately to Mr. Ryan and Mr. Hanson, and which he recorded in pencil. Mr. Reese did not electronically record the interviews.

4.     That although I was present during the depositions which were taken in Salt Lake City on November 9, 2006 and November 10, 2006, I was not present, nor did I participate in the discussions between Mr. Eymann and Mr. Rekofke as to whether missionaries were speaking agents for the church, or Mr. Rekofke's apparent belief that plaintiff's counsel were not entitled to contact those missionaries.

5.     It appeared to me during the November 9th and 10th depositions that the witnesses had been coached, and therefore I decided to interview James T. Ross

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

directly.   A couple of weeks following the Salt Lake depositions, I interviewed Mr. Ross by telephone at his apartment in Arizona. He had been released from his mission in May of 2004 and was attending college. I took notes from the interview, which I put into declaration form and mailed to Mr. Ross for his review and signature. Mr. Eymann was not aware of my interview or the declaration until I provided him with a copy in December of 2006. A copy of the declaration was also provided to the defendants.

6.     That following an exchange of interrogatories and responses as set forth in defendant's memorandum, Mr. Rekofke responded by sending me a letter indicating he was seeking "…specific information concerning the individuals you have contacted ex parte." (i.e. Ryan, Ross and Hanson).

7.     I responded by letter dated April 5, 2007, and that letter is attached hereto as Exhibit A.


DATED this 23rd day of April, 2007.


                            s/Stephen L. Nordstrom
                            STEPHEN L. NORDSTROM

DECLARATION OF STEPHEN L. NORDSTROM IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL - 3

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following participants:

Brian T. Rekofke
Witherspoon Kelley Davenport & Toole
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201-0302

Andrew C. Smythe
Paine Hamblen Coffin Brooke & Miller
717 W. Sprague Avenue, Suite 1200
Spokane, WA  99201-3503

_____s/Stephen L. Nordstrom____
STEPHEN L. NORDSTROM

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

# Exhibit "A"

5

**VALLEY OFFICE**

April 5, 2007

Mr. Brian T. Rekofke
Witherspoon Kelley Davenport & Toole
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201-0302

Re:     Waite v. LDS Church

Dear Brian:

I have reviewed your letter of April 2, 2007, concerning Plaintiff's responses to discovery, and will attempt to address the issues you raised.

    1.      A copy of the 2003 Dodge Dakota Owner's Manual is available for review at our office.

    2.      Regarding "other specific documents" on which we are relying to support our allegations, the only other document is that of James Ross, which you have received.

    3.      Regarding the standard intelligence tests administered to Mr. Waite, we have re-contacted the district offices for grades K-8, his high school, and Fullerton college, all of whom state that they do not have any standardized testing records for Mr. Waite. The district office for Fullerton district, grades K-8, did fax us a copy of the "student card" which is all they have on file for Mr. Waite.  In lieu of a formal supplemental response to your request for production, a copy of this card is enclosed.   While Mr. Waite does not believe he took any SAT exams, we have requested a records search from the college board, a process that takes anywhere from two weeks to two months. The results of their records search will be provided when received.

    4.      Regarding Mark Ryan or Dillon Hansen, we do not have signed declarations or statements from these individuals. We have only the Ross Declaration which was previously provided to you.  Regarding interviews of Mr. Hanson, Mr. Ryan or Mr. Ross, the memoranda of these witnesses' oral statements to representatives of this office are clearly work product. They are not discoverable. See <u>Soter v. Cowles</u>



Publishing Co., 131 Wn. App. 882, 130 P.3d 840 (2006 Div. III).

Very truly yours,

NORDSTROM & NEES, P.S.


STEPHEN L. NORDSTROM
SLN/rn

cc:    Richard C. Eymann
       Andrew C. Smythe
       Waite