RICHARD C. EYMANN
Eymann Allison Hunter Jones, P.S.
2208 West Second Avenue
Spokane, WA 99201
(509) 747-0101

STEPHEN L. NORDSTROM
Nordstrom & Nees, P.S.
323 South Pines Road
Spokane, WA 99206
(509) 924-9800

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS A. WAITE,<br><br>              Plaintiff,<br><br>vs.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS d/b/a CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation, d/b/a CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation; DONALD C. FOSSUM; and STEVEN D. BRODHEAD,<br><br>              Defendants. | No. CV-05-399-EFS<br><br>**DECLARATION OF RICHARD C. EYMANN IN RESPONSE TO AFFIDAVIT OF BRIAN T. REKOFKE IN SUPPORT OF MOTION TO COMPEL** |

I, RICHARD C. EYMANN, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct:

1. I am one of the attorneys for the plaintiff in the above-referenced matter. I make this declaration from my own personal knowledge.

DECLARATION OF RICHARD C. EYMANN IN RESPONSE TO
AFFIDAVIT OF BRIAN T. REKOFKE IN SUPPORT OF MOTION
TO COMPEL - 1

EYMANN ALLISON HUNTER JONES, P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

Dockets.Justia.com

2. I have reviewed the Affidavit of Brian T. Rekofke in Support of Motion to Compel filed on April 11, 2007.

3. On November 9 and 10, 2006, plaintiff conducted discovery depositions in Salt Lake City, Utah. In attendance, in addition to witnesses, were Stephen Nordstrom and myself for plaintiff, Brian Rekofke and Thom Walk, attorneys for the Church defendants, Andrew Smythe for defendant Brodhead, Richard Black, a Church representative, Gavin Bohne, a legal videographer, as well as Terry Hansen Cronenwhett, court reporter.

4. During the deposition of Donald C. Fossum, who was the missionary driver of the pickup at the time of the collision, the following exchange occurred:

> Q: (By Mr. Nordstrom) Okay. Let me kind of go back to the beginning again, when I talked to you about who you may have spoken with regarding this accident. You had a conversation sometime ago with Mr. Walk. Is that correct?
>
> A: Yeah.
>
> Q: Was that down in Provo?
>
> A: Yeah. That was at my house.
>
> Q: Do you remember the nature of that conversation?
>
> A: He just asked me questions about it, and I don't recall everything. I have talked about it with so many people and so many times that it's kind of hard to distinguish.

DECLARATION OF RICHARD C. EYMANN IN RESPONSE TO
AFFIDAVIT OF BRIAN T. REKOFKE IN SUPPORT OF MOTION
TO COMPEL - 2

EYMANN ALLISON HUNTER JONES, P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

> Q: Sure. Just tell me what you do remember of that conversation involving him.
>
> MR. REKOFKE: Excuse me. That would be attorney-client privilege.
>
> MR. NORDSTROM: I didn't realize that Mr. Walk was an attorney for Mr. Fossum. I thought he was – in fact, I don't – did I ever get a notice of appearance from anybody but you, I think and Andy. Am I missing something here?
>
> MR. REKOFKE: You are missing that he is a lawyer for various church entities. He investigated that accident. It's the same thing under Heidebrink versus Moriwaki in the state of the Washington.
>
> It's privileged, so I am instructing Mr. Fossum not to answer any questions about – other than he's already answered the general tenor of the conversation and when it occurred. He's not going to answer any questions about his discussions with Mr. Walk.

Fossum deposition, page 17, lines 3-25 through page 18, lines 1-6.

5. At the next break, I challenged Mr. Rekofke on the issue of whether he represented any missionaries other than Mr. Fossum and he conveyed his view that all missionary witnesses were "off limits." I countered that unless they were "speaking agents," there could not be a valid attorney/client privilege objection.

6. Later that day in a discussion that I believe was off the record, the issue came up again with regard to direct contact between plaintiff's lawyers and former missionaries. I cited the case of <u>Wright v. Group Health Hospital</u>, 103

DECLARATION OF RICHARD C. EYMANN IN RESPONSE TO
AFFIDAVIT OF BRIAN T. REKOFKE IN SUPPORT OF MOTION
TO COMPEL - 3

EYMANN ALLISON HUNTER JONES, P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

Wn.2d 192, 691 P.2d 564 (1984) to Mr. Rekofke and he acknowledged that he had forgotten about that case and said that it might apply.

7. During subsequent breaks during a deposition that day, Mr. Rekofke and I were discussing, outside of Mr. Nordstrom's presence, the proposed dismissal stipulation of one of the Church entities and he inquired regarding Mr. Nordstrom's contact with missionaries. I told him that it was my position that we had every right to contact former missionaries who were witnesses unless they were speaking agents. He then said he wanted to go back to his office and take a look at the *Wright* case and that if he felt that he was on solid ground, that he wanted to get a Court ruling. I agreed that would be fine.

8. I do not believe I ever spoke with Mr. Nordstrom concerning that conversation I had with Mr. Rekofke until recently.

9. When I returned to the office from Salt Lake Cy in November, I read the *Wright* case and reconfirmed that I was correct. I assumed that Mr. Rekofke had done the same as weeks passed and he did not bring a motion for clarification by the Court. Obviously, if he brought a motion, Mr. Nordstrom and myself would have had immediate notice that he continued to maintain that we could not have direct contact with former missionary witnesses.

DECLARATION OF RICHARD C. EYMANN IN RESPONSE TO
AFFIDAVIT OF BRIAN T. REKOFKE IN SUPPORT OF MOTION
TO COMPEL - 4

EYMANN ALLISON HUNTER JONES, P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

10. It was not until after Mr. Nordstrom had provided a copy of James T. Ross' affidavit to defense counsel, that I became aware that Mr. Rekofke was of the belief that he and I had reached an agreement on contacting missionary witnesses. In any event, I do not believe that a solid no contact agreement was reached, certainly nothing in writing, by letter, or on the record in a deposition. Rather, we did agree that the defense could check the case I cited as authority for allowing contact, and if he felt he was correct, he could seek Court affirmation.

DATED this 16th day of April, 2007 at Spokane, Washington.

RICHARD C. EYMANN

DECLARATION OF RICHARD C. EYMANN IN RESPONSE TO
AFFIDAVIT OF BRIAN T. REKOFKE IN SUPPORT OF MOTION
TO COMPEL - 5

EYMANN ALLISON HUNTER JONES, P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax