Brian T. Rekofke
Ross P. White
Witherspoon, Kelley, Davenport & Toole
1100 US Bank Building
422 West Riverside
Spokane, WA 99201
(509) 624-5265

Attorneys for Corporation of the Presiding Bishop,
Corporation of the President and Donald C. Fossum

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS A. WAITE,<br><br>Plaintiff,<br><br>vs.<br><br>CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation, CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation; DONALD C. FOSSUM; and STEVEN D. BRODHEAD,<br><br>Defendants. | Case No.: CV-05-399-EFS<br><br>CHURCH DEFENDANT AND FOSSUM'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL |

## I. INTRODUCTION

Plaintiff disavows an agreement between counsel yet acted in conformance with it. As shown below, agreement or not, plaintiff has waived any work product protection by divulging his work product in this case.

## II. FACTS

Based on the declarations of all counsel involved, the following facts are undisputed.

1.  In depositions in Salt Lake City in November, 2006, an issue arose concerning plaintiff's counsel's ability to inquire into meetings between defense

CHURCH DEFENDANT AND FOSSUM'S REPLY BRIEF
IN SUPPORT OF MOTION TO COMPEL - 1
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion to Compel Documents\Reply In SUpport of Motion to Compel.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1 | counsel and Church deponents as well as the ability to contact ex-missionaries ex-parte.

2. The case of Wright v. Group Health entered the discussion.

3. Some type of understanding was reached.

4. Following the Salt Lake City discussions, plaintiff's counsel refrained from inquiring into meetings between defense counsel and Church deponents.

5. Since the Salt Lake City depositions, plaintiff has continued to refrain from inquiring into the specifics of meetings between Church deponents and defendants' counsel.

6. Mr. Eymann openly used work product at the deposition of Tyler Ryan, quoted from it and offered it to counsel.

7. Mr. Nordstrom published additional work product in the Declaration of James Ross.

## III. ARGUMENT

A. **DEFENDANTS' MOTION TO COMPEL SHOULD BE GRANTED AS POTENTIAL PROTECTION HAS BEEN WAIVED.**

1. <u>Mr. Eymann Used Work Product</u>.

Plaintiff's counsel are using their work product to support various positions in this case but at the same time blocking any meaningful review of the so-called work product.

This first occurred in Tyler Ryan's deposition. Mr. Eymann asked a number of questions that were specifically taken from an interview plaintiff now claims is protected. Mr. Eymann stated:

> Q: I'll represent to you that one of the people who is not an attorney but simply an investigator was JR Reese, who was the son of Dale Reese, but JR Reese was just doing an investigation, and it was done back in 2005, and I'd like to ask you some questions and just see if you agree or disagree with

CHURCH DEFENDANT AND FOSSUM'S REPLY BRIEF
IN SUPPORT OF MOTION TO COMPEL - 2
G:\C\Church of Jesus Christ 14061\Waitc 3\Pleadings\Motion to Compel Documents\Reply In SUpport of Motion to Compel.wpd:ks

WITHERSPOON. KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

the answers that - - he had a set of questions he wanted to ask you, and he went through and he put down your answers, and I just want to see today if those answers are the same today as you gave to him then.

A:   Okay.

Mr. Eymann then asked question after question, for many pages of the deposition, from the interview taken by Mr. Reese. In addition, Mr. Eymann previously offered to show defense counsel the documents. (See Plaintiff's Memorandum of Authorities in Opposition to Defendants' Motion to Compel at paragraph 9, citing to the deposition of Mr. Ryan, p. 27, ll. 15-25, and p. 26, ll. 1.)

   2.   <u>Mr. Nordstrom Used Work Product</u>.

Mr. Nordstrom apparently interviewed James Ross. The date of the interview is unknown but Mr. Nordstrom, as part of his FRCP 26(a)(1) responsibility, has submitted Mr. Ross' Declaration. <u>See</u>, Exhibit A to Second Rekofke Affidavit. In that Declaration, Mr. Ross states: "During a telephone conversation with Mr. Nordstrom I was asked the following questions and provided the following truthful answers:" and then he recites numerous questions and answers.

Moreover, Mr. Nordstrom, believes the information had been previously provided. At paragraph 12 of the fact section of Plaintiff's Memorandum of Authorities in Opposition to Defendants' Motion to Compel, the plaintiff states:

   12.   On February 26, 2007, defendants served Interrogatories and Requests for Production concerning Mr. Nordstrom's contacts with missionaries. On March 27, 2007, plaintiff responded by objecting to the request as "attorney work product." However, plaintiff did indicate that "Mr. Nordstrom's office has been in direct contact with Mark T. Ryan, James T. Ross, and Dillon Hanson Information, Statements, or Declarations from each have previously been provided."

For some reason within one week's time, Mr. Nordstrom changed his mind.

CHURCH DEFENDANT AND FOSSUM'S REPLY BRIEF
IN SUPPORT OF MOTION TO COMPEL - 3
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion to Compel Documents\Reply In SUpport of Motion to Compel.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

(See paragraph 14 of Plaintiff's Memorandum of Authorities.)

3. <u>Use of Work Product Results In A Waiver</u>.

The record reflects that plaintiff's counsel, as part of their strategy, have used their so-called work product on the record, have offered to show defense counsel that work product and believed that the work product had been produced. Yet they now contend the defendants are not entitled to the information and documents.

Based on the foregoing, plaintiff has waived any protection he may have had:

> . . . If documents otherwise protected by the work product rule have been disclosed to others with an actual intention that an opposing party may see the documents, the party who made the disclosure should not subsequently be able to claim protection for the documents as work product.

Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d § 2024.

Here, the plaintiff's counsel has on multiple occasions injected their work product into this case. There can be no clearer example of waiver.

## IV. CONCLUSION

Plaintiff's counsel should be required to fully respond to defendants' discovery requests.

DATED this 30TH day of April, 2007

WITHERSPOON, KELLEY, DAVENPORT & TOOLE

By: _____
Brian T. Rekofke, WSBA No. 13260
Ross P. White, WSBA No. 12136
Attorneys for Corporation of the Presiding Bishop, Corporation of the President and Donald C. Fossum

CHURCH DEFENDANT AND FOSSUM'S REPLY BRIEF
IN SUPPORT OF MOTION TO COMPEL - 4
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion to Compel Documents\Reply In SUpport of Motion to Compel.wpd:ks

WITHERSPOON. KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April, 2007:

1. I electronically filed the foregoing **CHURCH DEFENDANT AND FOSSUM'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

   (for Waite) Richard C. Eymann and Stephen L. Nordstrom;
   (for Brodhead) Andrew C. Smythe.

2. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants at the address listed below: **None.**

3. I hereby certify that I have hand delivered the document to the following participants at the addresses listed below: **None.**

_____
Kimberley L. Hunter, Legal Assistant
Witherspoon, Kelley, Davenport & Toole, P.S.
422 W. Riverside Ave., #1100
Spokane, WA 99201-0300
Phone: 509-624-5265
Fax: 509-478-2728
kimh@wkdtlaw.com

CHURCH DEFENDANT AND FOSSUM'S REPLY BRIEF
IN SUPPORT OF MOTION TO COMPEL - 5
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion to Compel Documents\Reply In SUpport of Motion to Compel.wpd:ks

WITHERSPOON. KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265