Brian T. Rekofke
Ross P. White
Witherspoon, Kelley, Davenport & Toole
1100 US Bank Building
422 West Riverside
Spokane, WA 99201
(509) 624-5265

Attorneys for Corporation of the Presiding Bishop,
Corporation of the President and Donald C. Fossum

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS A. WAITE,<br><br>    Plaintiff,<br><br>vs.<br><br>CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation, CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation; DONALD C. FOSSUM; and STEVEN D. BRODHEAD,<br><br>    Defendants. | Case No.: CV-05-399-EFS<br><br>SECOND   AFFIDAVIT   OF BRIAN   T.   REKOFKE   IN SUPPORT   OF   MOTION   TO COMPEL |

STATE OF WASHINGTON  )
                     :ss
County of Spokane    )

BRIAN T. REKOFKE, being first duly sworn, upon oath, deposes and says:

**A.    Background**

1.    I am one of the attorneys for the Corporation of the President and Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints as well as Donald Fossum. I make this Affidavit on personal knowledge.

SECOND AFFIDAVIT OF BRIAN T. REKOFKE
IN SUPPORT OF MOTION TO COMPEL - 1
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion to Compel Documents\2nd Affidavit of BTR re Motion to Compel.wpd:ks

WITHERSPOON. KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1

2  2.    On April 11, 2007, I filed with the Court an Affidavit in support of

3  a Motion to Compel Answers to Interrogatories concerning Mr. Nordstrom's

4  contacts with affiliates of the LDS Church. (Document No. 85.)

5  3.    I stated in that Affidavit that I sought the contact information

6  because there had apparently been a breach of an agreement barring ex-parte

7  contact between Mr. Nordstrom and former Church missionaries.

8  4.    I did not go into detail in my affidavit concerning the specifics of the

9  ex-parte contact agreement, as I did not know that there was any issue concerning

10  the existence of the agreement or its breach.

11  5.    Since Mr. Nordstrom and Mr. Eymann have filed declarations

12  (Documents 92 and 93) denying the existence of an agreement concerning ex-

13  parte contact with Church missionaries, I wanted to set forth the facts which

14  support the assertion in my prior Affidavit.

15  **B.    Origins of the Agreement**

16  6.    The topic of ex-parte contact arose during depositions taken in Salt

17  Lake City on November 9-10, 2006.

18  7.    The lawyers in attendance at Salt Lake were me, Mr. Eymann, Mr.

19  Nordstrom, and Thom Walk of the Kirton & McConkie firm of Salt Lake. Kirton

20  & McConkie provides outside legal counsel to various LDS Church entities and

21  Mr. Walk has attended a number of depositions and assisted in the defense of this

22  case.

23  8.    The deponents at Salt Lake were all affiliated with the LDS Church.

24  They included former missionaries, (Donald Fossum and Tyler Ryan), the former

25  President of the Spokane Mission (Kevin Ludlow), and an area fleet manager

26  employed by the Corporation of the Presiding Bishop (Irv Rencher).

27

28  SECOND AFFIDAVIT OF BRIAN T. REKOFKE
IN SUPPORT OF MOTION TO COMPEL - 2
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion to Compel Documents\2nd Affidavit of BTR re Motion to Compel.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1   9.    As set forth in the Eymann Declaration, during the deposition of
2   Donald Fossum questions were asked concerning the specifics topics of
3   discussion at a meeting between Mr. Walk and Mr. Fossum. Objection was taken
4   and a colloquy ensued on and off the record concerning the ability of Mr. Eymann
5   and Mr. Nordstrom to inquire as to meetings between defense counsel and Church
6   deponents.

7   10.    Also as set forth in plaintiff's Responsive Brief (Document 91,
8   Exhibit 2), during the deposition of another former missionary, Tyler Ryan, Mr.
9   Eymann quoted from a prior statement of Mr. Ryan and used the prior statement
10  to frame questions.

11  11.    Following these events, two things were discussed and specifically
12  agreed to among myself, Mr. Eymann, Mr. Nordstrom and Mr. Walk. First, it was
13  agreed that there would be no further questions of the Church deponents
14  concerning meetings with me or Mr. Walk. Second, that plaintiff's counsel
15  would refrain from any further ex-parte contact with Church missionaries,
16  including James Ross, Dillon Hansen and Tyler Ryan. I inquired of all present
17  (Mr. Eymann, Mr. Nordstrom and Mr. Walk) whether our agreement had to be put
18  on the record. It was decided it did not have to be placed on the record.

19  12.    After this discussion and agreement, both Mr. Nordstrom and Mr.
20  Eymann refrained from inquiry at the Salt Lake City depositions concerning any
21  meetings between the deponents and Mr. Walk or me.

22  13.    Subsequent the Salt Lake City depositions in November of 2006,
23  there have been four more depositions of Church affiliates. At all times, both Mr.
24  Nordstrom and Mr. Eymann have abided by the agreement to not inquire into the
25  specifics of the meetings between the Church deponents and me or Mr. Walk.

26
27

28  SECOND AFFIDAVIT OF BRIAN T. REKOFKE
IN SUPPORT OF MOTION TO COMPEL - 3
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion to Compel Documents\2nd Affidavit of BTR re Motion to Compel.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

**C.    Wright v. Group Health**

14.    Mr. Eymann is correct that the case of Wright v. Group Health was mentioned during our November discussions in Salt Lake.

15.    When Mr. Eymann raised the Wright case, I vaguely recalled that it dealt with ex-parte contact between a party's lawyer and his adversary's employees.  I therefore told Mr. Eymann that I could not recall the precise holding in Wright, but freely acknowledged that his position concerning his ability to contact missionaries ex-parte might be correct, depending on how Wright applied.

16.    For that reason, it was specifically discussed and agreed that unless and until one side or the other brought a motion to have this Court decide how Wright v. Group Health might apply in this case, there would be no inquiry into meetings between missionaries and defense counsel, and  no ex-parte contact between plaintiff's counsel and missionaries.

**D.    Breach of Agreement**

17.    On December 18-19 I had meetings in Salt Lake City with Thom Walk.

18.    At that time, I learned from Mr. Walk that in late November he had interviewed former missionary James Ross, who was one of the people that Mr. Nordstrom and Mr. Eymann agreed not to contact ex-parte.

19.    During that meeting Mr. Walk learned that Mr. Ross had recently signed a Declaration at Mr. Nordstrom's request.  Mr. Ross had not been given a copy of his declaration and none had been served on defense counsel.  We therefore did not know for certain that ex-parte contact had occurred after the agreement.

SECOND AFFIDAVIT OF BRIAN T. REKOFKE
IN SUPPORT OF MOTION TO COMPEL - 4
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion to Compel Documents\2nd Affidavit of BTR re Motion to Compel.wpd ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1      20.    On January 12, 2007, after returning to Spokane from a trip back

2  East, I reviewed the Declaration of James Ross, which had been served on

3  January 9, 2007, as a supplemental CR 26 disclosure.    This is attached as

4  Exhibit A.  Page two of that Declaration references and quotes from a transcript

5  of an interview between Mr. Ross and Mr. Nordstrom.

6      21.    I saw that the Ross Declaration had been signed on November 27,

7  2006, which was clearly after our agreement of November 9-10.  I immediately

8  called Mr. Eymann to protest what I considered a breach of explicit agreement to

9  refrain from any ex-parte contact pending a motion to the Court and an order

10  permitting that contact.

11      22.    During that call Mr. Eymann stated that he had known I would be

12  calling about the breach and knew I would be unhappy.  He confirmed the

13  existence of the agreement, confirmed that the agreement had been breached by

14  Mr. Nordstrom and explained that Mr. Nordstrom felt that the ex-parte contact

15  with Mr. Ross was not in violation of the agreement because it was a "follow up"

16  contact.  I told Mr. Eymann that it was never discussed, much less agreed to that

17  ex-parte contact was appropriate if it was "follow up" contact.  Mr. Eymann

18  conceded the point.

19      23.    One week later I met Mr. Eymann at 4:00 p.m. at the Blue Spark

20  Restaurant in Spokane to discuss among, other things, the ex-parte contact issue.

21      24.    During the course of our conversation Mr. Eymann again confirmed

22  the existence of the agreement and its breach by Mr. Nordstrom.

23      25.    At no time has Mr. Eymann ever disavowed the existence of the

24  agreement or breach thereof until he filed his Declaration in response to the

25  Motion to Compel. Indeed, both Mr. Nordstrom and Mr. Eymann have abided by

26

27

28  SECOND AFFIDAVIT OF BRIAN T. REKOFKE
    IN SUPPORT OF MOTION TO COMPEL - 5
    G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion to Compel Documents\2nd Affidavit of BTR re Motion to Compel.wpd:ks

WITHERSPOON. KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1  the first part of the agreement in not asking Church deponents of conversations

2  with defense counsel.

3      26.    I did not put a statement on the record at the depositions in

4  November 9-10, 2006; I did not file a separate pleading concerning the parties'

5  agreement, I failed to write a confirmatory letter after my two explicit

6  conversations with Mr. Eymann. Until now, I did not think I had to.

7

8

9                          Brian T. Rekofke

10

11      SUBSCRIBED AND SWORN to before me this 30ᵗʰ day of April, 2007.

12

13

14                          Print Name: Kimberley Lee Hunter

15                          Notary Public in and for the State

16                          of Washington, residing in Spokane

17                          My Commission expires: 2\15\09

18

19

20

21

22

23

24

25

26

27

SECOND AFFIDAVIT OF BRIAN T. REKOFKE
28 IN SUPPORT OF MOTION TO COMPEL - 6
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion to Compel Documents\2nd Affidavit of BTR re Motion to Compel.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April, 2007:

1.  I electronically filed the foregoing **SECOND AFFIDAVIT OF BRIAN T. REKOFKE IN SUPPORT OF MOTION TO COMPEL** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

    (for Waite) Richard C. Eymann and Stephen L. Nordstrom;
    (for Brodhead) Andrew C. Smythe.

2.  I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants at the address listed below: **None.**

3.  I hereby certify that I have hand delivered the document to the following participants at the addresses listed below: **None.**

Kimberley L. Hunter, Legal Assistant
Witherspoon, Kelley, Davenport & Toole, P.S.
422 W. Riverside Ave., #1100
Spokane, WA 99201-0300
Phone: 509-624-5265
Fax: 509-478-2728
kimh@wkdtlaw.com

SECOND AFFIDAVIT OF BRIAN T. REKOFKE
IN SUPPORT OF MOTION TO COMPEL - 7
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion to Compel Documents\2nd Affidavit of BTR re Motion to Compel.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265