1  RICHARD C. EYMANN
   Eymann Allison Hunter Jones, P.S.
2  2208 West Second Avenue
   Spokane, WA 99201
3  (509) 747-0101

4  STEPHEN L. NORDSTROM
   Nordstrom & Nees, P.S.
5  323 South Pines Road
   Spokane, WA 99206
6  (509) 924-9800

7  Attorneys for Plaintiff

8            UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF WASHINGTON
9

10 THOMAS A. WAITE,                      No. CV-05-399-EFS

11                  Plaintiff,
                                         DECLARATION OF
12     vs.                               RICHARD C. EYMANN
                                         IN RESPONSE TO
13 CORPORATION OF THE                    SECOND AFFIDAVIT OF
   PRESIDING BISHOP OF THE               BRIAN T. REKOFKE IN
14 CHURCH OF JESUS CHRIST OF             SUPPORT OF MOTION
   LATTER DAY SAINTS, a Utah             TO COMPEL
15 corporation; CORPORATION OF
   THE PRESIDENT OF THE CHURCH
16 OF JESUS CHRIST OF LATTER
   DAY SAINTS, a Utah corporation;
17 DONALD C. FOSSUM; and
   STEVEN D. BRODHEAD,
18
                    Defendants.
19
       I, RICHARD C. EYMANN, declare under penalty of perjury under the
20
21 laws of the State of Washington that the following is true and correct:

22     1.    I am one of the attorneys for the plaintiff in the above-referenced

23 matter. I make this declaration from my own personal knowledge.
24
       2.    Responding directly to the Second Affidavit of Brian T. Rekofke in
25
26 Support of Motion to Compel [Ct. Rec. 104], with all due respect to a long

DECLARATION OF RICHARD C. EYMANN IN RESPONSE TO          EYMANN ALLISON HUNTER JONES, P.S.
SECOND AFFIDAVIT OF BRIAN T. REKOFKE IN SUPPORT OF              2208 West Second Avenue
MOTION TO COMPEL - 1                                           Spokane, WA 99201-5417
                                                           509-747-0101 / 509-458-5977 fax

friendship that I have had with Mr. Rekofke, I do take issue with portions of his affidavit but not with any of the first ten paragraphs.

3. Concerning Mr. Rekofke's ¶11, is correct that we agreed there would be no further questions of Church deponents concerning meetings with Mr. Rekofke and Mr. Walk. With regard to Mr. Rekofke's alleged "second agreement," as I stated in my original Declaration [Ct. Doc. 93], the only conversation that occurred outside of the deposition room was between Mr. Rekofke and I, when no one else was present. At that time, no specific names of missionaries were discussed nor was the subject of whether it should be placed on the record discussed. This conversation between Mr. Rekofke and I was secondary to discussions regarding a stipulated dismissal of certain Church entities. As stated above, it occurred outside of the deposition room and definitely was outside the presence of Mr. Walk and Stephen Nordstrom because Mr. Nordstrom was very reluctant to enter into any sort of stipulation to dismiss any of the Church entities. Mr. Rekofke and I were speaking quietly because of the sensitivity of the Church entity issue as Mr. Walk had been pushing very hard to get the stipulation in place and Mr. Nordstrom had been resisting it, leaving Mr. Rekofke and I to try to reach a compromise on stipulation language. When our conversation turned to speaking with missionaries, as stated in my original

DECLARATION OF RICHARD C. EYMANN IN RESPONSE TO
SECOND AFFIDAVIT OF BRIAN T. REKOFKE IN SUPPORT OF
MOTION TO COMPEL - 2

EYMANN ALLISON HUNTER JONES, P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

Declaration, I took the very strong position that the *Wright v. Group Health Hospital*, 103 Wn.2d 192, 691 P.2d 564 (1984) case entitled us to speak to non-speaking agents including former missionaries.  Mr. Rekofke said he would return to his office to look at the case and if he felt I was wrong, he would bring a motion for protective order.

4.   With regard to Mr. Rekofke's ¶¶12 and 13, I have no disagreement with his representations.

5.   Likewise, Mr. Rekofke is correct with regard to his ¶¶14 and 15.

6.   Regarding his ¶16, this alleged agreement simply never occurred. As stated above, the conversation was left with Mr. Rekofke wanting to go back and review the *Wright* case and that if he felt I was wrong, he would bring a motion for protective order.  I never agreed to bring a motion, nor would I have agreed because I flat out knew I was correct in my interpretation of the *Wright* case.

7.   Regarding Mr. Rekofke's ¶17, I have no doubt that he met with Mr. Walk on the dates alleged.

8.   Regarding ¶18, I am without knowledge as to what Mr. Walk did concerning James Ross but the second clause of that paragraph is incorrect because there was no such "agreement" in the context alleged by Mr. Rekofke.

DECLARATION OF RICHARD C. EYMANN IN RESPONSE TO
SECOND AFFIDAVIT OF BRIAN T. REKOFKE IN SUPPORT OF
MOTION TO COMPEL - 3

EYMANN ALLISON HUNTER JONES, P.S.
2208 West Second Avenue
Spokane, WA  99201-5417
509-747-0101 / 509-458-5977 fax

9. Regarding Mr. Rekofke's ¶¶19 and 20, I have no way of knowing whether the information is correct as stated, but I presume it is.

10. Regarding Mr. Rekofke's ¶21, I have no basis upon which to disagree with the first sentence – that Mr. Rekofke saw the Ross declaration had been signed on November 27th, but I disagree with the use of the word "agreement." With regard to Mr. Rekofke's call to me sometime in January 2007, it is indeed correct that he called, was upset and protested and claimed there had been an agreement.

11. Regarding Mr. Rekofke's ¶22, after Mr. Rekofke claimed that he thought there had been an agreement, I told him that I could understand why he was unhappy but I never "confirmed" the existence of an agreement, nor that it had been breached. However, Mr. Rekofke is correct that I told him that Mr. Nordstrom's contact was a follow-up to earlier contact (which I was aware of) and that it did not make any difference whether I was correct (that there was not an agreement) or that he was correct (that there was an agreement), because under *Wright*, such contact was permissible. Mr. Rekofke is correct that it was never discussed nor agreed that ex-parte contact was appropriate if it was "follow-up" contact. I did concede that point but at the same time he conceded that under *Wright*, such contact was permissible.

DECLARATION OF RICHARD C. EYMANN IN RESPONSE TO
SECOND AFFIDAVIT OF BRIAN T. REKOFKE IN SUPPORT OF
MOTION TO COMPEL - 4

EYMANN ALLISON HUNTER JONES, P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

12. Regarding Mr. Rekofke's ¶¶23 and 24, it is indeed correct that we have had conversations at the Blue Spark Restaurant, as we often do concerning our cases we have against each other, but when I brought up the issue of Mr. Ross' declaration, he curtly told me he was going to handle that issue with Mr. Nordstrom and that was all that was said on the issue. Mr. Rekofke's statement in his ¶24, never occurred.

13. With regard to Mr. Rekofke's ¶25, again, Mr. Rekofke is incorrect with regard to the allegation that I never "disavowed the existence of the agreement or breach thereof" because there was never such an agreement regarding ex-parte contact with missionaries except that I agreed Mr. Refkoke would take a look at the *Wright* case and if he felt I was wrong, he would bring a motion.

14. With regard to Mr. Rekofke's ¶26, my response is, that as an officer of the Court, and as someone who has worked with Mr. Rekofke as my opposing counsel on numerous cases, it is clear from his affidavit and from my declaration that we have very different memories of what transpired regarding the issue of ex-parte contact with non-speaking agents of the defendants. As a practical matter, I never would have entered into the oral agreement that Mr. Rekofke alleges without fully involving my co-counsel, Mr. Nordstrom. And similar to

DECLARATION OF RICHARD C. EYMANN IN RESPONSE TO
SECOND AFFIDAVIT OF BRIAN T. REKOFKE IN SUPPORT OF
MOTION TO COMPEL - 5

EYMANN ALLISON HUNTER JONES, P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

what Mr. Rekofke did with regard to the dismissal of certain Church entities, I would have insisted on a written stipulation. Despite my long-time friendship with Mr. Rekofke, I would never go behind my co-counsel's back and make the kind of concessions as alleged by Mr. Rekofke.

15. Finally, with regard to the Affidavit of Thomas D. Walk [Ct. Rec. 105] and specifically his ¶7, for the same reasons stated above, Mr. Walk is incorrect that there was any agreement in his presence (or out of his presence) to not have further ex-parte contact with Church missionaries. Indeed, no names were ever mentioned in that regard. The only agreement was that Mr. Rekofke would have the opportunity to go back and look at the *Wright* case. Mr. Walk was not present at that conversation held outside the deposition room and I do not know what Mr. Rekofke told Mr. Walk in that regard.

DATED this 11th day of May, 2007 at Spokane, Washington.

s/Richard C. Eymann
RICHARD C. EYMANN

DECLARATION OF RICHARD C. EYMANN IN RESPONSE TO
SECOND AFFIDAVIT OF BRIAN T. REKOFKE IN SUPPORT OF
MOTION TO COMPEL - 6

EYMANN ALLISON HUNTER JONES, P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

## CERTIFICATE OF SERVICE

I, Richard C. Eymann, hereby certify that on the 11th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following participants:

Brian T. Rekofke
Witherspoon Kelley Davenport & Toole
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201-0302

Andrew C. Smythe
Paine Hamblen Coffin Brooke & Miller
717 W. Sprague Avenue, Suite 1200
Spokane, WA 99201-3503

                                                                                    s/Richard C. Eymann
                                                                                     RICHARD C. EYMANN

DECLARATION OF RICHARD C. EYMANN IN RESPONSE TO
SECOND AFFIDAVIT OF BRIAN T. REKOFKE IN SUPPORT OF
MOTION TO COMPEL - 7

EYMANN ALLISON HUNTER JONES, P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax