1  Brian T. Rekofke
2  Ross P. White
   Witherspoon, Kelley, Davenport & Toole
3  1100 US Bank Building
   422 West Riverside
4  Spokane, WA 99201
   (509) 624-5265
5
   Attorneys for Church Defendants and Donald C. Fossum
6

7                    UNITED STATES DISTRICT COURT
8            FOR THE EASTERN DISTRICT OF WASHINGTON

9  THOMAS A. WAITE,
10         Plaintiff,                        Case No.: CV-05-399-EFS
11  vs.
                                             CHURCH DEFENDANTS AND
12  THE    CORPORATION   OF   THE            DONALD   C.   FOSSUM'S
    PRESIDING BISHOP OF THE CHURCH           MEMORANDUM OF POINTS
13  OF JESUS CHRIST OF LATTER DAY            AND AUTHORITIES IN
    SAINTS, a Utah corporation; THE          SUPPORT OF MOTION FOR
14  CORPORATION OF THE PRESIDENT             P A R T I A L   S U M M A R Y
    OF THE CHURCH OF JESUS CHRIST            JUDGMENT
15  OF LATTER DAY SAINTS, a Utah
    corporation; DONALD C. FOSSUM; and
16  STEVEN D. BRODHEAD,
17         Defendants.
18

19              **I. NATURE OF THE CASE/RELIEF SOUGHT**

20         While a volunteer missionary for The Church of Jesus Christ of Latter-day

21  Saints, (the "Church"), Thomas Waite was riding unrestrained in the bed of a

22  Church-owned pickup truck driven by another missionary, Donald Fossum.

23  When the truck was "T-boned" at a 4-way stop by Steven Brodhead's car, Mr.

24  Waite was ejected and suffered significant injuries.

25         Mr. Waite has sought and received a substantive ruling that Washington's

26  seatbelt statute applies and that his failure to wear a seatbelt while in the bed of

27

28  MEMORANDUM IN SUPPORT OF MOTION FOR
    PARTIAL SUMMARY JUDGMENT - 1
    G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion SJ re Specific Claims\Memo in Support oF SJ re Specific Claims FINAL .wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1   the truck was not negligent. Based on this ruling, the Court has held that
2   evidence of Mr. Waite's violation of Church policies, rules, or training relating
3   to riding in vehicles while a missionary, and his own written agreement promising
4   to not ride unrestrained may not be offered at trial as proof of his comparative
5   fault.

6        The Church defendants and Fossum now move via summary judgment for
7   the benefit of the same evidentiary ruling as to them. Simply put, if Mr. Waite
8   cannot be at fault for riding unrestrained in the bed of the pickup, then
9   Defendants cannot be at fault for somehow failing to prevent Mr. Waite from
10  riding unrestrained in the bed of the pickup. Therefore, Plaintiff's claims for
11  breach of a fiduciary duty and the alleged failure of the Church to have adequate
12  safety policies, procedures, rules, training, direction, or supervision resulting in
13  Mr. Waite's riding in the bed of the pickup cannot be advanced and should be
14  dismissed.

15       This motion should be granted for three reasons. First, since the Court's
16  seatbelt statute ruling shields Mr. Waite from any and all comparative negligence
17  claims, he cannot now use the statute and this court's ruling, given him as a
18  shield, as a sword to claim that his injuries were due the Church's failure to have
19  adequate safety policies, rules and training which the Court has excluded.
20  Second, the seatbelt statute created no duty on Fossum or the Church defendants
21  to make Mr. Waite wear a seatbelt. Third, Mr. Waite's claims for breach of a
22  fiduciary duty and inadequate Church training, supervision, policies and
23  protection of its missionaries are barred by the First Amendment.

24                        **II. FACTS**

25       1.    Mr. Waite alleges in his Complaint (Ct. Rec. 1) that he had a "special
26  relationship" with the Church which made the Church his fiduciary. Complaint,

27

28  MEMORANDUM IN SUPPORT OF MOTION FOR
    PARTIAL SUMMARY JUDGMENT - 2
    G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion SJ re Specific Claims\Memo in Support oF SJ re Specific Claims FINAL .wpd

WITHERSPOON. KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1 ¶ 7.2 - 7.3.

2      2.     Based on the "expectations" of a fiduciary relationship, Mr. Waite

3 claims that he, "could not and did not question riding in the bed of the canopied

4 pickup truck". Complaint, ¶ 7.4.

5      3.     Mr. Waite further alleges that, "As a result of the negligent failure

6 of Defendant LDS Church to adequately supervise, train, and otherwise protect

7 plaintiff Thomas Waite, he suffered injuries and damages arising from this motor

8 vehicle collision". Complaint, ¶ 7.5.

9      4.     Mr. Waite specifically claims that the Church was negligent as

10 follows:

11      "(a) The LDS Church knew or should have known that allowing

12 missionaries to ride unrestrained in the bed of the canopied pickup truck greatly

13 increased the likelihood of injury in the event of collision;"

14      "(b) In failing to exercise reasonable care to protect its missionaries,

15 including Thomas Waite, by providing adequate transportation;"

16      "(c) In failing to have a policy in place prohibiting missionaries from riding

17 in beds of pickups or for having a policy which created the inference that such

18 conduct was acceptable;"

19      "(d) For failure to exercise reasonable care in the training of its driver

20 missionaries;"

21      "(e) In failing to exercise reasonable care in the entrustment of the pickup

22 to defendant Fossum ... ."

23      Complaint ¶ 6.2.

24      5.     On February 27, 2007, Defendant served six contention

25 interrogatories seeking the specific facts which Mr. Waite claimed supported each

26 of the allegations in paragraphs 6.2 and 7.5 of the Complaint.

27

28 MEMORANDUM IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT - 3
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion SJ re Specific Claims\Memo in Support oF SJ re Specific Claims FINAL .wpd

WITHERSPOON. KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1  6.    As to the Church defendants, the interrogatory answers for each

2  specific allegation were identical:

3  Mission leaders were aware that Donald Fossum was carrying
   passengers in the bed of the pickup and failed to take any action to
4  warn, train, or protect its missionaries, including Mr. Waite.
   Moreover, Mr. Waite was trained always to remain with a
5  companion.

6  Aff. of Rekofke, Exh. A.

7  7.    As to Mr. Fossum's alleged negligence, Mr. Waite answered:

8  Donald Fossum received no training or direction regarding
   missionaries riding in the bed of the pickup to which he was
9  assigned. He was neither advised to read the owner's manual nor the
   warnings contained within the manual.
10
   Aff. of Rekofke, Exh. A.
11
   8.    In its March 27, 2007, Order (Ct. Rec. 80) the Court held that:
12
        •    RCW 46.61.688 creates a substantive rule of evidence.
13
        •    Under Washington law, riding unrestrained in the bed of a
14
             pickup is not inherently risky.
15
        •    The failure of Mr. Waite to use a seatbelt in the bed of the
16
             pickup could not be introduced as evidence of his
17
             comparative negligence, thereby barring a number of
18
             affirmative defenses, including assumption of risk, estoppel,
19
             and violation of Church training, rules and policies.
20
                          **III. ARGUMENT**
21
   **A.    THE COURT'S PRIOR RULING REQUIRES DISMISSAL OF ALL CLAIMS**
22 **REGARDING MR. WAITE'S RIDING IN THE BACK OF THE PICKUP.**

23  1.    The Church Defendants and Fossum are Equally Entitled to the
          Benefit of the Court's Prior Ruling.
24
        As shown by Mr. Waite's allegations and discovery responses, all claims
25
   against Fossum and the Church are based on a breach of a fiduciary duty and their
26
   failure by policy, rule, training, supervision, or otherwise to prevent Mr. Waite
27
   MEMORANDUM IN SUPPORT OF MOTION FOR
28 PARTIAL SUMMARY JUDGMENT - 4
   G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion SJ re Specific Claims\Memo in Support oF SJ re Specific Claims FINAL .wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1 from riding unrestrained in the bed of the pickup. In fact, as set forth in its
2 response to Mr. Waite's seatbelt summary judgment motion, (Ct. Rec. 55-57) the
3 Church provided substantial supervision, training, policies, rules and a even had
4 a written contract with Mr. Waite regarding his safety while riding in vehicles as
5 a missionary.

6 Mr. Waite sought and received a substantive ruling that he cannot be found
7 negligent for riding unrestrained in the back of the truck, and that any evidence
8 to the contrary in the form of the Church's policies, rules , training, etc., is not
9 admissible.

10 That being the case, the Church and Fossum are entitled to the same benefit
11 of this evidentiary ruling. Mr. Waite cannot be allowed to claim that his injuries
12 were due to the Church's failure to have adequate safety policies, procedures,
13 rules, training, etc., relating to riding in vehicles and then prevent the Church
14 from introducing any evidence of its safety policies, rules, training, etc., relating
15 to riding in vehicles. A shield is a shield, regardless of who holds it. The shield
16 given to Mr. Waite in the Court's March 27, 2007, ruling is just that, a shield. It
17 cannot now be used by him as a sword. Moreover, the shield provided by the
18 court, is a shield for all, including the Church and Fossum. Otherwise, the shield
19 granted Mr. Waite becomes his sword, and the Church and Fossum would stand
20 defenseless.

21 **B. DISMISSAL OF ALL CLAIMS REGARDING MR. WAITE'S RIDING UNRESTRAINED IS REQUIRED UNDER RCW 46.61.688.**

22

23 1. The Statute Creates No Duty on the Church or Fossum.

24 Negligence rests on the premise that liability attaches whenever an actor
25 deviates from a legally imposed duty. Amend v. Bell, 89 Wn.2d 124, 132, 570
26 P.2d 138 (1977). As shown below, the seatbelt statute, RCW 46.61.688 did not
27 create a duty on Mr. Fossum or the Church to make Mr. Waite wear a seatbelt.

28 MEMORANDUM IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT - 5

G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion SJ re Specific Claims\Memo in Support oF SJ re Specific Claims FINAL .wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1    Under RCW 46.61.688, each adult passenger and driver is required to wear
2  his or her seatbelt while in a moving vehicle. The focus of the statute is on the
3  duty to "wear" a seatbelt, that is, to fasten one's own seatbelt. The statute does
4  not address whether a driver or vehicle owner must ensure that adult passengers
5  wear their seatbelts.  The statute only obliges a driver to ensure that those
6  passengers under the age of 16 are restrained.  RCW 46.16.688(4).  By not
7  including a similar provision making drivers responsible for adult passengers, the
8  statute places responsibility for restraining on the individual. Thus, an adult
9  unrestrained passenger, would be in violation of the statute, but the driver would
10  not be responsible for that passenger's failure to do so.

11    Moreover, even if the statute did create a duty in the present case,
12  Mr. Waite's claims must still be dismissed because the statute specifically
13  prohibits negligence claims based on the failure to restrain. As this Court has
14  already ruled, failure to comply with the requirements of 46.61.688(6) does not
15  constitute negligence, nor may any failure to wear a seatbelt be admissible as
16  negligence in any civil action.

17    Although the Legislature chose to encourage safety belt use by enacting a
18  mandatory safety belt statute, it also chose to limit the ramifications of failure to
19  comply. Under the plain language of the statute, any claim relating to a failure
20  to restrain must be dismissed.

21  **C.    THE FIRST AMENDMENT ALSO REQUIRES DISMISSAL OF THE BREACH
        OF FIDUCIARY DUTY, AND FAILURE TO HAVE ADEQUATE POLICY AND
22       TRAINING CLAIMS.**

23       1.    Religious Training and Policies Are Protected By the First
             Amendment.
24
25    The First Amendment to the United States Constitution bars government
26  involvement in disputes relating to the internal policies, training programs, and
    management of churches. *Turner v. Ch., Jesus Christ*, 18 SW. 3d 877, 889
27
MEMORANDUM IN SUPPORT OF MOTION FOR
28  PARTIAL SUMMARY JUDGMENT - 6
    G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion SJ re Specific Claims\Memo in Support of SJ re Specific Claims FINAL .wpd

WITHERSPOON. KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1 (Tex.App.-Dallas 2000); citing, *Serbian E. Orthodox Diocese v. Milivojevich*, 426
2 U.S. 696, 709 (1976).

3      It has been repeatedly held that Churches possess a fundamental right "to
4 be free from government interference in their internal management and
5 administration ... ." *Combs v. Central Texas Annual Conference*, 173 F.3d 343,
6 350 (5th Cir. 1999), relying on, *E.E.O.C. v. Catholic University*, 83 F.3d 455, 462
7 (D.C. Cir. 1996) and the cases cited therein; *see also Dowd v. Society of St.*
8 *Colombans*, 861 F.2d 761, 764 (1st Cir. 1988) (holding that First Amendment bars
9 courts from dictating the medical and financial obligations of a religious
10 organization to its missionaries).

11      2.    Church Training, Policies and Relationship With Missionaries Are
             All Religious Activities.
12
13      In *Turner, supra*, an LDS Missionary sued the Church for injuries sustained
    while on a mission in Guatemala.   *Turner*, 18 SW. 3d at 884.  Turner alleged
14
    multiple negligent acts by the Church including:
15
16      •     the Church failed to warn of known risks;

17      •     the Church failed to adequately educate and train regarding risks;

18      •     the Church had inadequate policies regarding missionary's health and
    welfare;
19
20      •     the Church failed to provide with adequate protection to ensure
    safety. *Id*.
21
22      Each of these claims clearly implicated the Church's Missionary Training
    Program and alleged deficiencies in the same.  *Id*. at 891.  In dismissing Turner's
23
    claims via summary judgment the court held: "The entire Missionary Program,
24
    including the training program, is a religious activity."  *Id*.  The Court went on to
25
    hold:
26
      Essentially, the Turners' claims allege that the Church inadequately
27
MEMORANDUM IN SUPPORT OF MOTION FOR
28 PARTIAL SUMMARY JUDGMENT - 7
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion SJ re Specific Claims\Memo in Support oF SJ re Specific Claims FINAL .wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1  trained Turner ... . If the courts address these allegations and find for the Turners, then the courts will be ruling that the curriculum at the missionary training program left Turner unprepared ... . *Id.* at 891-892.

To rule on this, the Court held, would require the Court to regulate the "activity of operating a mission" and to so rule would be an unconstitutional encroachment into the internal affairs of the Church. *Id* at 892.

3.  Turner's Analysis Applies and Bars Waite's Claims.

Here, as in *Turner*, the Court is being asked to determine the nature of the relationship between the Church and its missionaries as well as the adequacy of the Church's policies for the protection and training of its missionaries. Like the *Turner* Court, this Court cannot examine the Church's policies and rule on the effectiveness of its missionary training program without regulating the Church's activity of operating its missions. This would be an unconstitutional interference into Church affairs.

## IV.  CONCLUSION

Based on the facts and law above, Church Defendant's and Fossum's Motion for Partial Summary Judgment should be granted and the claims alleged in the Complaint at paragraphs 6.2, 7.4 and 7.5 should be dismissed with prejudice.

DATED this ___ day of May, 2007.

WITHERSPOON, KELLEY, DAVENPORT & TOOLE

By: _____
Brian T. Rekofke, WSBA No. 13260
Ross P. White, WSBA No. 12136
Attorneys for LDS and Donald Fossum

MEMORANDUM IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT - 8
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion SJ re Specific Claims\Memo in Support oF SJ re Specific Claims FINAL .wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1

## CERTIFICATE OF SERVICE

2

3       I hereby certify that on the \\\\ day of May, 2007:

4

5       1.    I electronically filed the foregoing **CHURCH DEFENDANTS AND DONALD C. FOSSUM'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

6

7

8

9

10            (for Waite) Richard C. Eymann and Stephen L. Nordstrom;
              (for Brodhead) Andrew C. Smythe

11

12      2.    I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants at the address listed below: **None.**

13

14

15      3.    I hereby certify that I have hand delivered the document to the following participants at the addresses listed below: **None.**

16

17

18

19

20            _____
              Kimberley L. Hunter, Legal Assistant

21            Witherspoon, Kelley, Davenport & Toole, P.S.
              422 W. Riverside Ave., #1100

22            Spokane, WA 99201-0300
              Phone: 509-624-5265

23            Fax: 509-478-2728
              kimh@wkdtlaw.com

24

25

26

27

MEMORANDUM IN SUPPORT OF MOTION FOR
28  PARTIAL SUMMARY JUDGMENT - 9
    G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Motion SJ re Specific Claims\Memo in Support oF SJ re Specific Claims FINAL .wpd

WITHERSPOON. KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265