RICHARD C. EYMANN
Eymann Allison Hunter Jones, P.S.
2208 West Second Avenue
Spokane, WA  99201-5417
(509) 747-0101

STEPHEN L. NORDSTROM
Nordstrom & Nees, P.S.
323 South Pines Road
Spokane, WA  99206
(509) 924-9800

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS A. WAITE, | ) |
| | ) **Case No.: CV-05-399-EFS** |
| Plaintiff, | ) |
| | ) |
| vs. | ) **PLAINTIFF'S MEMORANDUM** |
| | ) **IN OPPOSITION TO** |
| CORPORATION OF THE PRESIDING | ) **DEFENDANTS' MOTION FOR** |
| BISHOP OF THE CHURCH OF JESUS | ) **PARTIAL  SUMMARY** |
| CHRIST OF LATTER DAY SAINTS, a | ) **JUDGMENT** |
| Utah corporation; CORPORAITON OF | ) |
| THE PRESIDENT OF THE CHURCH OF | ) |
| JESUS CHRIST OF LATTER DAY | ) |
| SAINTS,  a Utah corporation; DONALD C. | ) |
| FOSSUM; and STEVEN D. BRODHEAD, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1**

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

Dockets.Justia.com

Plaintiff, by and through his attorneys, STEPHEN L. NORDSTROM and RICHARD C. EYMANN, hereby respond to the church Defendants and Donald C. Fossum's Motion for Partial Summary Judgment regarding specific claims.

## I.    INTRODUCTORY RESPONSE

Defendants contend that because this Court previously ruled that Plaintiff's failure to wear a seatbelt cannot be used at trial as evidence of his negligence, that evidence regarding all acts or omissions by Defendant church is also inadmissible at trial.  Plaintiff disputes this contention.

## II.    FACTS

1.    In answer to Plaintiff's Complaint, Defendant church and Defendant Fossum admitted that a "special relationship" existed between Mr. Waite and the church.  (Defendant's Answer, paragraph 7.3).

2.    Defendant church denied that the special relationship between Mr. Waite and the church was fiduciary in nature.  (Joint Status Certificate and Discovery Plan, page 5, lines 7-8).

## III.  ARGUMENT

A.    **Defendant Church is not Entitled to Equal Benefit of this Court's Prior Ruling.**

PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

"The existence of a fiduciary duty depends upon satisfactory proof of a special relationship. This relationship is known as a fiduciary relationship." *Bear Medicine v. United States,* 241 F.3d 1208, 1218-1219 (9th Cir. 2001).

In the present case, the defendant church has acknowledged that while Mr. Waite was on his mission, a "special relationship" existed between him and the church. ("…admit that a 'special relationship' existed between Mr. Waite and the church." Defendant's Answer, Paragraph 7.3); "…Defendant LDS Church concedes a special relationship between itself and Mr. Waite. ..." (Joint Status Certificate and Discovery Plan, page 5, lines 6-7). Where a special relationship exists, there is an enhanced duty of care. *AAS-DMP Mgt., L.P. v. Acordia Northwest, Inc.,* 115 Wn. App. 833, 839, 63 P.3d 860 (2003). This duty may include foreseeing whether one may become a victim, *Walker v. State*, 60 Wn. App. 624, 806 P.2d 249 (1991), rendering advice, *AAS-DMP Mgt., L.P.,* supra, 115 Wn. App. at p. 839,   providing superior knowledge or information, *Miller v. United States Bank, N.A.,* 72 Wn. App. 416, 865 P.2d 536 (1994), or a general duty to act in the best interest of the beneficiary party, *Davis v. Church of Jesus Christ of Latter Day Saints,* 258 Mont. 286, 295-296 (1993).   However, Defendant church denies that this special relationship between Mr. Waite and the church was of a fiduciary nature. (Joint Status Certificate and Discovery Plan, p. 5, lines 7-8).

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

When considering the church's denial of a fiduciary duty in conjunction with the enhanced duties which accompany the acknowledged special relationship that existed between Mr. Waite and the unequivocally stronger positioned Defendant church, there are clearly questions of fact as to whether Defendant is entitled to wield the same shield as the Plaintiff.

It should be noted that Defendant church did not address the issue of *respondeat superior* in its memorandum, and the church's negligence arising from the motor vehicle collision, which issue is separate from the fiduciary relationship question.

B. **Defendants' Liability is Predicated on Secular Conduct and Does Not Involve the Interpretation of Church Doctrine or Religious Beliefs**.

Defendant makes the broad statement that "religious training and policies are protected by the First Amendment," (Defendant's Memorandum, p. 6, lines 2-3). But the church provides no support or factual discussion that tortious conduct such as being a cause in fact of the motor vehicle collision or activities associated with that conduct somehow constitutes religious training or policy. Rather, Defendants rely solely on *Turner v. Church of Jesus Christ of Latter Day Saints*, 18 S.W.3d 877, 889 (Tex. App. Dallas 2000), and that court's all encompassing swath, that, "[t]he entire missionary program, including the training program, is a religious activity." *Id.* However, *Turner* did not involve a motor vehicle collision and that court was not asked to address training

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

regarding traffic safety and rules of the road, driver's education, highway safety training, or whether missionaries were provided training regarding the specific laws of the state.

It is difficult to conceive of more secular issues than a motor vehicle collision or a corporation's duty regarding the vehicular safety of those individuals whom it governs, or others who may be adversely affected by those whom it governs. It is also difficult to believe that a court would allow any church, including the Mormon church with a force of 58,000 missionaries, most of whom begin their missions at age 19 (*Turner*, 18 S.W.3d at 882), to claim something akin to diplomatic immunity if it failed to properly instruct its missionaries regarding secular traffic safety and rules of the road. Yet, Defendants contend, "This court cannot examine the church's policies and rule on the effectiveness of its missionary training program. … ," even though the issue is traffic safety and rules of the road. (Defendant's Memorandum, p. 8, lines 10-12). However, as previously noted in Plaintiff's own memorandum in support of partial summary judgment, the Supreme Court of the State of Washington does not agree.

Issues that are secular in nature are not barred by the First Amendment. This proposition was specifically addressed in *S.H.C. v. Sheng-Yen Lu,* 113 Wn. App. 511, 54 P.3d 174 (2002), rev. den. by *S.H.C. v. Lu*, 149 Wn.2d 1011, 69 P.3d 874 (2003).

> ***Our (Washington state) supreme court then considered whether the claims against the church were barred by the First Amendment. The court stated that "[t]he First Amendment does not provide churches with absolute immunity to engage in tortious conduct. So long as liability is predicated on secular conduct and does not involve the interpretation of church***

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 5**

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

*doctrine or religious beliefs, it does not offend constitutional principles."*
*The court held that because these principles were not offended by the case*
*before it, there was no constitutional bar to the claim. (footnote citation*
*omitted)*

13 Wn. App. at 520 (footnote citation omitted).

## IV.  CONCLUSION

Defendant church owes the Plaintiff an enhanced duty of care, and therefore does

not stand in the same shoes as the Plaintiff.  Further, the issues before the Court are

secular in nature, and are not precluded by the First Amendment.  Defendant's Motion for

Partial Summary Judgment should be denied.

DATED this 22nd day of May, 2007.

NORDSTROM & NEES, P.S.

By:  _s/Stephen L. Nordstrom_
         STEPHEN L. NORDSTROM, WSBA #11267
         Co-Counsel for Plaintiff

EYMANN ALLISON HUNTER JONES, P.S.

By:  _Telephonically Approved 5/22/07_
         RICHARD C. EYMANN, WSBA #7470
         Co-Counsel for Plaintiff

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

## CERTIFICATE OF SERVICE

I, Stephen L. Nordstrom, hereby certify that on the 22nd day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following participants:

Brian T. Rekofke
Witherspoon Kelley Davenport & Toole
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201-0302

Andrew C. Smythe
Paine Hamblen Coffin Brooke & Miller
717 W. Sprague Avenue, Suite 1200
Spokane, WA  99201-3503


      s/Stephen L. Nordstrom
STEPHEN L. NORDSTROM

NORDSTROM & NEES, P.S.
ATTORNEYS AT LAW
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800