1  Brian T. Rekofke
   Ross P. White
2  Witherspoon, Kelley, Davenport & Toole
   1100 US Bank Building
3  422 West Riverside
   Spokane, WA 99201
4  (509) 624-5265

5  Attorneys for Church Defendants and Donald C. Fossum

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| THOMAS A. WAITE, | |
|---|---|
| Plaintiff, | Case No.: CV-05-399-EFS |
| vs. | |
| THE CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation; THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation; DONALD C. FOSSUM; and STEVEN D. BRODHEAD, | CHURCH DEFENDANTS AND DONALD C. FOSSUM'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DISMISSAL |
| Defendants. | |

## I. NATURE OF THE CASE/RELIEF SOUGHT

Thomas Waite was injured when an LDS Church-owned truck driven by fellow missionary, Donald Fossum was hit by Steven Brodhead. Mr. Waite has brought direct negligence claims against Brodhead and Fossum and alleges vicarious liability against the Church. It being undisputed that the cause in fact of the accident was Mr. Brodhead's criminal recklessness, and that Mr. Fossum owed no legal duty to Mr. Waite to prevent Brodhead's criminal acts, This case should be dismissed as to Fossum and the Church.

MEMORANDUM IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 1
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Memo in Support of SJ Re Causation 040507.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

## II. FACTS

A. **BRODHEAD'S CONDUCT.**

1. On August 21, 2003, Steven Brodhead drove his Honda through a 4-way stop sign intersection at Eighth and Adams and collided with the side of an LDS Church-owned truck driven by Donald Fossum. Defendants' LR 56 Statement of Facts, ¶ 1.

2. Prior to the accident, Brodhead had been diagnosed with depression, and prescribed Zoloft. Id. ¶ 2.

3. On the day of the accident Brodhead had failed to take his prescription anti-depression medication. Id. ¶ 3.

4. At the time of the accident, Brodhead was angry and driving in an agitated manner. Id. ¶ 4.

5. Just prior to the accident, Brodhead was involved in a verbal altercation with another driver. Id. ¶ 5.

6. Following his verbal altercation with another driver, Brodhead accelerated his vehicle to speeds in excess of 70 miles per hour on a residential street. Id. ¶ 6.

7. While traveling at or near 70 mph Brodhead saw a stop sign at the next intersecting arterial. He slammed on his brakes and slid into the side of the Church truck driven by Donald Fossum. Id. ¶ 7.

8. At the time of the accident, Brodhead's brakes were deficient. Id. ¶ 8.

9. Had Brodhead's brakes been in proper working order he could have avoided the accident because he would have stopped about 60 feet short of the collision. Id. ¶ 9.

MEMORANDUM IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 2
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Memo in Support of SJ Re Causation 040507.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1  10. On March 15, 2004, Brodhead pled guilty to charges of 3rd degree attempted assault and reckless driving. He paid a $760 fine, had his license suspended for 30 days, spent three days in jail and spent two years on probation. Id. ¶ 10.

**B.  FOSSUM'S CONDUCT.**

11. Donald Fossum came to the four-way-stop intersection at Adams and Eighth and bought his truck to a complete stop. Id. ¶ 11.

12. Mr. Fossum was the favored driver when he stopped at the 4-way stop intersection. Id. ¶ 12.

13. After coming to a complete stop, there is no specific time as the favored driver that Fossum had to wait and/or look around before proceeding. Id. ¶ 13.

14. As the favored driver, Fossum could expect Brodhead (or any driver) to reduce speed, yield and allow Fossum to cross the intersection. Id. ¶ 14.

15. Fossum did not have to assume Brodhead would go twice the speed limit and had bad brakes. Id. ¶ 15.

16. If Fossum did not see Brodhead he would have no notice that Brodhead was violating the law and if Fossum had no opportunity to detect or identify the potential hazard, he could not react to it. Id. ¶ 16.

**C.  ADMISSION OF NEGLIGENCE.**

17. Either by stipulation or by motion Defendant Brodhead will be amending his answer in this case to admit negligence and that his negligence caused injuries. Id. ¶ 17.

MEMORANDUM IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 3
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Memo in Support of SJ Re Causation 040507.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

## III. ARGUMENT

A. **WAITE'S FAILURE TO ESTABLISH DUTY AND CAUSATION REQUIRES DISMISSAL.**

1. <u>Waite Has The Burden Of Establishing Duty and Causation</u>.

> The courts of this state have consistently recognized the rule that when a plaintiff brings an action in tort, regardless of the particular doctrine relied upon, he has the burden of showing that
>
> > (1) there is a statutory or common law rule that imposes a *duty* upon defendant to refrain from the complained of conduct and that is designed to protect the plaintiff against harm of the general type; (2) the defendant's conduct violated the duty; and (3) there was a sufficiently close, actual, causal connection between defendant's conduct and the actual damage suffered by plaintiff.

<u>Maltman v. Sauer</u>, 84 Wn.2d 975, 980 (1975), (emphasis in original) (citing, <u>Rikstad v. Holmberg</u>, 76 Wn.2d 265 (1969).

The seminal case in Washington discussing and analyzing the intertwined concepts of duty and causation is <u>Hartley v. State</u>, 103 Wn.2d 768 (1985). In <u>Hartley</u>, an intoxicated driver crossed the center line, struck and killed Janet Hartley. He later pleaded guilty to negligent homicide. The issue presented in <u>Hartley</u> was whether the state owed Mrs. Hartley a legal duty to protect her from the intoxicated driver (by revoking his license prior to the accident) and/or whether the state's acts or omissions were a proximate cause of Mr. Hartley's death. The Court began its causation discussion as follows:

> . . . we distinguish between cause in fact and legal causation. Negligence, of course, requires duty, breach and resultant injury; and the breach of duty must also be shown to be a proximate cause of the injury. Additionally, Washington law recognizes two elements to proximate cause: cause in fact and legal causation.

<u>Hartley</u>, at 777. (Citations omitted.)

MEMORANDUM IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 4
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Memo in Support of SJ Re Causation 040507.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

The Court then explained the distinction between factual and legal causation:

> Cause in fact refers to the "but for" consequences of an act — the physical connection between an action and an injury.

Hartley, at 778. (Emphasis in original) (Citations omitted.)

> Legal causation, on the other hand, rests on policy considerations as to how far the consequences of defendant's acts should extend. It involves a determination of whether liability *should* attach as a matter of law given the existence of cause in fact. If the factual elements of the tort are proved, determination of legal liability will be dependent on "mixed consideration of logic, common sense, justice, policy, and precedent."

Hartley, at 778. (Citations omitted.)

As shown below, Mr. Brodhead was the cause in fact of the accident.

2.  <u>Brodhead's Criminally Reckless Conduct was the Cause in Fact of the Accident.</u>

It is undisputed that when Fossum came to a complete stop at the four-way intersection at 8th and Adams he was the favored driver as a matter of law:

> The favored driver on an arterial protected by a stop sign has one of the strongest rights of way which the law allows.

Poston v. Mathers, 77 Wn.2d 329, 333 (1969) (citation omitted).

In addition to one of the legally strongest rights of way, plaintiff's expert concedes that as a favored driver:

- Fossum could expect Brodhead to reduce speed, yield and allow Fossum to cross the intersection.
- There was no specific time that Fossum had to wait and/or look before proceeding.
- Fossum did not have to assume Brodhead was going twice the speed limit and had bad brakes.

MEMORANDUM IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 5
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Memo in Support of SJ Re Causation 040507.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

Based on the undisputed facts, reasonable minds cannot differ that the cause in fact of the accident was Mr. Brodhead's agitated driving at twice the speed limit with bad brakes, and running a stop sign. Further proof of Brodhead as the cause in fact of the accident is found in his guilty plea and soon to be amended answer admitting negligence.

Mr. Waite's case fails against Fossum and the Church because neither were the cause in fact of the Accident. Additionally, neither Fossum nor the Church were the legal cause of Mr. Waite's injuries.

3. <u>Fossum Owed No Legal Duty to Waite to Protect him From Brodhead's Criminal Conduct</u>.

With regard to legal causation, the Supreme Court in <u>Hartley</u> provides the starting point:

> It is quite possible, and often helpful, to state every question which arises in connection with "proximate cause" [legal causation] in the form of a single question: was the defendant under a duty to protect the plaintiff against the event which did in fact occur? . . . The question becomes particularly helpful in cases where the only issue is in reality whether the defendant is under any duty to the plaintiff at all — which is to say, whether he stands in any such relation to the plaintiff as to create any legally recognized obligation of conduct for his benefit.

<u>Hartley</u>, at 779-780 (<u>quoting</u>, W. Prosser, Torts § 42 at 244 (4th Ed. 1971)).

Starting with this fundamental question, the issue presented is whether on August 21, 2003, Mr. Fossum had a duty to foresee that Steven Brodhead would fail to take his antidepressant medication, would be involved in a road rage incident, would thereafter drive in excess of 70 miles per hour on a residential street without proper brakes, run a stop sign, and strike the side of the Church truck thus injuring Mr. Waite. Years of case law in Washington hold that

MEMORANDUM IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 6
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Memo in Support of SJ Re Causation 040507.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1  criminally reckless conduct by a third party driver is too remote as a matter of law
2  to impose liability on Fossum.
3      In Medrano v. Schwendman, 66 Wn. App. 607 (1992), Mr. Schwendman
4  was the driver in a one vehicle injury accident in King County. After drinking at
5  home and at a nearby tavern, Mr. Schwendman lost control of his truck and hit
6  a utility pole placed by Puget Power, injuring Medrano, a passenger who was
7  riding in the bed of the truck. Schwendman was convicted of two counts of
8  vehicular assault in a criminal action, then sued by Medrano civilly. In the civil
9  action, Schwendman claimed as an affirmative defense the negligence of King
10 County as to the design and maintenance of the road where the accident occurred
11 and the negligence of Puget Power as to the position of the power pole which was
12 struck by his truck. Citing several other cases of extreme negligence or careless
13 driving, the Court of Appeals held that neither King County nor Puget Sound
14 should be required to protect against the consequences of criminally reckless
15 drivers. Given that Schwendman's driving was the legal cause of the accident, the
16 Court reasoned that any alleged improper maintenance of the road or possible
17 negligent placement of the pole were too remote to impose liability. Summary
18 judgment in favor of the County and Puget Power was affirmed.
19     The Court of Appeals again discussed criminally reckless conduct in
20 Minahan v. Western Washington Fair Ass'n, 117 Wn. App. 881 (2003). The
21 plaintiff, Minahan, was hired by her son, Bettcher, to help him disc jockey a high
22 school dance at the Western Washington fairgrounds. After the dance, Minahan
23 was helping load her son's vehicle, which was legally parked on the street next
24 to the fairgrounds. An intoxicated driver struck Minahan while she stood behind
25 the legally parked car, causing severe injuries. Minahan sued a number of
26 individuals and entities, including her son, Bettcher, claiming as her employer,
27
28 MEMORANDUM IN SUPPORT OF MOTION FOR
   SUMMARY JUDGMENT OF DISMISSAL - 7
   G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Memo in Support of SJ Re Causation 040507.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1 Bettcher owed her a duty of care. Defendants' motions for summary judgment on
2 proximate cause were denied by the trial court. On appeal, the Court framed the
3 issue as follows:

> As Minahan's employer, Bettcher owed her a duty of care. The question thus becomes whether a criminally reckless, drunken driver who veered into a legal parking space was a foreseeable risk of Minahan's employment on the night she was injured.

Minahan, at 894.

The Court went on to hold:

> Reasonable minds would conclude only that Bettcher's disc jockey business fostered no foreseeable risk of criminal conduct.

Minahan, at 895. The same is true in this case. There is nothing in the relationship between Mr. Waite and Mr. Fossum whereby Mr. Fossum could anticipate criminally reckless conduct by Steven Brodhead.

## IV. CONCLUSION

Steven Brodhead was the cause in fact of the accident that injured Mr. Waite. Brodhead's criminally reckless conduct was not foreseeable and therefor Fossum owed no duty to Mr. Waite. Accordingly, the Motion should be granted and this case dismissed as to the Church defendants and Fossum.

DATED this 25th day of May, 2007.

**WITHERSPOON, KELLEY, DAVENPORT & TOOLE**

By: /s/ Brian T. Rekofke
Brian T. Rekofke, WSBA No. 13260
Ross P. White, WSBA No. 12136
Attorneys for Church Defendants and
Donald C. Fossum

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

# CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May, 2007.

1. I electronically filed the foregoing **CHURCH DEFENDANTS AND DONALD C. FOSSUM'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DISMISSAL** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

   (for Waite) Richard C. Eymann and Stephen L. Nordstrom;
   (for Brodhead) Andrew C. Smythe

2. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants at the address listed below: **None.**

3. I hereby certify that I have hand delivered the document to the following participants at the addresses listed below: **None.**

Kimberley L. Hunter, Legal Assistant
Witherspoon, Kelley, Davenport & Toole, P.S.
422 W. Riverside Ave., #1100
Spokane, WA 99201-0300
Phone: 509-624-5265
Fax: 509-478-2728
kimh@wkdtlaw.com

MEMORANDUM IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 9
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Memo in Support of SJ Re Causation 040507.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265