Brian T. Rekofke
Ross P. White
Witherspoon, Kelley, Davenport & Toole
1100 US Bank Building
422 West Riverside
Spokane, WA 99201
(509) 624-5265

Attorneys for Church Defendants and Donald C. Fossum

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

THOMAS A. WAITE,

 Plaintiff,

vs.

THE CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation; THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation; DONALD C. FOSSUM; and STEVEN D. BRODHEAD,

 Defendants.

Case No.: CV-05-399-EFS

CHURCH DEFENDANTS AND DONALD C. FOSSUM'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

Mr. Waite's response ignores the clear language and intent of RCW 46.61.688(6); this Court's prior ruling and even the allegations in his own Complaint in arguing that an alleged fiduciary relationship and the secular nature of motor vehicle accidents precludes summary judgment.

CHURCH DEFENDANTS AND DONALD C. FOSSUM'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT- 1
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\Reply ISO Mtn for Partial SJ 052907.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

As shown below, RCW 46.61.688(6) does not distinguish between plaintiffs and defendants in its unequivocal pronouncement that riding unrestrained is not negligent and evidence to the contrary is inadmissible. Similarly, Mr. Waite's fiduciary duty argument (although unsupported by Washington law) makes no difference. Regardless of whether the Church owed a duty of "reasonable care" or some "enhanced" fiduciary duty, the evidence (which undisputedly exists) is the same and has been excluded. Last, while motor vehicle accidents and traffic laws are secular, Mr. Waite claims that it was the Church's failure to "supervise, train and protect" him as a missionary that caused his injuries. Inquiry into the alleged failure to "supervise, train and protect" requires review of Church doctrine and is barred by the First Amendment. Defendants are entitled to judgment as a matter of law.

## II. FACTS

1. Defendants set forth eight undisputed facts in support of their Motion.

2. Mr. Waite disputes none of the eight facts, and asserts one additional fact: that the Church denies a fiduciary relationship and admits instead to a "special relationship."

3. Defendants do not dispute this additional fact.

## III. ARGUMENT

**A. THERE IS NO BASIS FOR DISPARATE TREATMENT OF THE EVIDENCE RULES AND SUMMARY JUDGMENT SHOULD BE GRANTED.**

1. <u>RCW 46.61.688(6) states: "Failure to comply with the requirements of this section does not constitute negligence . . ."</u>

As the Court held in its summary judgment in favor of Mr. Waite (Court Record 80), the seatbelt statute is substantive. It states plainly that failure to wear

CHURCH DEFENDANTS AND DONALD C.
FOSSUM'S REPLY BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT- 2
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\Reply ISO Mtn for Partial SJ 052907.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

Case 2:05-cv-00399-EFS    Document 124    Filed 05/30/2007

a seatbelt is "not . . . negligence." Accordingly, Mr. Waite was not negligent for riding unrestrained in the back of the truck. Since the statute does not distinguish between plaintiff and defendant, but rather simply mandates that failure to wear a seatbelt is not negligent, neither Donald Fossum nor the Church can be liable for allowing Mr. Waite's non-negligent act.

For obvious reasons, no court has ever held that it was negligence for the driver to permit a passenger not to wear a seatbelt. See, "Liability of Owner or Operator of Motor Vehicle or Aircraft for Injury or Death Allegedly Resulting from Failure to Furnish or Require Use of Seatbelt." 49 ALR 3rd 295. (Appended as Attachment A.) The annotation states: "No cases have been found in which it was held that the owner or operator of an automobile was under a duty to require or suggest to passengers that available seatbelts be worn. . ." Id. at 299.

2. <u>RCW 46.61.688(6) states: ". . . nor may failure to wear a safety belt assembly be admissible as evidence of negligence in any civil action."</u>

Again, the mandatory prohibition of evidence of failure to wear a seatbelt does not distinguish between Mr. Waite as plaintiff, and Mr. Fossum or the Church as defendant. Mr. Waite is barred from offering evidence that he was unrestrained as negligence in this civil action. For this reason, Waite's claim fails as a matter of law because essential elements of his negligence claim (i.e., duty, breach) are lacking.

3. <u>Mr. Waite's reliance on alleged issues of fact concerning fiduciary duty does not preclude summary judgment</u>.

As pointed out by Mr. Waite, the Church admits to a "special relationship" with him but denies a fiduciary relationship. This point of contention and Mr. Waite's discussion of various fiduciary duty cases in his responsive brief does not preclude summary judgment for two reasons. First, Mr. Waite is incorrect on
CHURCH DEFENDANTS AND DONALD C.
FOSSUM'S REPLY BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT- 3
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\Reply ISO Mtn for Partial SJ 052907.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

the applicable law.[1]  Second, whether the duty owed was one of reasonable care or some undefined "enhanced" fiduciary duty makes no difference.  The proof of "reasonable care" or an "enhanced" fiduciary duty undisputedly exists in the form of Mr. Waite's driving contract and Church policies, rules and training.  This evidence establishes compliance with the duty of reasonable care or fiduciary duty but has been excluded by the Court.

   4.   <u>Mr. Waite cannot simultaneously use the prior ruling as a shield and sword</u>.

Mr. Waite's desire to simultaneously enjoy the benefit of the Court's ruling as a shield and sword has been barred in an analogous criminal case.

The United States Supreme Court discussed the shield and sword issue in <u>Harris v. New York</u>, 401 U.S. 222 (1971).  In <u>Harris</u>, the petitioner/criminal defendant was convicted for selling heroin to an undercover police officer.  The petitioner's statement made to the police immediately following arrest was held inadmissible under *Miranda* and excluded as evidence at trial.  The petitioner took the stand at trial and testified in contradiction to the excluded statement.  On cross examination, the petitioner was impeached by use of the excluded statement and subsequently convicted.  Petitioner appealed, claiming improper use of the excluded evidence.  In affirming the conviction, the <u>Harris</u> court noted:

> It is one thing to say that the government cannot make affirmative use of evidence unlawfully obtained.  It is quite another to say that the defendant can turn the illegal method by which evidence in the Government's possession was obtained to his own advantage, and provide himself with a shield against contradiction of his untruths.  Such an

---

[1] Washington law imposes a duty of "reasonable care" on churches (<u>C.J.C. v. Corporation of the Catholic Bishop</u>, 138 Wn.2d 699, p. 727 (1999), and declines to impose fiduciary duties on Church organizations (<u>S.H.C. v. Lu</u>, 113 Wn. App. 511, 524-527 (2002).

CHURCH DEFENDANTS AND DONALD C.
FOSSUM'S REPLY BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT- 4
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\Reply ISO Mtn for Partial SJ 052907.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

extension of the *Weeks* doctrine would be a perversion of the Fourth Amendment.

Harris, at 224 (citing Walder v. United States, 347 U.S. 62 (1954)).

The Harris court concluded:

> The shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances. We hold, therefore, the petitioner's credibility was appropriately impeached by use of his earlier conflicting statements.

Harris, at 226.

Obviously no one is accusing Mr. Waite of perjury or anything of the like. Nonetheless, he is in an analogous position to that of the petitioner in Harris. By using the seatbelt statute as shield a sword, Mr. Waite can create a false impression at trial that the Church violated its duty of reasonable care (or an enhanced fiduciary duty) by not taking steps to protect Mr. Waite from riding unrestrained. It is undisputed that steps were in fact taken. It is therefore improper here, as in Harris for Mr. Waite to use an evidentiary ruling excluding evidence "to his own advantage and provide himself a shield against contradiction. . ." Harris, at 224.

**B.  THE CLAIMS FOR BREACH OF FIDUCIARY DUTY AND FAILURE OF CHURCH POLICY AND TRAINING ARE BARRED.**

1.  The Claims Against the Church are religious, not secular.

Mr. Waite argues that secular conduct is not protected by the First Amendment, and since motor vehicle accidents and traffic safety laws are secular in nature, they do not implicate the First Amendment. The answer to this argument is found in the very case plaintiff cites, S.H.C. v. Lu, 113 Wn. App. 511 (2002):

> S.H.C. argues that the cause of action here must be measured against secular concepts of liability. The implication of this

CHURCH DEFENDANTS AND DONALD C.
FOSSUM'S REPLY BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT- 5
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\Reply ISO Mtn for Partial SJ 052907.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

argument is that if we do so, she will prevail. But focusing on whether the alleged activity by Grandmaster Lu is secular does not fully address the constitutional issue: whether resolution of the legal issues necessarily would require a civil court to become involved in interpreting Church doctrine to determine the Temple's liability. Thus, although the alleged activities of Grandmaster Lu may be secular in this case, that does not address whether a civil court may avoid interpreting doctrine of the True Buddha religion to address whether the Temple is liable for negligent supervision.

S.H.C. v. Lu, at p. 523.

The Lu Court upheld dismissal of S.H.C.'s negligent supervision and business invitee claims because each claim required review of Church doctrine, despite the secular nature of the liability causing events.

As demonstrated in S.H.C. v. Lu, arguing that motor vehicle accidents and traffic rules are secular in nature does not answer the question. Mr. Waite claims that he had a fiduciary relationship in which he "could not question" riding in the bed of the canopy pickup and that the Church's failure to "supervise, train and protect" caused his injuries. Each of these allegations requires the Court to interpret Church doctrine and the Church's relationship with its missionaries. As demonstrated in defendants' the opening brief, this inquiry is barred by the First Amendment.

## IV. CONCLUSION

For the above reasons, defendants' Motion should be granted.

DATED this 30th day of May, 2007.

**WITHERSPOON, KELLEY, DAVENPORT & TOOLE**

By: /s/ Brian T. Rekofke
Brian T. Rekofke, WSBA No. 13260
Ross P. White, WSBA No. 12136
Attorneys for Church Defendants and
Donald C. Fossum

CHURCH DEFENDANTS AND DONALD C.
FOSSUM'S REPLY BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT- 6
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\Reply ISO Mtn for Partial SJ 052907.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2007.

1. I electronically filed the foregoing CHURCH DEFENDANTS AND DONALD C. FOSSUM'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

   (for Waite) Richard C. Eymann and Stephen L. Nordstrom;
   (for Brodhead) Andrew C. Smythe

2. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants at the address listed below: **None.**

3. I hereby certify that I have hand delivered the document to the following participants at the addresses listed below: **None.**

Kimberley L. Hunter, Legal Assistant
Witherspoon, Kelley, Davenport & Toole, P.S.
422 W. Riverside Ave., #1100
Spokane, WA 99201-0300
Phone: 509-624-5265
Fax: 509-478-2728
kimh@wkdtlaw.com

CHURCH DEFENDANTS AND DONALD C.
FOSSUM'S REPLY BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT- 7
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\Waite MSJ\Reply ISO Mtn for Partial SJ 052907.wpd:ks

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265