RICHARD C. EYMANN
Eymann Allison Hunter Jones P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
(509) 747-0101

NORDSTROM LAW FIRM, PLLC
STEPHEN L. NORDSTROM
323 South Pines Road
Spokane, WA 99206
(509) 924-9800

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS A. WAITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case No.: CV-05-399-EFS** |
| vs. | ) |
| | ) |
| CORPORATION OF THE PRESIDING | ) **PLAINTIFF'S MEMORANDUM** |
| BISHOP OF THE CHURCH OF JESUS | ) **IN RESPONSE TO CHURCH** |
| CHRIST OF LATTER DAY SAINTS, a | ) **DEFENDANTS AND** |
| Utah corporation; CORPORAITON OF | ) **DONALD C. FOSSUM'S** |
| THE PRESIDENT OF THE CHURCH OF | ) **MOTION FOR SUMMARY** |
| JESUS CHRIST OF LATTER DAY | ) **JUDGMENT OF DISMISSAL** |
| SAINTS, a Utah corporation; DONALD C. | ) |
| FOSSUM; and STEVEN D. BRODHEAD, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO**
**DEFENDANTS' MOTION FOR SUMMARY**
**JUDGMENT OF DISMISSAL** - 1

NORDSTROM LAW FIRM, PLLC
STEPHEN L. NORDSTROM
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

# I. **INTRODUCTION**

The two LDS Church defendants and defendant DONALD C. FOSSUM (collectively "the Defendants") contend that this litigation should be dismissed as a matter of law on both the issue of cause in fact and legal causation. See Court Doc. No. 121. The Defendants' contentions are not supported by the totality of the facts before the Court or the law applicable to those facts, and their motion should be denied.

## II. **MR. WAITE'S FACTS**

1. The collision at issue occurred on August 21, 2003, at the intersection of 8th Avenue and Adams Road, which is a four way stop intersection. (Plaintiff's LR 56 Statement of Facts, ¶1).

2. The posted speed limit on 8th Avenue was 35 miles per hour. The posted speed limit on Adams Road was 25 miles per hour. *Id., ¶2* .

3. Mr. Fossum was driving a church-owned pickup north on Adams Road when he brought the pickup to a complete stop at the 8th Avenue and Adams Road intersection. *Id., ¶3.*

4. On the southwest corner of 8th Avenue and Adams Road is a large pine tree making it difficult to see eastbound traffic on 8th Avenue. *Id., ¶4.*

5. Mr. Fossum was aware that the pine tree partially blocked his view of 8th Avenue. *Id., ¶5.*

6. Mr. Fossum looked to his left and then to his right. *Id., ¶6.*

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL** - 2

7.     At the same time as Mr. Fossum was stopped at the stop sign, Mr. Brodhead was driving his Honda east on 8th Avenue.  *Id.,* ¶7.

8.     After accelerating to approximately 70 miles per hour, Mr. Brodhead took his foot off the accelerator of his vehicle and started slowing down about halfway down the road.  *Id.,* ¶8.

9.     Rochelle Hamilton was a passenger riding in the middle rear seat of Mr. Brodhead's vehicle, while Rebecca Hamilton was a passenger in the right side of the rear seat of his vehicle.  *Id.,* ¶9.

10.     Rochelle Hamilton saw the intersection stop sign at Adams and 8th, and yelled, "Stop sign."  Mr. Brodhead responded by slamming on his brakes.  *Id.,* ¶10.

11.     Mr. Brodhead's vehicle was braking when Rebecca Hamilton saw the church pickup completely stopped at the stop sign, and then start to cross the intersection.  *Id.*, ¶11.

12.     Mr. Brodhead also saw the pickup at a full stop at the stop sign at 8th Avenue and Adams Road, and watched as it pulled forward.  *Id.,* ¶12.

13.     Mr. Fossum did not see any vehicles approaching the intersection from any direction, and so he proceeded forward.  *Id.,* ¶13.

14.     Because the "big pine tree" blocked his view to the west, Mr. Fossum's front seat passenger, James T. Ross, did not see the Brodhead vehicle until Mr. Fossum began moving forward past the stop sign.  *Id.,* ¶14.

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL** - 3

15.    Mr. Ross heard the screeching of tires and saw smoke coming from the Brodhead vehicle. *Id., ¶*15.

16.    Mr. Fossum also heard a high pitched squeal and asked the question, "What is that?" *Id., ¶*16.

17.    Mr. Ross pointed his finger toward the Brodhead vehicle to get Mr. Fossum's attention, and yelled, "Oh crap." *Id., ¶*17.

18.    Mr. Fossum heard Mr. Ross yell, "Oh crap." *Id., ¶*18.

19.    Mr. Fossum looked to his right and saw Mr. Ross pressed up against the passenger door looking west out the driver's side window. *Id., ¶*19.

20.    For the first time since leaving the stop sign, Mr. Fossum looked to his left and saw smoke coming from Mr. Brodhead's vehicle. *Id., ¶*20.

21.    Mr. Fossum pushed the accelerator to the floor. *Id., ¶*21.

22.    At the time of the collision, Mr. Brodhead was traveling below the 35 mile an hour speed limit. *Id., ¶*22.

23.    Mr. Brodhead's vehicle left two distinct skid marks which were straight and dark, the longest (driver's side) skid mark was 260 feet long, and the shorter (passenger's side) skid mark was 207 feet. *Id., ¶*23.

24.    Mr. Fossum was aware that the pine tree created a sight obstruction and had he pulled forward and looked left he could have cleared the obstruction and avoided the collision. *Id., ¶*24.

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL** - 4

NORDSTROM LAW FIRM, PLLC
STEPHEN L. NORDSTROM
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

25.     Had Mr. Fossum merely pulled forward so the pine tree was no longer an obstruction, he would have seen the Brodhead vehicle in a braking mode, skidding with smoke coming from the tires, with his front end down depicting the speed of the vehicle. *Id., ¶*25.

26.     If Mr. Fossum had looked left when he cleared the sight obstruction, he would have seen the Brodhead vehicle in a braking mode with skidding tires, smoke coming from the tires, and front end down, depicting the speed of the vehicle. *Id., ¶*26.

27.     The LDS Church produced a video titled, "Safe Intersection Driving." *Id., ¶*27.

28.     Defendants produced the video in response to Plaintiff's request for production. *Id., ¶*28.

29.     It was intended by the LDS Church that the video, "Safe Intersection Driving," be shown to its missionaries. *Id., ¶*29.

30.     Mr. Fossum does not recall whether he was shown the video. *Id., ¶*30.

31.     Mr. Fossum does not recall taking a written test that was associated with the video. *Id., ¶*31.

32.     The video provided instruction to its missionaries which included the following:

A.     Accidents at intersections claim a significant number of missionary lives each year, as well as causing injury.

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL** - 5

NORDSTROM LAW FIRM, PLLC
STEPHEN L. NORDSTROM
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

B.     Two major factors that contribute to missionary accidents are inattention and speed.

C.     Common choices that lead to trouble at intersections include failing to check traffic in all directions and failing to see approaching vehicles.

D.     Missionaries are to scan the intersection ahead for potential hazards including hazards that are in or near the roadway.

E.     Missionaries are to anticipate that other drivers may not stop at a stop sign.

*Id., ¶*32.

### III.     COUNTERSTATEMENT OF FACTS

The Church defendants and Fossum's Facts are, in several instances, incomplete, misleading or irrelevant.  The particulars of these shortcomings are as follows:

Defendants' Facts No. 1 and 2 state that defendant Steven Brodhead had been diagnosed with depression, was prescribed with Zoloft and had not taken his medication on the day of the accident.  These statements of facts have not been related to the accident and are irrelevant.

Defendants' Fact No. 4 states that at the time of the accident, Steven Brodhead was "angry" and driving in an "agitated" manner.  The source of this statement, Brodhead's deposition and guilty plea statement, reveal that he said that he was "upset," not angry, and that he was "agrivated" (sic), which is more likely to be "aggravated" than "agitated."

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL - 6**

Defendants' Fact No. 5 states that Steven Brodhead was involved in a "verbal altercation" with another driver. The source of this fact, again Brodhead's deposition, merely says that Brodhead "yelled" at another driver. Then in the body of defendants' memorandum, this yelling escalates to a "road rage" incident. Court Doc. No. 121, p 6. There is no evidence here of a road rage incident.

Defendants' Fact No. 6 states that Steven Brodhead accelerated his vehicle to "speeds in excess of 70 miles per hour." The source of this fact, Brodhead's deposition, contains testimony that he saw the speedometer hit 70 miles per hour and then let his foot off the accelerator and started slowing down.

Defendants' Fact No. 7 states that "while traveling at or near 70 miles per hour," Steven Brodhead saw a stop sign and slammed on his brakes. As noted in the preceding paragraph, Brodhead had slowed down prior to braking. There is no evidence that he was driving "at or near 70 miles per hour" when he applied his brakes.

## IV.   ARGUMENT

### A.   Standard For Summary Judgment

Summary judgment is proper only where there are no genuine issues of material fact. FRCP 56(c). *Public Employees Mutual Ins. Co. v. Fitzgerald*, 65 Wn. App. 307, 828 P.2d 63 (1992). In determining if summary judgment is appropriate, the court must consider all evidence and inferences in a light most favorable to the nonmoving party. *Davis v. Niagara Mach. Co.*, 90 Wn.2d 342, 581 P.2d 1344 (1978).    Summary

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL** - 7

NORDSTROM LAW FIRM, PLLC
STEPHEN L. NORDSTROM
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

judgment should be granted only where reasonable persons could reach but one conclusion, and that being in favor of the moving party. *Weatherbee v. Gustafson*, 64 Wn. App. 128, 822 P.2d 1257 (1992). If any genuine fact issue exists, there must be a trial. *Klossner v. San Juan County*, 21 Wn. App. 689, 586 P.2d 899 (1978), aff'd, 93 Wn.2d 42 (1979). A material issue precluding summary judgment is one upon which the outcome of the litigation depends, in whole, or in part. *Vacova v. Farrell*, 62 Wn. App. 386, 814 P.2d 255 (1991).

**B**.     **There are Material Issues of Fact as to Whether Mr. Fossum Exercised Reasonable Care**

The Defendants begin their argument by citing to *Poston v. Mathers*, 77 Wn.2d 329, 462 P.2d 222 (1969), implying that as the favored driver, Mr. Fossum had one of the "strongest rights of way which the law allows." Assuming, arguendo, that Mr. Fossum was the favored driver, there is no evidence that such a standard would apply in this case. Neither in *Poston* nor for that matter in any Washington case which refers to the "strongest rights" standard, did the favored driver face a stop sign. See *Pudmaroff v. Allen*, 138 Wn.2d 55, 977 P.2d 574 (1999); *Sanchez v. Haddix*, 95 Wn.2d 593, 627 P.2d 1312 (1981); *Zahn v. Arbelo,* 72 Wn.2d 636, 434 P.2d 570 (1967); *Blake v. Nelson,* 72 Wn.2d 652, 434 P.2d 595 (1967); *Krause v. McIntosh*, 17 Wn. App. 297, 562 P.2d 662 (1977); *Merrick v. Stansbury*, 12 Wn. App. 900, 533 P.2d 136 (1975);

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL - 8**

NORDSTROM LAW FIRM, PLLC
STEPHEN L. NORDSTROM
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

*Dunn v. Harmon*, 5 Wn. App. 87, 486 P.2d 103 (1971); and *Sadler v. Wagner,* 5 Wn. App. 77,  486 P.2d 330 (1971).

Plaintiff has been unable to find any Washington case which specifically addresses the relative rights of drivers at a four-way stop sign intersection.  However, it is illogical that such a standard would apply to a driver facing a stop sign. A driver approaching a stop sign must bring his vehicle to a stop at some point before entering the opposing lane of travel.  RCW 46.61.190.  Having a duty to do so, the strength of his right of way cannot be as strong as the driver who has no such duty, including those drivers at an uncontrolled intersection.

Moreover, even if we do assume that Mr. Fossum was the favored driver and protected by one of the strongest rights of way under law, it still does not absolve Mr. Fossum of his duty.  In quoting from *Poston,* 77 Wn.2d at 333, the defendants omitted the final sentence of the paragraph which states that such favored driver "… is still required to exercise reasonable care."  *Id.*; see also *Sanchez*, 95 Wn.2d at 597.  Indeed, it goes without saying that there may be more than one cause in fact of an accident.  *Travis v. Bohannon*, 128 Wn. App. 231, 242 (2005) citing *State v. Jacobson,* 74 Wn.2d 36, 37 (1968).  The *Travis* Court goes on to provide:

> The general rule is that the contributing concurrent negligence of a third person is not a defense if the defendant's negligence was an "efficient cause" without which the injury would not have occurred.  *Eskildsen v. City of Seattle,* 29 Wash. 583, 586, 70 P. 64 (1902).  The

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL - 9**

NORDSTROM LAW FIRM, PLLC
STEPHEN L. NORDSTROM
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

rule is found in *Restatement (Second) of Torts* §439: "If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious, or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability.

128 Wn. App. at 242-43.

This is, of course, the essence of comparative negligence law in the State of Washington. RCW 4.22.070.

In the present case, there clearly are material issues of fact as to whether Mr. Fossum exercised reasonable care. Mr. Fossum was aware that the large pine tree to the west partially blocked his view of 8th Avenue and, therefore, any vehicles approaching from that direction. While Mr. Fossum was still sitting at the stop sign with his view blocked, Mr. Brodhead had already slammed on his brakes and was skidding towards the intersection. Prior to the impact there was sufficient time to allow both Mr. Fossum and his passenger, Mr. Ross, to hear the screeching of tires. There was time for Mr. Fossum to ask the question, "What is that?" There was time for Mr. Ross to view and recognize that smoke was coming from the Brodhead vehicle. There was sufficient time for him to react by raising his finger, pointing toward the Brodhead vehicle and yelling the words, "Oh crap." There was still time for Mr. Fossum to perceive this conduct by Mr. Ross and to react by looking to his right and to see

PLAINTIFF'S MEMORANDUM IN RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT OF DISMISSAL - 10

NORDSTROM LAW FIRM, PLLC
STEPHEN L. NORDSTROM
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

Mr. Ross pressed up against the passenger door, looking west out Mr. Fossum's driver's side window. There was time for Mr. Fossum to turn from looking to his right, to his left, and to perceive the smoke coming from Mr. Brodhead's vehicle, and then to react by pushing the accelerator to the floor. All of these events occurred prior to the collision with the Brodhead vehicle.

Had Mr. Fossum merely looked to his left, once his view of 8th Avenue was somewhat clear, he would have seen a vehicle that was clearly not going to yield the right of way and he could have stopped and avoided the collision. Moreover, if both Mr. Brodhead and his passenger, Rebecca Hamilton, were able to see the pickup while it was still stopped at the stop sign, it would be difficult for reasonable minds to conclude that Mr. Fossum would not have had the opportunity to view the Brodhead vehicle much sooner than he did.

There are clearly material issues of fact as to whether Mr. Fossum exercised reasonable care to avoid the collision.

## C.  Legal Causation Exists In This Case

In *Hartley v. State*, 103 Wn.2d 768 (1985), the Washington Supreme Court, as noted by the Defendants, distinguished between cause in fact and legal causation, with the comment cause in fact questions are generally left to the jury. 103 Wn.2d at 777-78. The Court, in its review, pointed out that these concepts of cause in fact and legal causation are often intertwined in the case law, as are the concepts of legal causation and

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL** - 11

duty.  *Id.,* 103 Wn.2d at 779-81.  At the end of its analysis regarding legal causation and duty, the Supreme Court stated:

> Thus, it may be immaterial whether we analyze the County's and State's liability on the basis of duty or legal causation.  Policy considerations and common sense dictate whether the connection of the County and State with the collision is too remote or insubstantial to impose liability.

103 Wn.2d at 781.

In the end, the Supreme Court ruled that the failure of the County and State to revoke the driver's license of the person who drove while intoxicated, crossed the center line and killed Mrs. Hartley, was "too remote and too insubstantial to impose liability for Mr. Johnson's drunk driving."  103 Wn.2d at 784.

Here, in contrast, the alleged negligence of Mr. Fossum was not remote or insubstantial.  He was the driver of one of the vehicles involved in the accident and, under allegations contained in the Complaint as bolstered by Plaintiff's Statement of Facts, is partially responsible for the accident.

The other cases relied upon by the Defendants, *Mediano v. Schwendman,* 66 Wn. App. 607 (1992) and *Minahan v. Western Washington Fair Ass'n,* 117 Wn. App. 881 (2003) sought to impose liability in situations where a party against whom liability was sought had very little or nothing to do with the accident itself.  A better analogy is found in *McCoy v. Suzuki*, 136 Wn.2d 350, 961 P.2d 952 (1998).  Mr. McCoy was hit

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL - 12**

NORDSTROM LAW FIRM, PLLC
STEPHEN L. NORDSTROM
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

by a hit and run driver as he walked along the shoulder of I-90, with a flare in his

outside hand, after assisting at the accident scene of a Suzuki car that had rolled over.

Suzuki argued that it was unforeseeable that Mr. McCoy, under the rescuer doctrine,

would be struck in this manner.  136 Wn.2d at 358.  The Supreme Court then discussed

legal causation in this context, referring back to *Hartley, supra.*  136 Wn.2d at 359-60.

It ruled that Suzuki's actions were not too remote a cause of Mr. McCoy's injuries for

legal causation to bar McCoy's claim.  Those facts, which are much more remote than

the connection to the accident here, compel the same result.

### D.   A Motor Vehicle Collision With a Speeding Driver at an Intersection is a Foreseeable Event

In *Minahan v. Wash. Fair Ass'n.,* 17 Wn. App. 881, 73 P.3d 1019 (2003), cited

by the Defendants, the issue was whether it should have been foreseeable to plaintiff's

employer that a drunk driver would rear-end the plaintiff while she was loading

equipment into her son's (employer) vehicle.  The son was a disc jockey who had just

completed entertaining for a high school activity, and his vehicle was parked in a legal

parking space on an avenue near the activity. The defendant drunk driver was a

127 pound woman who had drunk 18 mixed drinks in a five hour period, who had taken

a corner too wide and, as a result, had struck and pinned the plaintiff between two

vehicles.  After the initial impact, the driver put her car in reverse, backed up, shifted

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL - 13**

NORDSTROM LAW FIRM, PLLC
STEPHEN L. NORDSTROM
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

into drive, and struck the plaintiff again.  The driver repeated the same tragic sequence again a third time.  She pleaded guilty to vehicular assault.

In granting summary judgment to the employer's son, the court emphasized that whether a criminal act is foreseeable is normally a jury question. However, the court found there was no logical relationship between the disc jockey business and being struck by a drunk driver. "Nothing about this business (disc jockey entertainment) would cause a reasonable person to foresee criminal conduct like (defendant driver's)." *Minahan*, 17 Wn. App. at 895.

In the present case, although disdainful, conduct similar to Mr. Brodhead's is clearly foreseeable.  Drivers speed and fail to stop at intersections every day.  If you ride in a vehicle on a roadway, you must expect both, just as the LDS Church did.

In its video "Safe Intersection Driving," the LDS Church provided instruction to its missionaries, which included:  Accidents at intersections claim a significant number of missionary lives each year as well as injuries; Two major factors that contribute to missionary accidents are inattention and speed; Common choices that lead to trouble at intersections include failing to check traffic in all directions, and failing to see approaching vehicles; Missionaries are to scan the intersection ahead for potential hazards, including hazards that may be in or near the roadway; and they are also to anticipate that other drivers may not stop at a stop sign**.**

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL** - 14

NORDSTROM LAW FIRM, PLLC
STEPHEN L. NORDSTROM
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

Mr. Fossum does not know whether he was ever shown the aforementioned video and cannot recall taking a written examination which accompanied the video, but it was clearly foreseeable to the LDS Church that a driver would speed and fail to stop at a stop sign. It was also foreseeable that a missionary like Mr. Fossum would be inattentive and fail to see a vehicle that was there to be seen.

E.     **The Defendants' Special Relationship With Mr. Waite Established Legal Causation**

*Hartley* and its progeny are clearly distinguishable from that presently before the Court. In the present case, it is admitted that a "special relationship" existed between the church and its missionaries, which includes both Mr. Waite and Mr. Fossum. It is also admitted that the church is vicariously liable for any negligence on the part of Mr. Fossum. Further, it is admitted that the church owned the vehicle Mr. Fossum was driving and that he was acting within the scope and duty of the church's missionary work at the time of the collision. In none of the cases cited by the Defendants did a special relationship exist between the parties, nor was a defendant driving a vehicle owned by a third-party defendant or acting within the scope or under the direction of a third party.

In *Hartley*, *supra,* the decedent had been killed in a motor vehicle collision. His survivors brought a negligence claim against the state of Washington for failing to revoke the driver's license of the defendant driver who had been determined to be a

PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL - 15

NORDSTROM LAW FIRM, PLLC
STEPHEN L. NORDSTROM
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800

habitual offender.  The state's motion for summary judgment was granted because the

duty to revoke the license was owed to the public at large, and not to any individual in

particular.  The court stated:

> We have consistently held that absent a clear legislative intent
> or clearly enunciated policy to the contrary, these duties are
> owed to the public at large and are unenforceable as to any
> individual members of the public.

*Hartley*, 103 Wn.2d at 782.

The court went on to state that if a special relationship had existed between the

parties, then liability would have been imposed.

> Johnson clearly was subject to license revocation under the
> HTOA.  Nothing, however, sets Johnson apart from the
> thousands of other offenders subject to license revocation under
> the act.  *No special relationship or privity existed between the*
> *government agents and either Johnson or the victim of his*
> *negligence which would impose liability.* Johnson was not
> under the control of government agents who should have
> known of his dangerous proclivities, as was the case in
> Peterson v. State, supra.

103 Wn.2d at 784-85.

The *Hartley* court went on to cite several other cases where the

establishment of a special relationship did impose liability.

> In J&B Dev. Co., we found establishment of a '*special*
> *relationship*' focused a duty on the plaintiff.  J&B Dev., at 307.
> The county agent had direct contact with the plaintiff developer,
> had reviewed his plans, and had wrongfully issued a building
> permit. . . .

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO**
**DEFENDANTS' MOTION FOR SUMMARY**
**JUDGMENT OF DISMISSAL - 16**

103 Wn.2d at 782.

> In *Campbell*, liability hinged on a *special relationship* between a city agent and a woman killed as a result of his negligent acts. There, the city electric inspector had examined and knew of the extreme danger of faulty wiring in a creek bed, yet failed to comply with the city ordinance requiring him to shut off power. . . .

103 Wn.2d at 783.

> In Peterson v. State, 100 Wn.2d 421 (1983), we found liability in the release by a psychiatrist of a mentally ill patient, and that patient's negligent driver, which injured another. The court recognized the state's duty to take reasonable precautions to protect anyone who might foreseeably be endangered. Since the state had full control over the patient at Western State Hospital and wrongfully released him, it can be said the state was in a *special relationship* with the patient which justified imposition of liability. . . .

103 Wn.2d at 783.

> In summary, we have premised legal causation (liability) on the existence of some direct contact or *special relationship* between the defendant and the injured party. . . .

103 Wn.2d at 784 (citations omitted).

Here, since a special relationship exists between the Defendants and Mr. Waite, legal causation has been met on these grounds as well.

## V.     CONCLUSION

There are a significant number of material facts which preclude summary judgment on the issue of "cause in fact," not the least of which is Mr. Fossum's duty to exercise

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL - 17**

reasonable care on behalf of Mr. Waite and the other passengers in his vehicle.  Similarly,

legal causation exists here because the accident was not "too remote" from Mr. Fossum's

negligence and because of the duty owed to both Mr. Fossum and Mr. Waite by the LDS

Church as a result of the special relationship which existed between them.  As a result,

Defendants' motion should be denied and the case allowed to proceed to trial.

      DATED this 5th day of June, 2007.

                NORDSTROM LAW FIRM, PLLC

                By:   s/Stephen L. Nordstrom

                STEPHEN L. NORDSTROM, WSBA #11267
                Co-Counsel for Plaintiff

                EYMANN ALLISON HUNTER JONES P.S.

                By:   *Telephonically Approved 6/5/07*
                   RICHARD C. EYMANN, WSBA #7470
                   Co-Counsel for Plaintiff

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT OF DISMISSAL - 18**

<u>CERTIFICATE OF SERVICE</u>

I, Stephen L. Nordstrom, hereby certify that on the 5th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following participants:

Brian T. Rekofke
Witherspoon Kelley Davenport & Toole
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201-0302

Andrew C. Smythe
Paine Hamblen Coffin Brooke & Miller
717 W. Sprague Avenue, Suite 1200
Spokane, WA 99201-3503

s/Stephen L. Nordstrom
STEPHEN L. NORDSTROM

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL -** 19

NORDSTROM LAW FIRM, PLLC
STEPHEN L. NORDSTROM
323 South Pines Road
Spokane, Washington 99206
(509) 924-9800