HONORABLE EDWARD F. SHEA

ANDREW C. SMYTHE, WSBA #7948
PAINE HAMBLEN LLP
717 West Sprague Avenue, Suite 1200
Spokane, Washington 99201-3505
(509) 455-6000

Attorneys for Defendant Brodhead

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

THOMAS A. WAITE,

    Plaintiff,

vs.

THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS d/b/a/ CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah Corporation, d/b/a CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation; DONALD C. FOSSUM; and STEVEN D. BRODHEAD,

    Defendant.

No. CV-05-399-EFS

DEFENDANT BRODHEAD'S REPLY TO CHURCH DEFENDANT'S AND FOSSUM'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT OF DISMISSAL

## I. INTRODUCTION

Defendant Steven Brodhead replies to the Church defendants and Fossum's Memorandum in Support of Summary Judgment (Document 121) only to state that his actions, egregious as they were, should not be construed as a matter of Washington law to negate duties Mr. Fossum owed to his passenger. Those duties

DEFENDANT BRODHEAD'S REPLY TO CHURCH DEFENDANT'S AND FOSSUM'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT OF DISMISSAL - 1

PAINE HAMBLEN LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

should be judged on their own without a preclusive ruling of the Court based upon the actions of another driver at the intersection.

This defendant is unaware of evidence by which plaintiff asserts that defendant Fossum should have heard Steven Brodhead's vehicle before entering the intersection or that there was any part of Mr. Brodhead's driving that should have "cued" or alerted Mr. Fossum to the potential for danger (before entering the intersection). Instead, this defendant simply understands that plaintiff asserts that Mr. Fossum should have looked left just before entering the intersection in order to discern if any dangers existed and if he had done so, he would have perceived Mr. Brodhead's vehicle.

Therefore, by this defendant's understanding, plaintiff's claims of neglect against Mr. Fossum are not dependent upon the acts of Mr. Brodhead.

Defendant Brodhead does not advance any argument regarding whether or not Mr. Fossum breached his duties.

## II. FACTS

Defendant Steven Brodhead has admitted driving in excess of 70 mph on a long residential street in the Spokane Valley, slamming his brakes hundreds of feet in advance of a stop sign on that street, but being unable to stop before entering the

DEFENDANT BRODHEAD'S REPLY TO CHURCH DEFENDANT'S AND FOSSUM'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT OF DISMISSAL - 2

PAINE HAMBLEN LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

intersection because of deficient brakes. (Please see Church defendant's and Fossum's LR 56 Statement of Facts Document 120, page 2, Fact 7 and 8.)

It is equally true that defendant Steven Brodhead has never attempted to avoid responsibility or escape the truth. He has admitted fault in this matter and that he caused injuries. He did plead guilty to assault in the third degree and reckless driving for which he paid a fine and spent a few days in jail (Document 120, page 3, Fact No. 10). He has also been very forthright about his actions that day during testimony in this case by readily admitting his speed, his long skid, his unsuccessful attempt to stop and his remorse.

### III. AUTHORITIES AND ARGUMENT

**A.    Steven Brodhead Convictions.**

Steven Brodhead pled guilty to and was convicted of "assault in the third degree" which by 9A.36.031(1)(f) is defined as:

> A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first or second degree: with criminal negligence, causes bodily harm accompanied by substantial pain that extends for a period sufficient to cause considerable suffering.

Steven Brodhead also pled guilty to and was convicted of reckless driving which by RCW 46.61.500(1) is defined as:

> - Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property as guilty of reckless driving.

DEFENDANT BRODHEAD'S REPLY TO CHURCH DEFENDANT'S AND FOSSUM'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT OF DISMISSAL - 3

PAINE HAMBLEN LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

## B.   Washington Law of "Legal Cause."

Defendant Brodhead respectfully submits that Washington case law does not stand for the proposition that a criminal conviction of one party negates an independent and well established duty of another party.

Instead, Washington courts have refused to create new duties when those would have been predicated upon unforeseeable criminal acts. Examples of these rulings are the cases cited by the LDS and Fossum defendants (Document 121).

Washington courts will not create duties in a vacuum of facts, logic or law. In Medrano v. Schwendeman, 66 Wn. App. 607, 836 P.2d 833 (1992), the court did not create a duty upon those constructing highway shoulders or erecting power poles to foresee those who would drive off the roadway as a result of intoxication or recklessness. Similarly, in Minahan v. W. Wash. Fair Ass'n, 117 Wn. App. 881, 73 P.3d 1019 (2003), the court ruled as a matter of law that a party which directed plaintiff to load her vehicle at a certain location could not foresee that an intoxicated driver would strike the plaintiff in that spot. The common ingredient was that, *in the absence of an established duty*, the court would not impose a duty where, as a matter of law, the foreseeability of the actions (that were the predicate of the potential duty) was so "remote" and "insubstantial" that reasonable minds could not differ. Id. at 897-899.

DEFENDANT BRODHEAD'S REPLY TO
CHURCH DEFENDANT'S AND FOSSUM'S
MEMORANDUM IN SUPPORT OF SUMMARY
JUDGMENT OF DISMISSAL - 4

PAINE HAMBLEN LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

This case is different. There are well established duties and they are imposed on drivers such as Mr. Fossum.

In this case a jury would be instructed that "it is the duty of every person using a public street or highway, whether a pedestrian or a driver of a vehicle, to exercise ordinary care to avoid placing himself or others in danger and to exercise ordinary care to avoid a collision." (WPI 70.01 citing Robison v. Simard, 57 Wn.2d 850, 360 P.2d 153 (1961) that drivers must exercise a degree of care that a reasonably prudent person who have exercised under the same or similar circumstances). Further the driver approaching a stop sign has duties imposed by Washington law and shall "yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver who had the duty to stop is moving across or within the intersection or junction of roadways. Further, the right-of-way . . . is not absolute, but relative and the duty to exercise ordinary care to avoid collisions at intersections rests upon both drivers." (WPI 70.02.02, RCW 46.61.190).

As a mater of law, Mr. Fossum had duties to his passenger. Those duties are not eradicated by the actions of Steven Brodhead, even when they resulted in criminal convictions.

DEFENDANT BRODHEAD'S REPLY TO
CHURCH DEFENDANT'S AND FOSSUM'S
MEMORANDUM IN SUPPORT OF SUMMARY
JUDGMENT OF DISMISSAL - 5

PAINE HAMBLEN LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

## IV. CONCLUSION

This defendant respectfully submits that summary judgment should not be predicated upon a ruling at law that the actions of Steven Brodhead, for which he sustained criminal convictions, negate common law and statutory duties imposed on Mr. Fossum. Defendant Brodhead takes no position in this motion, whether or not Mr. Fossum breached those duties.

DATED this 5th day of June, 2007.

                       PAINE HAMBLEN LLP

                 By:   s/ Andrew C. Smythe
                        Andrew C. Smythe, WSBA #07948
                        Attorneys for Defendant Brodhead

I:\Spodocs\00016\00437\plead\00509659.DOC:lg-jah

DEFENDANT BRODHEAD'S REPLY TO CHURCH DEFENDANT'S AND FOSSUM'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT OF DISMISSAL - 6

**PAINE HAMBLEN LLP**
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

# CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June, 2007, a true and correct copy of the foregoing DEFENDANT BRODHEAD'S REPLY TO CHURCH DEFENDANT'S AND FOSSUM'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT OF DISMISSAL was duly served on all parties entitled to service by electronic mail, addressed to the following:

Mr. Brian T. Rekofke
William D. Symmes
Benjamin S. Coleman
Witherspoon, Kelley,
Davenport & Toole
1100 U.S. Bank Bldg.
422 W. Riverside
Spokane, WA 99201
btr@wkdtlaw.com

Mr. Richard C. Eymann
Eymann, Allison, et al
2208 West Second Avenue
Spokane, WA 99204-0917
eymann@eahjlaw.com

Mr. Stephen Layne Nordstrom
Ford Nees & Nordstrom
South 323 Pines Road
Spokane, WA 99206
nordstrom8@qwest.net

s/ ANDREW C. SMYTHE
Andrew C. Smythe, WSBA No. 7948
Attorney for Defendant Brodhead

I:\Spodocs\00016\00437\plead\00509659.DOC:lg-jah

DEFENDANT BRODHEAD'S REPLY TO
CHURCH DEFENDANT'S AND FOSSUM'S
MEMORANDUM IN SUPPORT OF SUMMARY
JUDGMENT OF DISMISSAL - 7

PAINE HAMBLEN LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000