1   Brian T. Rekofke
    Ross P. White
2   Witherspoon, Kelley, Davenport & Toole
    1100 US Bank Building
3   422 West Riverside
    Spokane, WA 99201
4   (509) 624-5265

5   Attorneys for Church Defendants and Donald C. Fossum

6

7                  UNITED STATES DISTRICT COURT
8           FOR THE EASTERN DISTRICT OF WASHINGTON

9   THOMAS A. WAITE,

10          Plaintiff,                          Case No.: CV-05-399-EFS

11   vs.
                                                CHURCH DEFENDANTS AND
12   THE    CORPORATION    OF    THE            FOSSUM'S REPLY BRIEF IN
     PRESIDING BISHOP OF THE CHURCH             SUPPORT   OF   SUMMARY
13   OF JESUS CHRIST OF LATTER DAY              JUDGMENT OF DISMISSAL
     SAINTS,  a   Utah   corporation;   THE
14   CORPORATION OF THE PRESIDENT
     OF THE CHURCH OF JESUS CHRIST
15   OF LATTER DAY SAINTS, a Utah
     corporation; DONALD C. FOSSUM; and
16   STEVEN D. BRODHEAD,

17          Defendants.

18

19                          **I. INTRODUCTION**

20       The Church defendants and Fossum have moved to dismiss this case on the

21   basis that the cause in fact of this accident was Steven Brodhead's criminally

22   reckless conduct.  And, because of  Brodhead's criminally reckless conduct,

23   which Mr. Fossum had no duty to foresee and prevent, Fossum's actions or

24   inactions as a legal cause of the accident are eliminated.

25       Under Celotex v. Catrett, 477 U.S. 317 (1986), Mr. Waite has the burden

26   at this stage of the proceedings to set forth a *prima facie* case of negligence by

27   CHURCH DEFENDANTS AND FOSSUM'S
     REPLY BRIEF IN SUPPORT OF SUMMARY
28   JUDGMENT OF DISMISSAL - 1
     G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Reply Brief ISO SJ of Dismissal 061107.wpd

WITHERSPOON. KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1   making a sufficient showing to establish each element of his claim on which he

2   bears the burden of proof at trial.[1]  Failure on any element requires dismissal as:

3           In such a situation, there can be "no genuine issue as to any
        material fact," since a complete failure of proof concerning an

4           essential element of the nonmoving party's case necessarily
        renders all other facts immaterial.

5

6   Celotex, at 322-323.

7       Waite's response discusses cause in fact, legal causation and  special

8   relationship, but fails to raise any material issues of fact precluding summary

    judgment.
9

10      As to cause in fact, Waite makes two arguments in claiming fault against

11  Donald Fossum.  First, Waite asserts that a tree was a visual obstacle at the

    intersection and, second, that Fossum allegedly had "time" to avoid the accident.
12
    These facts, however,  do not raise a genuine issue because plaintiff fails to
13
    provide any evidence or facts that the tree was a factor in the accident and, as a
14
    matter of law, it was not.  And, similarly, Waite provides  no evidence or facts
15
    that Fossum could have avoided the accident and, thereby Waite's argument relies
16
    solely and entirely on impermissible speculation.
17

18      With regard to legal causation, plaintiff inappropriately relies on a products

19  liability/rescue doctrine case and fails to cite any case that makes a favored driver

    like Donald Fossum responsible to anticipate and avoid another driver's, like
20
    Brodhead, criminally reckless conduct.
21

22      Finally, plaintiff's "special relationship" theory evidences a fundamental

    misunderstanding of the facts required to make that argument and therefore again
23

24

25      [1] Plaintiff's reliance on Washington summary judgment cases is wrong, as in a diversity

26  case, federal procedural law controls. Snead v. Metropolitan Property and Casualty Ins. Co.,
    237 F.3d 1080, 1090 (9th Cir. 2001).

27  CHURCH DEFENDANTS AND FOSSUM'S
    REPLY BRIEF IN SUPPORT OF SUMMARY

28  JUDGMENT OF DISMISSAL - 2
    G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Reply Brief ISO SJ of Dismissal 061107.wpd

WITHERSPOON. KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1 fails to raise a genuine issue precluding summary judgment. Accordingly, the
2 Court should grant this Motion for Summary Judgment.

3 ## II. UNDISPUTED FACTS

4 The Church defendants and Fossum have combined the competing
5 statements of fact into a single pleading. Based on the properly authenticated
6 submissions, the following facts are undisputed:

7 1. The accident occurred on August 21, 2003, at 8th and Adams which
8 is a four-way stop intersection. Defendants' Reply LR 56.1 Statement of
9 Undisputed Facts No. 1.

10 2. Just prior to the accident, Steven Brodhead, who had not taken his
11 anti-depression medication, became upset at his girlfriend and had a near accident
12 with another driver, which further upset him and caused him to drive his car at
13 speeds of at least 70 miles per hour prior to taking his foot off the accelerator.
14 Id. No. 2-6.

15 3. Donald Fossum, who was driving a Church-owned truck and acting
16 within the scope and duty as a missionary, came to a complete stop at 8th and
17 Adams and was the favored driver at that intersection. Id. No. 11, 20, 21, 50.

18 4. A tree to Donald Fossum's left (west) partially blocked his ability to
19 see. Id. No. 23.

20 5. Fossum, after coming to a complete stop, looked right, then left, and
21 did not see Brodhead's vehicle. The front seat passenger, James Ross, likewise
22 saw no approaching vehicle because of a big pine tree. Id. No. 24, 31, 32.

23 6. Depending on where Fossum stopped, a calculation could be done as
24 to how far down the road Fossum could see. Id. No. 23.

25 7. After a complete stop, there was not specific time Fossum had to wait
26 and look before proceeding. Id. No. 13.

27 CHURCH DEFENDANTS AND FOSSUM'S
REPLY BRIEF IN SUPPORT OF SUMMARY
28 JUDGMENT OF DISMISSAL - 3
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Reply Brief ISO SJ of Dismissal 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1       8.    As the favored driver, Fossum could expect Brodhead (or any driver)

2   to reduce speed, yield and allow Fossum to cross the intersection. Id. No. 14.

3       9.    Fossum did not have to assume that Brodhead would go twice the

4   speed limit and have bad brakes. Id. No. 15.

5       10.   Brodhead saw a stop sign at 8th Avenue and Adams, slammed on his

6   brakes and slid into the side of the Church truck driven by Fossum. Id. No. 1, 7.

7       11.   Brodhead's brakes were not working properly. Id. No. 8.

8       12.   Had Brodhead's brakes been working, all of the foregoing could have

9   happened and the accident could have still been avoided. Id. No. 9.

10       13.   Prior to impact Fossum heard a high pitched squeal, heard Ross yell

11   "oh crap," looked to the right at Ross, looked back left when Ross pointed and

12   saw Brodhead's vehicle with smoke.  Fossum then accelerated to cross the

13   intersection and was struck. Id. No. 33-39.

14       14.   If Fossum did not see Brodhead he would have no notice that

15   Brodhead was violating the law, and if Fossum had no opportunity to detect or

16   identify a potential hazard, he could not react to it. Id. No. 16.

17       15.   Brodhead pled guilty to criminal charges. Id. No. 10.

18       16.   Brodhead has or will admit negligence in the instant case. Id. No.

19   17.

20       17.   A special relationship existed between Mr. Waite and the LDS

21   Church. Id. No. 51.

27   CHURCH DEFENDANTS AND FOSSUM'S
REPLY BRIEF IN SUPPORT OF SUMMARY
28   JUDGMENT OF DISMISSAL - 4
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Reply Brief ISO SJ of Dismissal 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1

# III. ARGUMENT

2    **A.    BRODHEAD WAS THE SOLE CAUSE IN FACT OF THE ACCIDENT.**

3        1.    The Presence of a Tree at the Intersection was not the Cause of the Accident.

4

5    Mr. Waite claims that Fossum was negligent because the view to his left (west) was partially blocked by a tree. The presence of the tree does not raise a genuine issue as to the cause in fact of the accident for several reasons.

6

7

8            •    Fossum undisputedly came to a complete stop at the 4-way stop sign at 8th and Adams. As the favored driver at the intersection he saw no vehicle to whom he should yield, and rightly and reasonably proceeded to cross the intersection.

9

10

11

12            •    Waite proffers no evidence in his response that Fossum should have stopped somewhere else other than at the stop sign.

13

14

15            •    Waite's expert admits that depending on where Fossum stopped it could be calculated how far down the road Fossum could see.

16

17

18            •    Waite proffers no evidence as to where the tree is actually located, where Brodhead was when Fossum stopped at the stop sign, and what could be seen by Fossum with or without the tree.

19

20

21

22    Moreover, Waite's "tree" argument is exactly analogous to the power pole, road design, and road maintenance arguments that have been made to, and routinely rejected by Washington courts when dealing with criminal conduct and cause in fact issues in negligence cases. In addition to the Medrano and Hartley

23

24

25

26

27    CHURCH DEFENDANTS AND FOSSUM'S
REPLY BRIEF IN SUPPORT OF SUMMARY
28    JUDGMENT OF DISMISSAL - 5
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Reply Brief ISO SJ of Dismissal 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1  cases cited in Defendants' opening brief, see, Kristjanson v. Seattle, 25 Wn. App.

2  324 (1980), Klein v. Seattle, 41 Wn. App. 636 (1985), and Braegelmann v.

3  Snohomish County, 53 Wn. App. 381 (1989). Indeed, in the Braegelmann and

4  Medrano cases, the state conceded negligence for purposes of summary judgment,

5  and the Court still dismissed the action because the cause in fact was criminally

6  reckless conduct.

7      The same result is mandated here. The tree is not a factor in this case if

8  Brodhead obeyed the law, or at a minimum if he had at least had brakes on his car

9  that worked properly.

10     2.    Fossum's Pre-Impact Conduct Does Not Raise a Material Issue of
             Fact.

11

12     Plaintiff's second cause in fact argument claims that Fossum had sufficient

13  time to see Brodhead and avoid the accident based on facts just prior to impact.

14  See Undisputed Fact No. 13, supra. The fatal flaw, however, with Waite's

15  argument is that he fails to establish that any of the pre-impact facts make any

16  difference in the cause in fact of the accident. As the favored driver, Fossum was

17  entitled by law to assume that Brodhead (or any driver) would obey the law.

18  Therefore, Fossum had, as a matter of law, a "reasonable reaction time" after he

19  first learned that the disfavored driver, Brodhead, would not yield.

20         A favored driver is entitled to a reasonable reaction time after
           it becomes apparent in the exercise of due care that the
21         disfavored driver will not yield the right-of-way. Until he has
           been allowed that reaction time, he is not chargeable with
22         contributory negligence flowing from omissions or acts
           regarding his failure to observe or respond to the conduct of
23         the disfavored driver.

24  Poston v. Mathers, 77 Wn.2d 329, 335 (1969) (Citations omitted.)[2]

25  _____

26  [2] The Poston case is particularly appropriate to the case at bar in that it is the
    only case cited by either party where both the favored and disfavored driver

27  CHURCH DEFENDANTS AND FOSSUM'S
    REPLY BRIEF IN SUPPORT OF SUMMARY
28  JUDGMENT OF DISMISSAL - 6
    G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Reply Brief ISO SJ of Dismissal 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1    A case subsequent to <u>Poston</u> further expanded the rule:

2           The favored driver is entitled to a reasonable reaction time
            after it becomes apparent in the exercise of due care that the
3           disfavored driver will not yield the right-of-way. This rule
            applies even though the favored driver did not see the
4           disfavored driver until it were too late to avoid the accident.

5    <u>Sanchez v. Haddix</u>, 95 Wn.2d 593, 597 (1981)

6    Waite offers no evidence as to exactly where Brodhead was at any given

7    time, *vis-a-vis* Fossum and therefore offers no facts that Fossum indeed had

8    "time" to recognize, react and avoid the accident as the favored driver. A similar

9    argument was made in <u>Sanchez v. Haddix</u>, <u>supra</u>. The Court there framed the

10   issue as follows:

11          Here, the evidence is undisputed that the defendant did not see
            the Chevrolet until it was too late to avoid the accident.
12          Should he have seen it? And should he have been aware, in
            time to avoid the accident, that the disfavored driver was not
13          going to yield the right-of-way?, Of course, it depends on the
            movement of the automobiles prior to the accident.
14
     <u>Sanchez</u>, at p. 597.
15
     After reviewing plaintiff's alternate causation theories, the Court concluded:
16
17          The trouble with the plaintiff's position is that it required the
            jury to speculate as to what movements the automobile made
            before the collision, and also as to what action on the part of
18          the defendant could have avoided the accident.

19   <u>Sanchez</u>, at p. 599.

20   The same is true in this case. It is undisputed that the law provides Fossum

21   with a reasonable reaction time. As in <u>Sanchez</u>, <u>supra</u>, plaintiff has no facts and

22   no expert opinions, in support of his assertion that Fossum had a reasonable

23   reaction time. Without evidence of reaction time, Fossum, "is not chargeable

24

25   ――――――――――

26   were approaching stop signs. Accordingly, its analysis is the closest to a four-
     way stop situation.

27   CHURCH DEFENDANTS AND FOSSUM'S
     REPLY BRIEF IN SUPPORT OF SUMMARY
28   JUDGMENT OF DISMISSAL - 7
     G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Reply Brief ISO SJ of Dismissal 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1  with contributory negligence." Accordingly, Mr. Waite's speculation raises no
2  material issue that Fossum could in fact have avoided the accident had he "merely
3  looked left."  Waite has failed to carry his burden in this respect.

4  **B.  FOSSUM IS NOT THE LEGAL CAUSE OF WAITE'S INJURIES.**

5      1.   Plaintiff's Reliance on a Product Liability/Rescue Doctrine Case
             Raises no Issue of Fact.

6
7      Defendants established through three cases in their opening brief that
8  criminally reckless conduct is unforeseeable as a matter of law: Hartley v. State,
9  103 Wn.2d 768 (1985) (state not legal cause of death for failure to revoke license
10 of drunk driver), Medrano v. Schwendeman, 66 Wn. App. 607 (1992) (county and
11 power company not legal cause of drunk driver running off road and striking
12 power pole), and Minahan v. W. Wash. Fair Ass'n, 117 Wn. App. 881 (2003)
13 (employer not legal cause of drunk driver hitting plaintiff while she was behind
14 a legally parked car on a street).

15     In response, plaintiff cites McCoy v. American Suzuki Motor Corp, 136
16 Wn.2d 350 (1998), claiming it is somehow a "better analogy" than Hartley,
17 Medrano and Minahan.  Plaintiff's reliance, however, on McCoy is misplaced.
   McCoy is a products liability/rescue doctrine case in which the Supreme Court
18 held that the purpose of the rescue doctrine was, "informing a tortfeasor it is
19 foreseeable a rescuer will come to the aid of a person imperiled by the tortfeasor's
20 actions."  McCoy, at 355.  In McCoy, it was the alleged primary negligence of
21 Suzuki in designing a defective car which rolled over, caused injury and invited
22 rescue.  No such situation exists here, as the cause in fact of the accident was
23 Brodhead, not Fossum.
24
25
26
27 CHURCH DEFENDANTS AND FOSSUM'S
   REPLY BRIEF IN SUPPORT OF SUMMARY
28 JUDGMENT OF DISMISSAL - 8
   G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Reply Brief ISO SJ of Dismissal 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1    Simply put, Waite offers no facts or law whereby <u>Hartley</u>'s fundamental

2  legal causation question (. . . "was the defendant under a duty to protect plaintiff

3  against the event which in fact did occur?" . . .) is answered in his favor.

4  **C.    PLAINTIFF'S SPECIAL RELATIONSHIP ARGUMENT RAISES NO ISSUE THAT PRECLUDES SUMMARY JUDGMENT.**

5

6          1.    <u>There Existed no Relationship Between Fossum and Brodhead, whereby Fossum was on Notice of Brodhead's Potential Criminally Reckless Conduct.</u>

7

8    Citing <u>Hartley, supra</u>, Waite blithely claims that any time a "special

9  relationship" exists, liability attaches.    He then argues that since there is

10 admittedly a special relationship between himself and the Church, liability must

   surely attach (or at least raise an issue to preclude summary judgment).

11

12    Plaintiff misunderstands the dynamic required to claim liability due to a

   special relationship.  As amply discussed in <u>Hartley</u>, for the special relationship

13 doctrine to apply in the case at bar, the special relationship had to exist between

14 the Church and/or Fossum and Brodhead, NOT the Church and Mr. Waite.

15    In the instant case, there is no evidence of any relationship between Fossum

16 and Brodhead or Brodhead and the Church, much less a special relationship,

17 which put defendants on notice of Brodhead's potentially criminal reckless

18 conduct.

19
   **D.    DEFENDANT BRODHEAD'S RESPONSE RAISES NO GENUINE ISSUE OF MATERIAL FACT THAT PRECLUDES SUMMARY JUDGMENT.**
20

21          1.    <u>Defendant Brodhead disputes no facts.</u>

22    Defendant Brodhead has filed a short response to the pending Summary

23 Judgment Motion.  In that response he takes no issue with any of the Church

24 defendants and Fossum's LR 56 Statement of Facts.  Accordingly, these are

25 deemed admitted as against Mr. Brodhead.  LR 56.1(d).

26

27 CHURCH DEFENDANTS AND FOSSUM'S
   REPLY BRIEF IN SUPPORT OF SUMMARY
28 JUDGMENT OF DISMISSAL - 9
   G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Reply Brief ISO SJ of Dismissal 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

2.    <u>Brodhead makes no argument regarding whether or not Mr. Fossum breached his duties</u>.

Obviously as a driver Mr. Fossum had an obligation to comply with the law and exercise ordinary care to avoid placing himself or others in danger and to exercise ordinary care to avoid a collision.  It is not Fossum's position that Brodhead's criminally reckless conduct absolves him of his duties.  It is Fossum's position that he undisputedly acted with ordinary care and, as demonstrated above, was not the cause in fact of the accident.  Accordingly, with Fossum not being a cause in fact of the accident, he is likewise not a legal cause of the accident because he could not foresee Brodhead's criminally reckless conduct.

## IV.  CONCLUSION

There is no genuine issue of material fact.  Mr. Waite has failed to meet his <u>Celotex</u> burden and defendants are entitled to dismissal.

DATED this 12th  day of June, 2007.

WITHERSPOON, KELLEY, DAVENPORT & TOOLE

By:    /s/ Brian T. Rekofke
Brian T. Rekofke, WSBA No. 13260
Ross P. White, WSBA No. 12136
Attorneys for Church Defendants and
Donald C. Fossum

CHURCH DEFENDANTS AND FOSSUM'S
REPLY BRIEF IN SUPPORT OF SUMMARY
JUDGMENT OF DISMISSAL - 10
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Reply Brief ISO SJ of Dismissal 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2007:

1. I electronically filed the foregoing **CHURCH DEFENDANTS AND FOSSUM'S REPLY BRIEF IN SUPPORT OF SUMMARY JUDGMENT OF DISMISSAL** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

   (for Waite) Richard C. Eymann and Stephen L. Nordstrom;
   (for Brodhead) Andrew C. Smythe

2. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants at the address listed below: **None.**

3. I hereby certify that I have hand delivered the document to the following participants at the addresses listed below: **None.**



Kimberley L. Hunter
Witherspoon, Kelley, Davenport & Toole, P.S.
422 W. Riverside Ave., #1100
Spokane, WA 99201-0300
Phone: 509-624-5265
Fax: 509-478-2728
kimh@wkdtlaw.com

CHURCH DEFENDANTS AND FOSSUM'S
REPLY BRIEF IN SUPPORT OF SUMMARY
JUDGMENT OF DISMISSAL - 11
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\Reply Brief ISO SJ of Dismissal 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265