1  Brian T. Rekofke
   Ross P. White
2  Witherspoon, Kelley, Davenport & Toole
   1100 US Bank Building
3  422 West Riverside
   Spokane, WA 99201
4  (509) 624-5265
5
   Attorneys for Church Defendants and Donald C. Fossum
6

7              UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF WASHINGTON
8

| 9  THOMAS A. WAITE, | |
|---|---|
| 10  Plaintiff, | Case No.: CV-05-399-EFS |
| 11  vs. | |
| 12  THE CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation; THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation; DONALD C. FOSSUM; and STEVEN D. BRODHEAD, | CHURCH DEFENDANTS AND FOSSUM'S LR 56.1 REPLY STATEMENT OF UNDISPUTED FACTS AND RESPONSE TO PLAINTIFF'S LR 56 STATEMENT OF FACTS |
| 17  Defendants. | |

### I. REPLY STATEMENT OF UNDISPUTED FACTS

Mr. Waite did not file a separate LR 56.1 Statement providing facts he claimed raised genuine issues of fact. His Memorandum in Response to Defendants' Motion, however, contains a section entitled "Counter Statement of Facts" in which he claims that Defendants' LR 56 Facts 1-7 are "incomplete, misleading or irrelevant." The Church Defendants and Fossum hereby file a Reply Statement of Undisputed Facts.

CHURCH DEFENDANTS AND FOSSUM'S
LR 56.1 REPLY STATEMENT OF UNDISPUTED
FACTS AND RESPONSE TO PLAINTIFF'S
LR 56 STATEMENT OF FACTS- 1
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\LR 56.1 Reply Stmt of Undispute Facts and Response to Plt LR 56 Stmt 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1.   **Defendants' LR 56 Statement No. 1:** "On August 21, 2003, Steven Brodhead drove his Honda through a 4-way stop sign intersection at 8th and Adams and collided with the side of an LDS Church-owned truck driven by Donald Fossum."

Admitted per LR 56.1(d).

2.   **Defendants' LR 56 Statement No. 2:** "Prior to the accident, Brodhead had been diagnosed with depression, and prescribed Zoloft."

> **Plaintiff's Response:** This statement of fact has not been related to the accident and is irrelevant.
>
> **Defendants' Reply:** This is an undisputed fact and is relevant under ER 401 to show, in conjunction with Statement No. 3, why Mr. Brodhead was upset and driving at excessive rates of speed.

3.   **Defendants' LR 56 Statement No. 3:** "On the day of the accident Brodhead had failed to take his prescription anti-depression medication."

> **Plaintiff's Response:** This statement of fact has not been related to the accident and is irrelevant.
>
> **Defendants' Reply:** This fact is undisputed and is relevant under ER 401 to help explain why Mr. Brodhead was upset and driving at excessive rates of speed.

4.   **Defendants' LR 56 Statement No. 4:** "At the time of the accident, Brodhead was angry and driving in an agitated manner."

> **Plaintiff's Response:** Brodhead's deposition and guilty plea statement, reveal that he was "upset" not angry, and that he was "aggrivated" [sic], which is more likely to be "aggravated" than "agitated."

CHURCH DEFENDANTS AND FOSSUM'S
LR 56.1 REPLY STATEMENT OF UNDISPUTED
FACTS AND RESPONSE TO PLAINTIFF'S
LR 56 STATEMENT OF FACTS- 2
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\LR 56.1 Reply Stmt of Undispute Facts and Response to Plt LR 56 Stmt 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

**Defendants' Reply:** Semantics aside, it is undisputed Mr. Brodhead was upset at his girlfriend. See attached Exhibit A.

5. **Defendants' LR 56 Statement No. 5:** "Just prior to the accident, Brodhead was involved in a verbal altercation with another driver."

**Plaintiff's Response:** Brodhead's deposition merely states that he "yelled" at another driver and defendants have escalated this statement into a "road rage" incident in their brief.

**Defendants' Reply:** As set forth in Exhibit B, Mr. Brodhead was almost T-boned by the other driver, was upset, yelled, got mad, honked his horn and "floored it."

6. **Defendants' LR 56 Statement No. 6:** "Following his verbal altercation with another driver, Brodhead accelerated his vehicle to speeds in excess of 70 miles per hour on a residential street."

**Plaintiff's Response:** The source of this fact, Brodhead's deposition, contains testimony that he saw the speedometer hit 70 miles per hour then let his foot off the accelerator and starting slowing down.

**Defendants' Reply:** Mr. Brodhead testified he was going at least 70 mph, took his foot off the accelerator, but did not apply the brakes at that time. See Exhibit C.

7. **Defendants' LR 56 Statement No. 7:** "While traveling at or near 70 mph, Brodhead saw a stop sign at the next intersecting arterial. He slammed on his brakes and slid into the side of the Church truck driven by Fossum."

**Plaintiff's Response:** There is no evidence that Brodhead was driving at or near "70 miles per hour" when he applied his brakes.

**Defendants' Reply:** As stated in Fact No. 6, Mr. Brodhead was going at least 70 mph prior to braking. The precise speed raises no material issue of fact. More significantly, it remains undisputed Mr. Brodhead saw

CHURCH DEFENDANTS AND FOSSUM'S
LR 56.1 REPLY STATEMENT OF UNDISPUTED
FACTS AND RESPONSE TO PLAINTIFF'S
LR 56 STATEMENT OF FACTS- 3
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\LR 56.1 Reply Stmt of Undispute Facts and Response to Plt LR 56 Stmt 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

a stop sign and that was the cue that made him slam on his brakes.

8. At the time of the accident, Brodhead's brakes were deficient. White Aff., Exh. I.

Admitted per LR 56.1(d).

9. Had Brodhead's brakes been in proper working order he could have avoided the accident because he would have stopped about 60 feet short of the collision.

Admitted per LR 56.1(d).

10. On March 15, 2004, Brodhead pled guilty to charges of 3rd degree attempted assault and reckless driving. He paid a $760 fine, had his license suspended for 30 days, spent three days in jail and spent two years on probation.

Admitted per LR 56.1(d).

11. Donald Fossum came to the four-way-stop intersection at Adams and Eighth and bought his truck to a complete stop.

Admitted per LR 56.1(d).

12. Mr. Fossum was the favored driver when he stopped at the 4-way stop intersection.

Admitted per LR 56.1(d).

13. After coming to a complete stop, there is no specific time that Fossum had to wait and/or look around before proceeding.

Admitted per LR 56.1(d).

14. As the favored driver, Fossum could expect Brodhead (or any driver) to reduce speed, yield and allow Fossum to cross the intersection.

Admitted per LR 56.1(d).

CHURCH DEFENDANTS AND FOSSUM'S
LR 56.1 REPLY STATEMENT OF UNDISPUTED
FACTS AND RESPONSE TO PLAINTIFF'S
LR 56 STATEMENT OF FACTS- 4
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\LR 56.1 Reply Stmt of Undisupte Facts and Response to Plt LR 56 Stmt 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

15. Fossum did not have to assume Brodhead was going twice the speed limit and had bad brakes.

Admitted per LR 56.1(d).

16. If Fossum did not see Brodhead he would have no notice that Brodhead was violating the law, and if Fossum had no opportunity to detect or identify the potential hazard, he could not react to it.

Admitted per LR 56.1(d).

17. Either by stipulation or motion Brodhead will be amending his Answer to admit negligence and that his negligence caused injuries.

Admitted per LR 56.1(d).

## II. CHURCH DEFENDANTS AND FOSSUM'S RESPONSE TO PLAINTIFF'S LR 56 STATEMENT OF FACTS

18. **Plaintiff's LR 56 Statement No. 1:** The collision occurred at the intersection of 8th Avenue and Adams Road which is a four-way stop intersection marked with four stop signs.

**Objection:** ER 801. The source of this is an unauthenticated hearsay police report. Orr v. Bank of America, 285 Fed.3d 764 (9th Cir. 2002).

19. **Plaintiff's LR 56 Statement No. 2:** The posted speed limited on 8th Avenue was 35 miles per hour. The posted speed limit on Adams Road was 25 miles per hour.

**Objection:** ER 801. The source of this statement is an unauthenticated hearsay police report. Orr, supra.

CHURCH DEFENDANTS AND FOSSUM'S
LR 56.1 REPLY STATEMENT OF UNDISPUTED
FACTS AND RESPONSE TO PLAINTIFF'S
LR 56 STATEMENT OF FACTS- 5
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\LR 56.1 Reply Stmt of Undispute Facts and Response to Plt LR 56 Stmt 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

20. **Plaintiff's LR 56 Statement No. 3:** On August 21, 2003, defendant Donald C. Fossum was driving a Church-owned pick north on Adams Road when he brought the pickup to a complete stop at the 8th Avenue and Adams Road intersection.

**Admit**

21. **Plaintiff's LR 56 Statement No. 4:** Mr. Fossum was acting within the scope and duty as a missionary at the time of the collision.

**Objection:** The deposition testimony actually states that Mr. Fossum was trained as a missionary; that he was a District Leader and Senior Companion while on his mission and that in August of 2003 he was a Senior Companion. Without waiving objection, defendants **admit** this fact.

22. **Plaintiff's LR 56 Statement No. 5:** On the southwest corner of 8th Avenue and Adams Road is a large evergreen tree which makes it difficult to see eastbound traffic on 8th Avenue.

**Objection:** ER 801. The source of this statement is an unauthenticated hearsay police report. Orr, supra.

23. **Plaintiff's LR 56 Statement No. 6:** Mr. Fossum was aware that the pine tree partially blocked his view of 8th Avenue.

**Defendants' Response:** Defendants **admit** there was a large tree that potentially blocked Fossum's view. Contrary to plaintiff's assertion, however, this does not raise a material issue. Plaintiff has not provided any evidence as to where the tree is actually located, where Brodhead was when Fossum was at the stop sign and whether Brodhead could have been seen by Fossum without the tree. As set forth in attached Exhibit D, plaintiff's expert concedes that depending on where Fossum stopped, it could be calculated as to how far down the road he

CHURCH DEFENDANTS AND FOSSUM'S
LR 56.1 REPLY STATEMENT OF UNDISPUTED
FACTS AND RESPONSE TO PLAINTIFF'S
LR 56 STATEMENT OF FACTS- 6
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\LR 56.1 Reply Stmt of Undispute Facts and Response to Plt LR 56 Stmt 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1  could see, but the expert does not know where Fossum stopped and has proffered
2  no calculation concerning how far down the road Fossum could see at any given
3  time.

4  24.  **Plaintiff's LR 56 Statement No. 7:** Mr. Fossum looked to his left
5  and then to his right.

6  **Admit**

7  25.  **Plaintiff's LR 56 Statement No. 8:** It is undisputed that while Mr.
8  Fossum was stopped at the stop sign, Mr. Brodhead was traveling east on 8th
9  Avenue.

10  **Objection:** The deposition excerpt does not say this. Without waiving
11  objection, defendants **admit** this fact.

12  26.  **Plaintiff's LR 56 Statement No. 9:** After accelerating to
13  approximately 70 miles per hour, Mr. Brodhead took his foot off the accelerator
14  and started slowing down about halfway down the road.

15  **Admit**

16  27.  **Plaintiff's LR 56 Statement No. 10:** Rochelle Hamilton was a
17  passenger in the middle of the rear seat of Mr. Brodhead's vehicle, while Rebecca
18  Hamilton was a passenger in the right side of the rear seat of the vehicle.

19  **Objection:** ER 801. The source of this statement is an unauthenticated
20  hearsay police report. Orr, supra.

21  28.  **Plaintiff's LR 56 Statement No. 11:** Rochelle Hamilton saw the
22  intersection stop sign and yelled "stop sign." Mr. Brodhead responded by
23  slamming on his brakes.

24  **Objection:** ER 801. The source of this statement is an unauthenticated
25  hearsay police report. Orr, supra.

CHURCH DEFENDANTS AND FOSSUM'S
LR 56.1 REPLY STATEMENT OF UNDISPUTED
FACTS AND RESPONSE TO PLAINTIFF'S
LR 56 STATEMENT OF FACTS- 7
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\LR 56.1 Reply Stmt of Undispute Facts and Response to Plt LR 56 Stmt 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1  29. **Plaintiff's LR 56 Statement No. 12:** While Mr. Brodhead was
2  braking, Rebecca Hamilton saw the Church pickup completely stopped at the stop
3  sign and then start to cross the intersection.

4  **Objection:** ER 801. The source of this statement is an unauthenticated
5  hearsay police report. Orr, supra.

6  30. **Plaintiff's LR 56 Statement No. 13:** Mr. Brodhead also saw the
7  pickup at a full stop at the stop sign at 8th Avenue and Adams Road and then
8  watched it pull forward.

9  **Objection:** ER 801. The source of this statement is an unauthenticated
10 hearsay police report. Orr, supra.

11 31. **Plaintiff's LR 56 Statement No. 14:** Mr. Fossum did not see any
12 vehicles approach an intersection from any direction so he proceeded.

13 **Objection:** ER 801. The source of this statement is an unauthenticated
14 hearsay police report. Orr, supra.

15 32. **Plaintiff's LR 56 Statement No. 15:** Because the "big pine tree"
16 blocked his view to the west, the front seat passenger, James T. Ross, did not see
17 the Brodhead vehicle until Mr. Fossum began moving forward past the stop sign.

18 **Admit**

19 33. **Plaintiff's LR 56 Statement No. 16:** Mr. Ross heard the screeching
20 of tires and saw smoke coming from the Brodhead vehicle.

21 **Objection:** One of the two sources of this statement is an unauthenticated
22 hearsay police report. ER 801, Orr, supra. Defendants **admit** this, however, based
23 on the Ross Declaration.

CHURCH DEFENDANTS AND FOSSUM'S
LR 56.1 REPLY STATEMENT OF UNDISPUTED
FACTS AND RESPONSE TO PLAINTIFF'S
LR 56 STATEMENT OF FACTS- 8
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\LR 56.1 Reply Stmt of Undispute Facts and Response to Plt LR 56 Stmt 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1  34. **Plaintiff's LR 56 Statement No. 17:** Mr. Fossum also heard a high pitched squeal and asked the question "What is that?"

**Admit**

35. **Plaintiff's LR 56 Statement No. 18:** Mr. Ross pointed his finger toward the Brodhead vehicle to get Mr. Fossum's attention and yelled, "Oh crap."

**Admit**

36. **Plaintiff's LR 56 Statement No. 19:** Mr. Fossum heard Mr. Ross yell, "Oh crap."

**Admit**

37. **Plaintiff's LR 56 Statement No. 20:** Mr. Fossum looked to his right and saw Mr. Ross pressed up against the passenger door looking west out the driver's side window.

**Admit**

38. **Plaintiff's LR 56 Statement No. 21:** For the first time since leaving the stop sign, Mr. Fossum looked to his left and saw smoke and Mr. Brodhead's vehicle.

**Objection:** The deposition excerpt is misquoted. Mr. Fossum did not testify "for the first time since leaving the stop sign. . ." Without waiving objection, defendants **admit** Fossum looked right when Ross exclaimed "Oh crap," then looked left.

39. **Plaintiff's LR 56 Statement No. 22:** Mr. Fossum pushed the accelerator to the floor.

**Admit**

CHURCH DEFENDANTS AND FOSSUM'S
LR 56.1 REPLY STATEMENT OF UNDISPUTED
FACTS AND RESPONSE TO PLAINTIFF'S
LR 56 STATEMENT OF FACTS- 9
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\LR 56.1 Reply Stmt of Undispute Facts and Response to Plt LR 56 Stmt 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

40.     **Plaintiff's LR 56 Statement No. 23:** At the time of the collision, Mr. Brodhead was traveling below the 35 mile an hour speed limit.

**Objection:** ER 801. The source of this statement is an unauthenticated hearsay police report. Orr, supra.

41.     **Plaintiff's LR 56 Statement No. 24:** Mr. Brodhead's vehicle left two distinct skid marks which were straight and dark, the longest (driver's side) skid mark was 260 feet long, and the shorter (passenger side) skid mark was 207 feet.

**Objection:** ER 801. The source of this statement is an unauthenticated hearsay police report. Orr, supra.

42.     **Plaintiff's LR 56 Statmnt No. 25:** Mr. Fossum was aware there was a site obstruction and had he pulled forward and looked left, he could have cleared the obstruction before entering the intersection.

**Objection:** The cited deposition testimony is not accurately quoted, is without proper foundation and is excluded by ER 702. Specifically, the witness does not know where Fossum stopped yet claims that Mr. Fossum, "should have stopped in a position where he could have checked traffic in both directions." The expert does not state where the "position" would be and has done no calculation establishing what Fossum could see at any given time. See Exhibit D and objection to No. 6, supra.

43.     **Plaintiff's LR 56 Statement No. 26:** If Mr. Fossum had looked left when he cleared the site obstruction, he would have seen the Brodhead in braking mode with skidding tires, smoke coming from the tires, and the front end down, depicting the speed of the vehicle.

**Objection:** This is an opinion without proper foundation and excluded by ER 702. The expert does not know where Fossum stopped, has no opinion where

CHURCH DEFENDANTS AND FOSSUM'S
LR 56.1 REPLY STATEMENT OF UNDISPUTED
FACTS AND RESPONSE TO PLAINTIFF'S
LR 56 STATEMENT OF FACTS- 10
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\LR 56.1 Reply Stmt of Undispute Facts and Response to Plt LR 56 Stmt 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1 he should have stopped, admits that a calculation could be done as to how far down the road Fossum could see from any given point, but offers no such calculation. This is therefore an opinion without foundation; is speculative, inadmissible and raises no genuine issue of fact.

    44. **Plaintiff's LR 56 Statement No. 27:** The LDS Church produced a video titled "Safe Intersection Driving."

    **Objection:** ER 801. The video is neither attached nor in the record on summary judgment. Counsel's Declaration concerning the video is hearsay.

    45. **Plaintiff's LR 56 Statement No. 28:** Defendants produced the video in response to plaintiff's Requests for Production.

    **Objection:** ER 801. The video is neither attached nor in the record on summary judgment. Counsel's Declaration concerning the video is hearsay.

    46. **Plaintiff's LR 56 Statement No. 29:** It was intended by the LDS Church that the video, "Safe Intersection Driving" be shown to its missionaries.

    **Objection:** ER 801. The video is neither attached nor in the record on summary judgment. Counsel's Declaration concerning the video is hearsay.

    47. **Plaintiff's LR 56 Statement No. 30:** Mr. Fossum does not recall whether he was shown the video.

    **Objection:** The cited deposition testimony says nothing of a video and refers instead to an unnamed document called "Exhibit 3." .

    48. **Plaintiff's LR 56 Statement No. 31:** Mr. Fossum does not recall taking a written test that was associated with the video.

    **Objection:** The cited deposition testimony states that Mr. Fossum did not recall seeing "Exhibit 3" and that he did not recall if he had "received a test like this following a video at a zone conference"

CHURCH DEFENDANTS AND FOSSUM'S
LR 56.1 REPLY STATEMENT OF UNDISPUTED
FACTS AND RESPONSE TO PLAINTIFF'S
LR 56 STATEMENT OF FACTS- 11
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\LR 56.1 Reply Stmt of Undispute Facts and Response to Plt LR 56 Stmt 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

49. **Plaintiff's LR 56 Statement No. 32:** The video provided instruction to its missionaries which included the following:

    A. Accidents at intersections claim a significant number of missionary lives each year, as well as cause an injury;

    B. Two major factors that contribute to missionary accidents are inattention and speed;

    C. Common choices that lead to trouble at intersections include failing to check traffic in all directions and failing to see approaching vehicles;

    D. Missionaries are to scan the intersection ahead for potential hazards, including hazards that are in or near the roadway;

    E. Missionaries are to anticipate that other drivers may not stop at a stop sign.

**Objection:** ER 801. The video is neither attached nor part of the summary judgment record. Counsel's Declaration describing its contents is hearsay.

50. **Plaintiff's LR 56 Statement No. 33**: The LDS Church owned the vehicle Mr. Fossum was driving.

**Admit**

51. **Plaintiff's LR 56 Statement No. 34:** A personal relationship existed between Mr. Waite and the LDS Church.

**Objection:** This misstates defendants' answers and is probably a typographical error. Defendants **admit** that a special relationship existed between Mr. Waite and the LDS Church.

///
///
///

CHURCH DEFENDANTS AND FOSSUM'S
LR 56.1 REPLY STATEMENT OF UNDISPUTED
FACTS AND RESPONSE TO PLAINTIFF'S
LR 56 STATEMENT OF FACTS- 12
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\LR 56.1 Reply Stmt of Undispute Facts and Response to Plt LR 56 Stmt 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

DATED this 12th day of June, 2007.

WITHERSPOON, KELLEY, DAVENPORT & TOOLE

By: _____
Brian T. Rekofke, WSBA No. 13260
Ross P. White, WSBA No. 12136
Attorneys for Church Defendants and
Donald C. Fossum

CHURCH DEFENDANTS AND FOSSUM'S
LR 56.1 REPLY STATEMENT OF UNDISPUTED
FACTS AND RESPONSE TO PLAINTIFF'S
LR 56 STATEMENT OF FACTS- 13
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\LR 56.1 Reply Stmt of Undispute Facts and Response to Plt LR 56 Stmt 061107.wpd

WITHERSPOON. KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2007:

1. I electronically filed the foregoing **CHURCH DEFENDANTS AND FOSSUM'S LR 56.1 REPLY STATEMENT OF UNDISPUTED FACTS AND RESPONSE TO PLAINTIFF'S LR 56 STATEMENT OF FACTS** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

   (for Waite) Richard C. Eymann and Stephen L. Nordstrom;
   (for Brodhead) Andrew C. Smythe

2. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants at the address listed below: **None.**

3. I hereby certify that I have hand delivered the document to the following participants at the addresses listed below: **None.**

Kimberley L. Hunter
Witherspoon, Kelley, Davenport & Toole, P.S.
422 W. Riverside Ave., #1100
Spokane, WA 99201-0300
Phone: 509-624-5265
Fax: 509-478-2728
kimh@wkdtlaw.com

CHURCH DEFENDANTS AND FOSSUM'S
LR 56.1 REPLY STATEMENT OF UNDISPUTED
FACTS AND RESPONSE TO PLAINTIFF'S
LR 56 STATEMENT OF FACTS- 14
G:\C\Church of Jesus Christ 14061\Waite 3\Pleadings\MSJ re Causation\LR 56.1 Reply Stmt of Undispute Facts and Response to Plt LR 56 Stmt 061107.wpd

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265