UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THOMAS A. WAITE,

                    Plaintiff,                    NO. CV-05-0399-EFS

          v.
                                                  **ORDER DENYING CHURCH**
CORPORATION OF THE PRESIDING                       **DEFENDANTS' MOTION TO COMPEL**
BISHOP OF THE CHURCH OF JESUS
CHRIST OF LATTER DAY SAINTS,
a Utah corporation;
CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST
OF LATTER DAY SAINTS, a Utah
Corporation; DONALD C.
FOSSUM, and STEVEN D.
BRODHEAD,

                    Defendants.

     Before the Court, without oral argument, is the Church of Jesus
Christ of Latter-Day Saints and Donald Fossum's (hereinafter "Church
Defendants") Motion to Compel (Ct.  Rec. 83), based upon a discovery
dispute that arose when it became clear to defense counsel that
Plaintiff's counsel had *ex parte* contact with several witnesses who were
former missionaries allegedly after an agreement prohibiting such
contact.   In order to obtain details of the *ex parte* contacts, Church
Defendants ask the Court to compel Plaintiff to fully answer

1

1  Interrogatories 2-5 and Request for Production No. 8, arguing any work
2  product privilege has been waived and Plaintiff's counsel breached an
3  agreement between counsel prohibiting *ex parte* contact with missionaries.
4  Plaintiff opposes the motion, arguing that counsel did not reach an
5  agreement and the work product privilege has not been waived for all
6  information and materials.  After reviewing the submitted material and
7  relevant authority, the Court is fully informed.  As explained below, the
8  Court denies the Church Defendants' motion.

9      First, the Court finds the requested information and material is
10  work product.  In addition, under *Wright v. Group Health Hospital*, 103
11  Wash. 2d 192 (1984), it was not inappropriate for Mr. Nordstrom to
12  contact James Ross, or other non-speaking agents, *ex parte*.  Therefore,
13  Plaintiff has no obligation to produce additional information or material
14  than was previously provided as the disclosure of some work product does
15  not waive the privilege as to other materials.  *See* 8 ALAN WRIGHT, ARTHUR
16  MILLER & RICHARD MARCUS, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2024 (2d ed. 2007
17  update).  In addition, the Court finds Plaintiff's response to the
18  discovery request sufficient under Federal Rule of Civil Procedure
19  26(b)(5)(A).  Plaintiff's answer to Interrogatory No. 1 is self evident
20  and the following detailed Interrogatories do not have to be answered to
21  comply with the subsection.   The Court also notes that information of
22  mode of contact as requested in Church Defendants' interrogatories was
23  already provided by Mr. Ross' declaration (telephone) and Mr. Eyman's
24  preliminary recitation to Mr. Ryan during his deposition (telephone call
25  in 2005).

26

1    Counsel disagree on the existence of an agreement prohibiting

2    Plaintiff's counsel from *ex parte* contact with former missionaries of the

3    Church Defendants.  Regrettably, even counsel who enjoy an affable and

4    mutually respectful professional relationship occasionally disagree on

5    the existence and nature of oral agreements.  Such is the present

6    situation. Counsels' respective declarations on this issue generate heat

7    but not light.  On this record, the Court declines to find the existence

8    of an oral agreement prohibiting Plaintiff's counsel from having *ex parte*

9    contact with former missionaries, contact otherwise permitted by *Wright*

10   *v. Group Health Hospital,* 103 Wash. 2d 192 (1984).

11       Accordingly, **IT IS HEREBY ORDERED:** Church Defendants' Motion to

12   Compel **(Ct.  Rec. 83)** is **DENIED.**

13       **IT IS SO ORDERED.**  The District Court Executive is directed to enter

14   this Order and provide copies to counsel.

15       **DATED** this ___14^{th}___ day of June 2007.

16

17       _____S/ Edward F. Shea_____

                           EDWARD F. SHEA
18                   United States District Judge

19

20

Q:\Civil\2005\0399.compel.wpd
21

22

23

24

25

26

3